E-FILED
Wednesday, 31 March, 2021  09:18:41 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

|  |  |  |
|---|---|---|
| **JANE DOE**, individually and on behalf of all others similarly situated, | ) ) ) | |
| **Plaintiff,** | ) ) | Case No. 1:20-cv-01264-MMM-JEH |
| v. | ) ) ) | |
| **BRADLEY UNIVERSITY**, an Illinois not-for-profit corporation, | ) ) ) | |
| **Defendant.** | ) ) | |

### STIPULATED PROTECTIVE ORDER

The parties to this Agreed Protective Order having agreed that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and having agreed to the terms of this Order, it is ORDERED as follows:

1. **Designation of Confidential Matter**.        Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential materials, including the sensitive information of third parties, such as personal health information, personal identity information, or other information prohibited or protected from disclosure by federal or state law or regulation, may be designated as "Confidential Matter" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the

legitimate interest in confidentiality of his or her client. Discovery responses that contain "Confidential Matter" can be so designated by either Party.

2.  **Designation of Attorneys' Eyes Only.**   Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce that contains highly sensitive business or personal information, personal identity information, or other information prohibited or protected from disclosure by federal or state law or regulation, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, may be designated as "Attorneys' Eyes Only" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain "Attorneys' Eyes Only" can be so designated by either Party.

3.  **Manner of Designation.**   Designation of "Confidential Matter" or "Attorneys' Eyes Only" shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Designation of "Confidential Matter" or "Attorneys' Eyes Only" as to deposition testimony shall be effective by making such designation on the record during the deposition or providing written notice to all other parties of the designation following review of the deposition transcript using the post-deposition designation process set forth in paragraph 12 of this Order. Any "Confidential Matter" or "Attorneys' Eyes Only" designation that is

inadvertently omitted, or that was not placed on documents or testimony prior to this Order, may

be corrected by written notice to opposing counsel within sixty (60) days of the Party

discovering the inadvertent omission, whereupon such documents or testimony shall become

"Confidential Matter" or "Attorneys' Eyes Only" and the applicable designation shall be placed

on such documents or testimony to the extent practicable, provided, however, that no party shall

be deemed to have violated this Order by failing to treat documents or testimony as

"Confidential Matter" or "Attorneys' Eyes Only" prior to their designation as such by the

designating party. The designation of a document or testimony as "Confidential Matter" or

"Attorneys' Eyes Only" is a certification by the designating attorney that the document or

testimony satisfies the requirements of "Confidential Matter" or "Attorneys' Eyes Only" as

defined in this Order.

    4.    **Scope.**       This Order shall apply to:

      (A)    all information designated as Confidential or Attorneys' Eyes Only

            pursuant to this Order;

      (B)    portions of transcripts or videotapes of depositions or other testimony that

            refer or relate to information designated as Confidential or Attorneys'

            Eyes Only where so requested by the party seeking to maintain

            Confidential or Attorneys' Eyes Only designation; and

      (C)    portions of briefs, memoranda, or other writings filed with the Court (and

            exhibits to such writings) that refer to or relate to information designated

            as Confidential or Attorneys' Eyes Only.

    5.    **Disagreement Between the Parties about Designation.**    If, at any time, a Party

disagrees with or challenges the grounds or basis for the designation of any document or

information as Confidential Matter or Attorneys' Eyes Only in accordance with this Order, then

the Party may challenge the designation, but the Party will continue to treat the document or

information as Confidential or Attorneys' Eyes Only unless and until either (a) an order of the

Court has been entered providing that such challenged Confidential Matter or Attorneys' Eyes

Only may be used or disclosed in a manner different from that specified in this Order and such

order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential

Matter or Attorneys Eyes Only in a manner different from that specified in this Order. Should a

Party challenge the propriety of designating particular information as Confidential or Attorneys

Eyes Only, the burden shall be on the Party that designated the material as Confidential or

Attorneys' Eyes Only to establish the grounds for confidential treatment of the particular

information. Objecting counsel may, after an attempt to resolve the dispute by conferring with

counsel attempting to preserve the designation, make an application to the Court with a motion

that the application be kept under seal filed in accordance with Local Rule 5.10 and the

Honorable Jonathan E. Hawley's Standing Order (Version 3.0 Effective January 1, 2021), for an

Order that specifically identifies material be undesignated, re-designated, or excluded from the

provisions of this Order. All affected Parties and non-parties shall have a right to participate in

any hearing or proceeding concerning the challenged material.

   6. **Restriction on Use of Confidential Matter.**No "Confidential Matter" or material

marked as "Attorney's Eyes Only" produced in response to any Party's discovery requests shall

be used, communicated, or shared by any Party, or any other person receiving or viewing them,

for business or competitive purposes, or for any purpose whatsoever other than in preparing for

the case pre-trial, in the trial of this matter or any appeals therefrom.

7.     **<u>Authorized Persons - Confidential Matter.</u>**     Except as agreed to by the designating Party, access to materials designated as Confidential Matter shall be restricted to the following (collectively "Authorized Persons"):

(A) Counsel (including in-house counsel) for the Parties to whom it is necessary that Confidential Matter be shown for purposes of this action;

(B) Parties and employees of each Party to whom it is necessary that Confidential Matter be shown for purposes of this action;

(C) Persons employed by any Party or its attorneys solely for the purpose of assisting in the litigation of this action or in preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Matter be shown for purposes of assisting in such preparation;

(D) The Court or persons employed by the Court and jury;

(E) Duly qualified court reporters and videographers participating in this action;

(F) Person who were the authors or recipients of the documents in the ordinary course of business;

(G) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(H) Any other person who is later designated as an Authorized Person either by (i) agreement of all the Parties or (ii) order of the Court.

8.     **<u>Restriction on Use of Attorneys' Eyes Only.</u>**     Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel and in-house counsel for the receiving party, to Authorized Persons identified in paragraph 7(A)-(H) above, and to

such other persons as counsel for the producing party agrees in advance, which consent cannot be unreasonably withheld, or as ordered by the Court.

9.      **Signed Acknowledgment.**    Prior to disclosing materials designated as Confidential Matter or Attorneys Eyes Only to Authorized Persons listed in Paragraph 7(A)-(H), as permitted in this Order, the receiving Party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgement attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter or Attorneys' Eyes Only material to an individual not specifically enumerated as an Authorized Person in Paragraph 7(A)-(H), that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the confidential matter must first obtain Court approval.

10.      **Restrictions on Reproduction of Confidential Matter or Attorneys' Eyes Only.** There shall be no reproduction of Confidential Matter or Attorneys' Eyes Only material, except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, and except that copies, excerpts or summaries may be shown or given to Authorized Persons. However, documents designated as Confidential or Attorneys' Eyes Only may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

11.      **Restrictions on Dissemination.**      No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential

Matter or Attorneys' Eyes Only material to any person not also authorized to examine Confidential Matter or Attorneys' Eyes Only material under the terms of this Order.

12. **Use in Depositions.** During a deposition, a deponent may be shown, and examined about Confidential Matter and Attorneys Eyes Only material. Prior to such examination, if the deponent is not already an Authorized Person, the deponent shall be given a copy of this Order and shall be bound by it.

At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as Confidential Matter or Attorneys' Eyes Only material. Until the expiration of the 15-day period, the transcript and exhibits shall be treated as Attorneys' Eyes Only, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be Confidential Matter or Attorneys' Eyes Only. Thereafter, the original and all copies of such pages and exhibits shall be stamped as Confidential Matter or Attorneys' Eyes Only as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information," "Contains Confidential and Attorneys' Eyes Only Information," or "Contains Attorneys' Eyes Only Information."

13. **Filing with the Court.** Confidential Matter or Attorneys' Eyes Only material may be filed with the Court, but shall not be used for any other purpose whatsoever other than filing motions or other papers with the Court, in preparation for trial of this matter, or any appeals therefrom.

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Matter or Attorneys' Eyes Only material in connection with a motion, brief or other submission to the Court under seal must comply with

Local Rule 5.10 and the Honorable Jonathan E. Hawley's Standing Order (Version 3.0 Effective January 1, 2021).

A Party intending to file any Confidential Matter or Attorneys' Eyes Only material must either obtain the designating Party's agreement to file the material in the public court file or seek leave of the Court to file such material under seal. If a Party desires to file any Confidential Matter or Attorneys' Eyes Only material with the Court that the filing Party believes in good faith does not fall under Fed. R. Civ. P. 26(c), the filing Party shall meet and confer with the opposing Party regarding filing the material in the public court file. If the Parties cannot reach agreement, the filing Party may seek the Court's determination as to whether the Confidential Matter or Attorneys' Eyes Only material shall be filed under seal or in the public court file.

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     **<u>No Waiver</u>**. The production of Confidential Matter or Attorneys Eyes Only material for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein are privileged, work product, or otherwise non-discoverable,  or any Party's right to object to the relevancy or admissibility of documents or information sought or produced or to assert objections to requested discovery on grounds other than confidentiality. This Order also shall not affect or create any presumption with respect to the right of any Party to seek additional protection with respect to any documents, materials, or information where allowed by law.

15.     **<u>Return of Confidential Matter or Attorneys' Eyes Only Material.</u>**      Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall

within sixty (60) days of a request by the producing party either destroy or assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Matter or Attorneys' Eyes Only material; provided, however, that counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Matter or Attorneys' Eyes Only material so long as that work product does not duplicate verbatim substantial portions of Confidential Matter or Attorneys' Eyes Only material, (2) one complete set of all discovery materials, and (3) one complete set of all transcripts and filed documents, including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party requests the return of Confidential Matter or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

16.     **Non-Application of Order to Trial.** This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Nothing in this Order shall be construed to affect the use of any Confidential Matter or Attorneys' Eyes Only material at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Matter or Attorneys' Eyes Only material at a hearing or trial shall bring that issue to the Court's and parties' attention by stipulation or motion or in a pretrial memorandum without disclosing the Confidential Matter or Attorneys' Eyes Only material. The Court may thereafter make such orders as are necessary to to govern the use of such documents or information at trial.

17.     **No Admissions.**        Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before

the Court at any time, the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Matter or Attorneys' Eyes Only material by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Settlement, Judgement, or Other Disposition.** This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal.

19. **Party's Own Use.** This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter or Attorneys' Eyes Only material.

20. **Federal Rule of Evidence 502(d) Order.**

(A) The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d).

(B) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for

relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. **Sealed Documents.**   Nothing in this Order is to be construed as to supercede the requirements and procedures in the Central District of Illinois Local Rule 5.10 or the Honorable Jonathan E. Hawley's Standing Order (Version 3.0 Effective January 1, 2021). Submissions filed with the Clerk's office are presumptively open and accessible to the public. A Party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary—especially if the material is filed in connection with a request for a substantive ruling, like a summary judgement motion.

22. **Confidential Matter or Attorneys' Eyes Only Material Subpoenaed or Ordered Produced in Other Litigation**. If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Matter or Attorneys' Eyes Only material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Matter or Attorneys' Eyes Only material in the court from which the subpoena or order issued.  The designating Party shall bear the burden and the expense of

seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Matter or Attorneys' Eyes Only material by the other Party to this case.

DONE AND ORDERED in Chambers, in Peoria, Illinois on March, __31__, 2021.


s/ Jonathan E. Hawley

_____
The Honorable Jonathan E. Hawley
United States Magistrate Judge

**PREPARED AND STIPULATED TO BY:**

**JANE DOE**

By: Matthew T. Peterson
Matthew T. Peterson, ARDC No. 6321290
Janet R. Varnell, admitted *pro hac vice*
VARNELL & WARWICK, P.A.
1101 E. Cumberland Ave., Ste. 201H, #105
Tampa, Florida 33602
T: (352) 753-8600
F: (352) 504-3301
mpeterson@varnellandwarwick.com
jvarnell@varnellandwarwick.com
kstroly@varnellandwarwick.com

*Attorneys for Plaintiff*

**BRADLEY UNIVERSITY**

By: Gregory E. Ostfeld
Gregory E. Ostfeld, ARDC No. 6257163
Tiffany S. Fordyce, ARDC No. 235063
Kara E. Angeletti, ARDC No. 6329388
GREENBERG TRAURIG, LLP
77 W. Wacker Dr., Ste. 3100
Chicago, Illinois 60601
T: (312) 456-8400
ostfeldg@gtlaw.com
fordycet@gtlaw.com
angelettik@gtlaw.com

*Attorneys for Defendant*

**EXHIBIT A**

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

THE UNDERSIGNED has read and understands the terms of the Stipulated Confidentiality

Agreement and Protective Order, and has been designated by _____

_____ [INSERT NAME OF PARTY] as an Authorized Person under

the terms of the Order. I agree to be bound by the terms of the Stipulated Protective Order.

Signature: _____

Print Name: _____

**DATE SIGNED: _____**