E-FILED
Friday, 04 February, 2022  05:51:23 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT D

James E. Cecchi (Bar No. 030861989)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700
JCecchi@carellabyrne.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
(708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

**FILED**
OCTOBER 27, 2021
HON. ALBERTO RIVAS, J.S.C.

| | |
|---|---|
| KARI ROCCHIO and SANA MAHMOOD, individually and on behalf of all others similarly situated,<br><br>                                              Plaintiffs,<br><br>         v.<br><br>RUTGERS, The State University of New Jersey,<br><br>                                              Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>Docket No. MID-L-003039-20<br><br>Civil Action<br><br>**ORDER** |

WHEREAS, a class action is pending before the Court entitled *Rocchio et al. v. Rutgers University*, Docket No. MID-L-003039-20; and

WHEREAS, Plaintiffs Kari Rocchio and Sana Mahmood and Defendant Rutgers University (together, the "Parties") have entered into a Class Action Settlement Agreement,

which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.  Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.  The Plaintiffs have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.  This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.  The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated

with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including New Jersey Court Rule 4:32-1; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5.      The Final Approval Hearing shall be held before this Court on ____**January 28, 2022**_____, at ____**9:00 AM**____, at the Superior Court of New Jersey, Middlesex County, 56 Paterson Street, New Brunswick, NJ 08903, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.      Class Counsel shall file papers in support of their Fee Award and Class Representatives' Incentive Award (collectively, the "Fee Petition") with the Court on or before ____**December 20, 2021**_____ . Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before ____**January 7, 2022**_____ .Class Counsel may file a reply in support of their Fee Petition with the Court on or before ____**January 14, 2022**_____ .

7. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before ___**January 14, 2022**_____.

**Certification of the Settlement Class**

8. For purposes of settlement only: (a) Bursor & Fisher, P.A., Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., and Hagens Berman Sobol Shapiro LLP are appointed Class Counsel for the Settlement Class; and (b) Kari Rocchio and Sana Mahmood are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Rocchio and Mahmood will adequately protect the interests of the Settlement Class defined below.

9. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> [A]ll people who paid Defendant Spring 2020 Semester fees of any type or amount, but excludes anyone who received refunds for their Spring 2020 fees and anyone who exercises his or her right to opt out of the Settlement Class.

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of New Jersey Court Rule 4:32-1, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class ; the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class

action is a superior method for fairly and efficiently adjudicating the Action.

11. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

12. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A and B thereto (the "Notice Forms"). The Notice Plan shall be commenced by ___**November 8, 2021**_____ as outlined in Section 6 of the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of New Jersey Court Rule 4:32-2. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for

5

purposes of accuracy or formatting.

13. The Court approves the request for the appointment of JND Legal Administration as Settlement Administrator of the Settlement Agreement.

14. Pursuant to Sections 6 and 9 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail and email, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

15. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Rutgers University to provide the "Class List" regarding Settlement Class Members (i.e., directory information, as FERPA defines that term) to the Settlement Administrator, with a copy to Class Counsel, in accordance with Section 6.1 of the Settlement Agreement. The Court further rules that the Notice Plan outlined in Section 6 of the Settlement Agreement and the Notice Forms constitute a reasonable effort, per New Jersey Court Rule 4-32(e), to notify eligible students (or their parents) of this order sufficiently in advance of disclosure to allow the student (or parent) an opportunity to seek protective action, including filing a motion to quash with this Court.

**Requests for Exclusion from Class**

16. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class. Any such person may do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days

after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

17. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

18. Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

19. At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

20. Any members of the Settlement Class who have not timely filed a request for

exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement.  At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website.  Members of the Class may object on their own, or may do so through separate counsel at their own expense.

21. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date.  To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice.  Specifically, the objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Rocchio v. Rutgers University*," contact and address information for the objecting Settlement Class Member, documents sufficient to establish the person's standing as a Settlement Class Member (such as, for example, the person's Rutgers University Spring 2020 fee invoice), the facts supporting the objection, and the legal grounds on which the objection is based, the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"), and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with New Jersey Superior Court Local Rules).  If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the

8

objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and Defendant's Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

22.     Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

23.     To be valid, objections by persons represented by counsel must be filed electronically on the docket.  Pro se objectors may mail their objections to the Court, Honorable Alberto Rivas, 56 Paterson Street, PO Box 964, 2nd Floor, New Brunswick, NJ 08903, with a copy also sent to Class Counsel (Philip L. Fraietta of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, New York, 10019, James E. Cecchi, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., 5 Becker Farm Road, Roseland, New Jersey, 07068, and Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Second Avenue, Suite 2000, Seattle, Washington, 98101; and Defendant's Counsel Jeffrey S. Jacobson, Faegre Drinker Biddle & Reath LLP, 600

9

Campus Drive, Florham Park, New Jersey, 07932.

**Further Matters**

24. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

27. Any Settlement Class Member who does not timely and validly request exclusion from the Class pursuant to Paragraphs 16-18 hereto: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the Settlement Agreement.

28. Pursuant to this Order:

   a. The Notice Plan shall be commenced by __**November 8, 2021**_____ as outlined in Section 4.1 of the Settlement Agreement;

   b. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before __**December 17, 2021**_____. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before ___**January 7, 2022**_____. Class Counsel may file a reply in support of their Fee Petition with the Court on or before __**January 14, 2022**;

   c. Objections shall be filed in accordance with Paragraph 21 of this Order on or before ___**January 7, 2022**_____;

   d. Requests for Exclusion shall be submitted in accordance with Paragraph 17 of this Order on or before ___**January 7, 2022**_____;

   e. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before ___**January 14, 2022**_____;

   f. The Final Approval Hearing shall be held before this Court on _____**January 28, 2022**_____, at __**9:00 AM**_____ at the Superior Court of New Jersey, Middlesex Courthouse, 56 Paterson Street, New Brunswick, NJ 08903.

IT IS SO ORDERED, this __**27th**____ day of _____**OCTOBER**_____, 2021.

11

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all counsel upon its upload to eCourts. Pursuant to R. 1:5-1(a), movant shall serve a copy of this Order on all parties not electronically served within seven (7) days of the date of this Order.

_____
Hon. Alberto Rivas, J.S.C.

___ Opposed
__X Unopposed

**Having reviewed the above motion, I find it to be meritorious on its face and it is unopposed. Therefore, pursuant to R. 1:6-2, it is GRANTED substantially for the reasons set forth in the moving papers.**

James E. Cecchi (Bar No. 030861989)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700
JCecchi@carellabyrne.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
(708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Philip L. Fraietta (Bar No. 118322014)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
(646) 837-7150
pfraietta@bursor.com

*Class Counsel*

**FILED**
FEBRUARY 4, 2022
**HON. ALBERTO RIVAS, J.S.C.**

| | |
|---|---|
| KARI ROCCHIO and SANA MAHMOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUTGERS, The State University of New Jersey,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY<br><br>Docket No. MID-L-003039-20<br><br>Civil Action |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Rocchio, et al. v. Rutgers, The State University of New Jersey*, No. MID-L-003039-20; and

WHEREAS, Plaintiffs Kari Rocchio and Sana Mahmood and Defendant Rutgers, The State University of New Jersey have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed

settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"); and

WHEREAS, on October 27, 2021, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to New Jersey Court Rule 4:32-1 of "all people who paid Defendant Spring 2020 Semester fees of any type or amount, but excludes anyone who received refunds for their Spring 2020 fees and anyone who exercises his or her right to opt out of the Settlement Class," and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement, as well as Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, And Incentive Awards, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on January 28, 2022, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval – including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of New Jersey Court Rule 4:32-2(b) and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to

exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

5. The Court has specifically considered the factors relevant to class action settlement approval.

6. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

7. Accordingly, the Settlement is hereby finally approved in all respects.

8. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final

Judgment in full and shall have the full force of an Order of this Court.

9. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

10. All Settlement Class Members who have opted out of this Settlement shall be considered excluded from the Settlement.

11. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present and former, direct and indirect, subsidiaries, parents, affiliates, incorporated or unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives shall be deemed to have released Defendant, as well as any and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and all of their respective current, future, and former employees, officers, directors, board members, shareholders, assigns, agents, trustees, administrators, executors, insurers, attorneys, and customers from any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, attorney fees (except as provided for in the Settlement Agreement), and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way allegedly related to Defendant's transition to remote learning as a result of the COVID-19 pandemic, including all claims that were brought or could have been brought in the Action. For the avoidance of doubt, this release

does not encompass claims for bodily injury.

12. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

13. The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations, and adjudges that the payment of attorneys' fees and costs in the amount of $950,000 is reasonable in light of the multi-factor test used to evaluate fee awards in New Jersey. *See, e.g., Sutter v. Horizon Blue Cross Blue Shield of New Jersey*, 406 N.J. Super. 86 (App. Div. 2009). This award includes Class Counsel's unreimbursed litigation costs and expenses. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14. The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for an incentive award to the Class Representatives, Kari Rocchio and Sana Mahmood. The Court adjudges that the payment of incentive awards in the amount of $2,500 to Ms. Rocchio and $2,500 to Ms. Mahmood to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. All payments made to Settlement Class Members pursuant to the Settlement

5

Agreement that are not cashed within one hundred and eighty (180) days of issuance shall be deposited in the Rutgers COVID-19 Dean of Students Emergency Fund. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

16. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

17. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

18. This Court hereby directs entry of this Final Judgment pursuant to New Jersey Court Rule 4-42 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

19. A copy of this Order shall be served upon all counsel upon its upload to eCourts. Pursuant to R. 1:5-1(a), movant shall serve a copy of this Order on all parties not electronically served within seven (7) days of the date of this Order.

**IT IS SO ORDERED,** this ___4th___ day of _____February_____, 2022.

_____
Hon. Alberto Rivas, J.S.C