E-FILED
Friday, 04 February, 2022 05:51:24 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **JANE DOE**, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| **Plaintiff,** | )<br>) Case No. 1:20-cv-01264-MMM-JEH |
| v. | )<br>) |
| **BRADLEY UNIVERSITY**, an Illinois not-for-profit corporation, | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant, Bradley University (the "University"), pursuant to Federal Rule of Civil Procedure 33, submits its Responses to Plaintiff's First Interrogatories ("Interrogatories").

### PRELIMINARY STATEMENT

The responses set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the University. The University expressly reserves the right to withdraw, amend, or supplement its responses in accordance with Rule 26(e) to assert such additional or different responses as may be appropriate in light of further ongoing discovery and/or investigation.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The University objects to the inclusion of definitions for Trustees, Class, communication(s), Complaint, and Senior Administration, insofar as none of these defined terms are used in Plaintiff's Interrogatories. In responding to these Interrogatories, the University does not adopt or incorporate any of Plaintiff's defined terms to the extent not used in the Interrogatories.

1

The University further objects to the definition of "Class" because no such class has been certified.

The University further objects to the definition of "Document" to the extent it conflicts with the meaning set forth in Fed. R. Civ. P. 34(a)(1)(A).

The University objects to Instruction 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case, to the extent it purports to define the University's knowledge as encompassing the knowledge of its "staff, agents, employees, representatives and, unless privileged, attorneys[.]" The University answers these Interrogatories only as to its own knowledge.

The University objects to Instruction 5 as overbroad, unduly burdensome, and inconsistent with the requirements of Fed. R. Civ. P. 26(b)(5) governing a claim of privilege. The University will comply with Rule 26(b)(5) with respect to any claim of privilege.

## RESPONSES TO INTERROGATORIES

1. Identify all persons responsible for furnishing any materials or information used to complete the disclosure statement required by Rule 26(a) of the Federal Rules of Civil Procedure.

**ANSWER:** Erin Kastberg – Bradley University Vice President for Legal Affairs and General Counsel

Dennis Koch – Bradley University Associate Controller

2. Identify all documents evidencing any and all contracts between students who registered for Spring 2020 on-campus classes and Defendant.

**ANSWER:** The University objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, insofar as it encompasses many varieties of contracts unrelated to the subject matter of this case, including but not limited to financial aid agreements, grant agreements, student employment agreements, sports or extracurricular activity participation agreements, codes of conduct, residential leases, and

similar matters. Without waiving these objections, the University states that the 2019-2020 Undergraduate Catalog is a contract with respect to the specific terms and conditions set forth therein.

3. Identify each and every student who registered to take in-person courses for the Spring 2020 semester who paid any amount of tuition.

**ANSWER:** The University objects to this Interrogatory because the University is prohibited from disclosing this information under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), and its implementing regulations, 34 C.F.R. Part 99. The University further objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, insofar as it is unnecessary to provide the identities of putative class members or information regarding individual putative class members' claims prior to certification of the putative class. Without waiving the foregoing objections, the University will produce by April 19, 2021 a list of the directory information from its public student directory for the Spring 2020 semester.

4. Identify each and every student who registered to take in-person courses for the Spring 2020 semester who paid any amount of student fees.

**ANSWER:** The University objects to this Interrogatory because the University is prohibited from disclosing this information under FERPA and its implementing regulations. The University further objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, insofar as it is unnecessary to provide the identities of putative class members or information regarding individual putative class members' claims prior to certification of the putative class. Without waiving the foregoing objections, the University will produce by April 19, 2021 a list of the directory information from its public student directory for the Spring 2020 semester.

3

5.   Identify each and every student who inquired about receiving any refund of tuition or student fees for the Spring 2020 semester.

**ANSWER:** The University objects to this Interrogatory because the University is prohibited from disclosing this information under FERPA and its implementing regulations. The University further objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, insofar as it is unnecessary to provide the identities of putative class members or information regarding individual putative class members' claims prior to certification of the putative class.

6.   Identify how many students for the Spring 2020 semester paid the following student fees:
   a. Course Surcharges;
   b. Activity Fee; and
   c. Health Fee.

**ANSWER:** The University objects to this Interrogatory as vague insofar as it is unclear whether the Interrogatory is seeking only information on payments made *by* students, or also payments *on behalf of* students from other sources, including but not limited to grants, scholarships, payments from parents or other family members, financial aid, loan proceeds, or the like. The University states that it cannot answer this Interrogatory to the extent it is only seeking information on payments made *by* students. Without waiving the foregoing objection, the University states that the aggregate number of student accounts to which amounts were applied for the following categories of student fees in the Spring 2020 semester are as follows:

   a. Course Surcharges: 2,122;
   b. Activity Fee: 4,622; and
   c. Health Fee: 4,581.

7.   Identify how much money students paid for the Spring 2020 semester for the following student fees:

   a. Course Surcharges;
   b. Activity Fee; and
   c. Health Fee.

4

**ANSWER:** The University objects to this Interrogatory as vague insofar as it is unclear whether the Interrogatory is seeking only information on payments made *by* students, or also payments *on behalf of* students from other sources, including but not limited to grants, scholarships, payments from parents or other family members, financial aid, loan proceeds, or the like. The University further objects to this Interrogatory as vague insofar as it is unclear whether the Interrogatory is seeking numbers inclusive or exclusive of credits and refunds.

Pursuant to the Stipulated Protective Order (Dkt. 28), the remainder of this response is designated CONFIDENTIAL. Without waiving the foregoing objections, the University states that the aggregate amount applied to all student accounts for the following categories of student fees in the Spring 2020 semester, inclusive of credits and refunds, are as follows:

   a. Course Surcharges (aggregate): $478,245;
   b. Activity Fee (aggregate): $371,000; and
   c. Health Fee (aggregate): $531,480.

8. Identify how much tuition money students paid to You for the Spring 2020 Semester for on-campus courses.

**ANSWER:** The University objects to this Interrogatory as vague insofar as it is unclear whether the Interrogatory is seeking only information on payments made *by* students, or also payments *on behalf of* students from other sources, including but not limited to grants, scholarships, payments from parents or other family members, financial aid, loan proceeds, or the like. The University further objects to this Interrogatory as vague insofar as it is unclear whether the Interrogatory is seeking numbers inclusive or exclusive of credits and refunds. The University further objects to this Interrogatory as incoherent to the extent it only seeks the tuition number for "on-campus courses," as tuition is not allocated or designated for "on-campus courses."

Pursuant to the Stipulated Protective Order (Dkt. 28), the remainder of this response is designated CONFIDENTIAL. Without waiving the foregoing objections, the University states that

the aggregate amount applied to all student accounts for tuition in the Spring 2020 semester is $73,655,149.

9. Identify the source and amount of money Bradley accepted under COVID-19 relief programs, either state or federally funded (such as the Coronavirus Aid, Relief, and Economic Security Act ("CARES") - Higher Education Emergency Relief Fund ("HEERF")).

**ANSWER:** The University accepted $4,276,013 in federal funds under the CARES Act – HEERF. The University did not receive funds from any other state or federal COVID-19 relief program.

10. Identify the amount of money Bradley used from CARES - HEERF to cover any costs associated with changes to the delivery of instruction due to COVID-19.

**ANSWER:** The University did not use any CARES Act – HEERF funds to cover the costs associated with changes to the delivery of instruction due to COVID-19. The funding the University received under the CARES Act – HEERF went exclusively to student refunds and COVID relief-related payments to students pursuant to the Act.

11. State whether you issued any refund for tuition to any student relating to the Spring 2020 semester.

**ANSWER:** The University objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, insofar as it is not limited to the subject matter of this litigation. Without waiving its objection, the University states that it issued refunds for tuition to some students relating to the Spring 2020 semester if a student dropped a class (or classes) within a specified timeframe and qualified for a refund.

12. Identify each and every student who was provided any refund of tuition for the Spring 2020 semester.

**ANSWER:** The University objects to this Interrogatory because the University is prohibited from disclosing this information under FERPA and its implementing regulations. The University further objects to this Interrogatory as overly broad, unduly burdensome, not limited in

6

scope, and disproportionate to the needs of the case, insofar as it is not limited to the subject matter of this litigation and because it is unnecessary to provide the identities of putative class members or information regarding individual putative class members' claims prior to certification of the putative class.

13.  Identify each and every student who was provided any refund of student fees for the Spring 2020 semester.

**ANSWER:**  The University objects to this Interrogatory because the University is prohibited from disclosing this information under FERPA and its implementing regulations. The University further objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, insofar as it is not limited to the subject matter of this litigation and because it is unnecessary to provide the identities of putative class members or information regarding individual putative class members' claims prior to certification of the putative class.

14.  If you contend that you contracted for the right to change a class format from in-person instruction to online instruction, please identify all documents relating to your contention.

**ANSWER:**  The University objects to this Interrogatory as an improper conditional interrogatory that erroneously reverses the burden of proof and places the burden on the University to prove a negative. The University states that Plaintiff has the burden of proving her alleged contractual right to in-person instruction and to prove that the University had no contractual right to change a class format in response to a pandemic. The University further objects to the Interrogatory's request to "identify all documents" to prove a negative where Plaintiff has the burden of proof. Without waiving its objections, the University denies that students contracted for or possessed any contractual right to in-person instruction, and denies that the 2019-2020 Undergraduate Catalog contained any contractual right to in-person instruction. Accordingly, the University denies that there was any need for it to "contract[] for the right to change a class format

7

from in-person instruction to online instruction," as this was not the subject of any contract between the University and any student. Further answering, the University states that it expressly reserved the right to make changes to the programs of study in the 2019-2020 Undergraduate Catalog.

15. If you contend that performance of any obligation to deliver in-person courses was excused or discharged or impossible to perform for the Spring 2020 semester, please identify all documents supporting your contention.

**ANSWER:** The University objects to this Interrogatory as an improper conditional interrogatory that erroneously reverses the burden of proof and places the burden on the University to prove a negative. The University states that Plaintiff has the burden of proving the alleged obligation to deliver in-person courses and to prove that the University had no contractual right to change a class format in response to a pandemic. The University further objects to the Interrogatory's request to "identify all documents" to prove a negative where Plaintiff has the burden of proof.

Without waiving its objections, the University denies that it was subject to any "obligation to deliver in-person courses" to students, contractual or otherwise, and therefore denies that there was any needed for such non-existent obligation to be excused, discharged, or rendered impossible. Further answering, to the extent any such obligation to deliver in-person courses existed (though it did not), the University states that the Disaster Proclamations and Executive Orders related to COVID-19 entered by Illinois Governor J.B. Pritzker since the beginning of the Spring 2020 semester, including but not limited to Governor Pritzker's Executive Order dated March 20, 2020, expressly prohibited the University from conducting in-person courses and therefore excused, discharged, or rendered performance of any alleged obligation impossible.

16. If you contend that students registered to take in-person courses for the Spring 2020 semester had no right to expect to receive in-person class instruction for the Spring 2020 semester, please identify all documents relating to your contention.

8

**ANSWER:** The University objects to this Interrogatory as containing a false predicate, because students did not register to take "in-person courses." The University objects to this Interrogatory as an improper conditional interrogatory that erroneously reverses the burden of proof and places the burden on the University to prove a negative. The University further objects to the Interrogatory's request to "identify all documents" to prove a negative where Plaintiff has the burden of proof.

Without waiving its objections, the University denies that students contracted for or possessed any contractual right to in-person instruction, and denies that the 2019-2020 Undergraduate Catalog contained any contractual right to in-person instruction. The University further states that it never undertook any promise, commitment, representation, or warranty that students registered to take courses for the Spring 2020 semester would receive in-person class instruction under all circumstances, states that its communications to students and promotional materials contained no such promise, commitment, representation, or warranty, or any statements that could reasonably lead to the belief that students registered to take courses for the Spring 2020 semester would receive in-person class instruction under all circumstances, and that the University expressly reserved the right to make changes to the programs of study in the 2019-2020 Undergraduate Catalog.

17.     If you contend that students were not damaged when Defendant changed in-person class instruction to online instruction for the Spring 2020 semester, please identify all documents relating to your contention.

**ANSWER:** The University objects to this Interrogatory as an improper conditional interrogatory that erroneously reverses the burden of proof and places the burden on the University to prove a negative. The University further objects to the Interrogatory's request to "identify all documents" to prove a negative where Plaintiff has the burden of proof. The University further objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and

disproportionate to the needs of the case, insofar as it is unnecessary to provide information or documents negating damages asserted on behalf of individual putative class members prior to certification of the putative class, and where Plaintiff has not provided her identity as would be necessary to provide Plaintiff-specific information or documents. The University further objects to this Interrogatory because the University is prohibited from disclosing student-specific information or documents under FERPA and its implementing regulations. In responding to this Interrogatory and identifying categories of documents responsive to this topic that are covered by FERPA, the University does not (and cannot) waive and does not agree to produce any of the identified categories of documents to the extent doing so would be in violation of its obligations under FERPA and its implementing regulations.

Without waiving its objections, the University states that categories of documents that would tend to disprove that students were damaged as a result of any changes to course instruction for the Spring 2020 semester include: student transcripts; course evaluations; correspondence and communications between students and professors relating to courses, coursework, or course instruction; correspondence and communications between students and the University relating to courses, coursework, or course instruction; correspondence and communications between the University and professors relating to courses, coursework, or course instruction; student test results; recordings or notes of remote course presentations; student work product; documents related to COVID-19 disruption payments and COVID-19 relief payments to students under the CARES Act – HEERF; University policies, guidance, and guidelines relating to remote course instruction; other documents memorializing or related to course instruction for all courses offered during the Spring 2020 semester; other documents related to student academic performance during

10

the Spring 2020 semester; and documents confirming Activity Fees were allocated in accordance with the Student Activities Budget Review Committee Articles.

18. Identify all documents concerning any change in the format of coursework offered by Defendant during the Spring 2020 semester.

**ANSWER:** The University objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case, as the University offered approximately 1,700 courses during the Spring 2020 semester and individual professors made individual changes to each course to address the particular needs of their courses and students during the Spring 2020 semester. Without waiving the foregoing objections, the University will produce by April 19, 2021 University policies, guidance, and guidelines relating to remote course instruction.

19. If you ever prepared, submitted or made any written statements or reports describing the changing of in-person courses to online in connection with the Spring 2020 semester, please identify all documents that relate to such.

**ANSWER:** The University objects to the phrase "written statements or reports describing the changing of in-person courses to online" as vague, overly broad, unduly burdensome, not limited in scope, and disproportionate to the needs of the case. Without waiving its objections, the University will produce by April 19, 2021 its written announcements, press releases, website postings, and other public statements describing the changes to remote course instruction in response to the COVID-19 pandemic and Governor's Pritzker's Disaster Proclamations and Executive Orders.

20. State the full names, current address, and employment positions of each and every person who, to your knowledge or to that of your agents, attorneys, or employees, have knowledge relating to the individual claims of the Plaintiff asserted in the Action.

**ANSWER:** The University objects to this Interrogatory because Plaintiff has not disclosed her identity, and therefore the University cannot ascertain who may have knowledge

relating to Plaintiff's individual claims. Without waiving its objection, the University incorporates its Rule 26(a)(1) Initial Disclosures.

Dated: March 31, 2021

Respectfully submitted,

**BRADLEY UNIVERSITY**

By: /s/ *Kara E. Angeletti*
Gregory E. Ostfeld (Attorney No. 6257163)
ostfeldg@gtlaw.com
Tiffany S. Fordyce (Attorney No. 235063)
fordycet@gtlaw.com
Kara E. Angeletti (Attorney No. 6329388)
angelettik@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

*Attorneys for Bradley University*

**VERIFICATION**

Dennis Koch, being duly sworn, states that he is the Associate Controller of Bradley University; that he is an authorized agent for the purpose of executing this document on behalf of Bradley University; that while he does not have personal knowledge of all of the facts recited in the foregoing document, the statements and information made herein have been collected and made available to him by counsel and employees of Bradley University; that the information contained herein is true and correct to the best of his knowledge and belief and the document is, therefore, verified on behalf of Bradley University.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 23 day of March, 2021.

_____
Dennis Koch   *Associate Controller Bradley University*

## CERTIFICATE OF SERVICE

I, Kara E. Angeletti, certify that on March 31, 2021, I caused to be served electronically a true and correct copy of the **Defendant's Responses to Plaintiff's First Interrogatories** on all counsel of record.

/s/ *Kara E. Angeletti*
One of Defendant's Attorneys