IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ORION EDDLEMON, *individually, and on behalf of all other persons similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-1264 |
| BRADLEY UNIVERSITY, | ) ) ) |
| Defendant. | ) ) |

### ORDER AND OPINION

Pending before the Court are two Motions to Seal portions of the record. ECF Nos. 44; 50. Defendants seek to file certain exhibits containing financial information from the University and from Plaintiff under seal. ECF No. 44. Plaintiff seeks to file his Opposition to Defendant's Motion for Summary Judgment and the accompanying exhibits under seal. ECF No. 50. Despite the parties agreeing that the documents should be confidential, they have not explained why, in the context of filing a dispositive motion, the documents should remain hidden from public view. As explained below, the parties have not met their burden to demonstrate that these documents should be sealed.

There is a strong presumption toward public disclosure of court files and documents. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982); *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy"). Indeed, the "public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citing *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994)). Courts are the primary representative of the public and cannot simply "rubber stamp" agreements to seal parts of

1

the record. *Citizens First*, 178 F.3d at 945. Many litigants "would prefer that the subject of the case [ . . . ] be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

The Seventh Circuit has further clarified that while secrecy is fine at the discovery stage, documents that "influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002) (*internal citations omitted*); *see also Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (the presumption of access applies to material that form the basis of the dispute and the court's resolution "other material that may have crept into the record are not subject to the presumption). In the Seventh Circuit, in civil litigation, generally only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is entitled to be kept secret. *Baxter Int'l, Inc.*, 297 F.3d at 545–46; *In re Specht*, 622 F.3d 697 at 701(strong presumption in favor of open access to court documents "unless a statute, rule, or privilege justifies confidentiality.")

Defendant argues that the financial exhibits that it seeks to seal "implicate sensitive financial information that may be designated as confidential and should be filed under seal." ECF No. at 2. This, however, does not meet one of the narrow classes of material subject to seal. Given that this case focuses on whether the tuition price was fair, the parties' financial information is relevant. The parties' preference for privacy does not trump the public interest in the case. "People who want secrecy should opt for arbitration." *Union Oil Co.* 220 F.3d at 568. The parties must present a more compelling reason to keep those documents sealed.

2

Plaintiff seeks to file his entire Opposition to Defendant's Motion for Summary Judgment under seal because he cites the same exhibits Defendant filed under seal. Plaintiff repeats the same argument that they contain sensitive financial information. Even if the Court were to agree that certain statements should remain private, Plaintiff would still need to file a redacted version for the public.

It is ORDERED that the Defendant's Motion to Seal [44] and Plaintiff's [50] Motion to Seal are DENIED. Pursuant to Local Rule 5.10(4) The documents "will remain under seal and [they] will not be considered by the presiding judge for any purpose." Accordingly, it is further ORDERED that the parties re-file the documents in the normal fashion as an unsealed document on or before June 13, 2022 if they wish the document to be considered by the Court.

ENTERED this 6th day of June 2022.

      /s/ Michael M. Mihm
      Michael M. Mihm
      United States District Judge