E-FILED
Friday, 22 July, 2022  04:45:29 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| ORION EDDLEMON, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:20-CV-01264 |
| BRADLEY UNIVERSITY, an Illinois not-for-profit corporation, | ) ) | |
| Defendant. | ) ) | |

## O R D E R

Plaintiff Orion Eddlemon filed his Motion for Class Certification and Supporting Memorandum of Law (#41) on February 4, 2022. Defendant Bradley University filed its Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification (#48) on May 12, 2022. Plaintiff filed his Reply in Support of Class Certification (#53) on June 3, 2022. This court held a hearing on July 6, 2022, at which the parties presented oral argument. Plaintiff's Motion is ripe for ruling. For the following reasons, Defendant's Motion is GRANTED in part and DENIED in part.

Plaintiff alleges claims for breach of contract and unjust enrichment on his own behalf and on behalf of a class of persons similarly situated. Plaintiff invokes this court's jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and also invokes the court's supplemental jurisdiction under 28 U.S.C. § 1367.

Although the parties do not at this point challenge the court's jurisdiction, the court notes that based on the size of the proposed class and the recovery sought for each class member, it appears that the requirements of the CAFA have been met. The court is satisfied that it has jurisdiction here.

## I. BACKGROUND

Plaintiff Orion Eddlemon was enrolled as an undergraduate student at Bradley University during the Spring 2020 semester. Plaintiff was assessed tuition charges, an Activity Fee, and Course Surcharge Fees as part of his enrollment. Defendant Bradley University is an Illinois not-for-profit corporation located in Peoria, Illinois.

Defendant scheduled its Spring 2020 semester to last 15 weeks, from January 22, 2020, to May 5, 2020, with one week of Spring Break built in. On March 12, 2020, due to the coronavirus (COVID-19) pandemic, Defendant informed students, faculty, and staff that Defendant had decided to eliminate one week, March 23 to March 29, of the 15-week semester. Students were sent home and no on-campus classes or remote classes took place. Additionally, Defendant informed students, faculty, and staff that after March 29, all on-campus classes, events, and course-specific services would no longer be available, and all classes would be given via a remote learning format. All students were prohibited from returning to campus after this date. Defendant did not change the end date of the Spring 2020 semester. The eliminated week, from March 23 to March 29, was never made up. As a result, all students received on-campus instruction for only seven of the 15 weeks in the Spring 2020 semester.

Defendant employed a standard form tuition fee structure for the Spring 2020 semester. Defendant charged $17,100 in tuition for all full-time students, and all students who took more or fewer credits than full-time status paid an equal amount per credit hour. Undergraduate students enrolled in nine or more semester hours paid the same mandatory $85 Activity Fee as Plaintiff, while graduate students paid a mandatory $25 Activity Fee. Additionally, while Course Surcharge Fees were not charged for every course offered by Defendant, the tuition invoices for those students enrolled in qualifying courses reflected a separate charge for the Course Surcharge Fee. However, these Course Surcharge Fees were not standardized, varied depending on specific class enrollment, and paid for different supplies, including laboratory supplies and art supplies.

Despite the campus shutdown, Defendant did not offer students a refund of tuition, Activity Fees, or Course Surcharge Fees. However, Defendant did provide refunds for students who moved out of their on-campus housing. Those students were provided their pro-rata share of Room and Board costs.

Plaintiff's proposed class definition is limited to students and former students who were enrolled in the Spring 2020 semester and who paid, or on whose behalf payment was made, for on-campus Tuition, Activity Fees, and Course Surcharge Fees to Defendant. Plaintiff estimates that there are approximately 7,759 students included in the Tuition Class, 4,622 students in the Activity Fee Class, and 2,122 students in the Course Surcharge Fee Class.

3

Plaintiff, individually and on behalf of all others similarly situated, filed a

Motion in the U.S. District Court for the Central District of Illinois, Peoria Division,

seeking an Order granting Class Certification, appointing Plaintiff as Class

Representative, and appointing Plaintiff's counsel as Class Counsel. Plaintiff alleges a

breach of contract claim and an unjust enrichment claim.

In response, Defendant is requesting that the court deny Plaintiff's motion with

prejudice.

## II.  ANALYSIS

### A.  Class Certification Standard

For a court to certify a class under Federal Rule of Civil Procedure 23, the party

seeking to bring a class action "must affirmatively demonstrate his compliance

with Rule 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rule 23(a)

provides prerequisites for a class action, including that "(1) the class is so numerous

that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are typical

of the claims or defenses of the class; (4) the representative parties will fairly and

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1-4). In addition to

satisfying the requirements of Rule 23(a), the "party must also satisfy through

evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*,

599 U.S. 27, 27 (2013). Rule 23(b)(3) requires that "questions of law or fact common to

class members predominate over any questions affecting only individual members, and

that a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Further, under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g).

B. <u>Plaintiff's Motion for Class Certification</u>

Plaintiff has moved to certify three classes under Rule 23. First, Plaintiff seeks to certify the Tuition Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made for tuition for on-campus classes for the Spring 2020 Semester." Second, Plaintiff seeks to certify the Activity Fee Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made, for an Activity Fee for the Spring 2020 Semester." Third, Plaintiff seeks to certify the Course Surcharge Fee Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made for a Course Surcharge Fee for the Spring 2020 Semester."

According to the Seventh Circuit, "plaintiffs seeking to certify a class bear the burden of demonstrating compliance with Rule 23." *Gorss Motels, Inc. v. Brigadoon Fitness, Inc.*, 29 F.4th 839, 843 (7th Cir. 2022). When considering class certification under Rule 23, courts are not permitted to "engage in free-ranging merits inquiries." *Amgen, Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013). Instead, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*.

1. *Whether the Tuition Class Qualifies for Certification*

The numerosity requirement of Rule 23(a)(1) provides that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Second Circuit, in finding that a proposed class of 850 claimants dispersed throughout the United States was "clearly so numerous that joinder [was] impracticable," also determined that "[i]ndividual adjudication of each claim would take many years and would drastically increase the legal expenses for all of the parties." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992). Additionally, the Seventh Circuit has noted that "[w]hile there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).

Here, Plaintiff estimates that there are approximately 7,759 students included in the Tuition Class. Defendant does not address Plaintiff's arguments regarding the numerosity requirement of Rule 23(a)(1).

Owing to the estimated number of individuals included in the Tuition Class, this court finds that the numerosity requirement of Rule 23(a)(1) is satisfied for the Tuition Class.

Under the commonality requirement of Rule 23(a)(2), class members are required to have common "questions of law or fact." Fed. R. Civ. P. 23(a)(2). According to the Seventh Circuit, "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). The court also noted that "[n]either Rule 23 nor any gloss that decided cases have added to it requires

6

that *every* question be common. It is routine in class actions to have a final phase in which individualized proof must be submitted." *Id.* (emphasis in original).

Plaintiff contends that members of the Tuition Class satisfy the commonality requirement. Plaintiff alleges that Defendant has retained tuition money paid by or on behalf of class members despite Defendant's cancelling of one week of the Spring 2020 semester, from March 23-29, 2020, and failing to make up the missed week during the semester.

In response, Defendant argues that Plaintiff has failed to satisfy the commonality requirement of Rule 23(a)(2) and alleges that "individual issues predominate over common issues for each element of Plaintiff's breach of contract claim." Defendant merges the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) and devotes much of its argument on commonality to what it asserts as Plaintiff's inability to prove contractual terms promising a 15-week semester.

In a case from the United States District Court for the District of Arizona, the court, when evaluating a plaintiff's claim for two classes of those who paid room and board to Grand Canyon University (GCU) and of those who paid fees to GCU during the Spring 2020 semester, addressed the commonality requirement of Rule 23(a)(2). *Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2022 WL 266726 at *5 (D. Ariz. Jan. 28, 2022). The court explained that the plaintiff satisfied the commonality requirement for the breach of contract claim. *Id.* According to the court, "[t]he class members allegedly all suffered a common injury: GCU failed to provide campus

7

services and facilities for which students paid for the Spring 2020 semester." *Id.* Further, the court stated, "[w]hether GCU breached contracts when it encouraged students to go home during the Spring 2020 semester and retained money for some services are questions that can be resolved on a class basis." *Id.*

This case is similar to *Little*. The *Little* court did not delve into the parties' ability to prove alleged contractual terms to satisfy the commonality requirement. Instead, the court focused on the alleged common injury suffered by class members who paid GCU. In this case, the members of the Tuition Class all share the same alleged common injury. The class members paid Defendant for a 15-week spring semester and only received a 14-week semester. It is unnecessary for this court to consider Plaintiff's ability or inability to prove specific contractual terms promising a 15-week semester. Rather, this court only needs to determine if common "questions of law or fact" are shared by the Tuition Class members. As a result, this court finds that the commonality requirement of Rule 23(a)(2) is satisfied for the Tuition Class, since all class members allegedly suffered a common injury.

Further, under the typicality requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" are required to be typical "of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has noted that "[t]ypicality is met if the named representative's claims arise from the same events or course of conduct that gives rise to the putative class members' claims." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018).

8

Plaintiff contends that the typicality requirement is satisfied, as Defendant "employed a standard form tuition fee structure for the Spring 2020 semester, with $17,100 being the same amount paid for all full-time students, and all students who took more or less than full time status paid an equal amount per credit hour." Additionally, Plaintiff argues that "[t]he fact that Plaintiff and some other class members may have paid different amounts of tuition . . . does not render the claims atypical because each will receive a pro-rata refund based upon the same percentage of time lost." To account for the missed week of instruction, Plaintiff notes that "the tuition class damages will equal 6.67% of the total tuition paid by each student." In response, Defendant argues that Plaintiff's claims are atypical of the proposed class. Defendant relies on Plaintiff's deposition to support its argument, highlighting Plaintiff's statements that he "received more instruction hours in Spring 2020 than the previous semester, received different course syllabi with different putative contractual terms, accepted professors' individual class cancellations without complaint, and measured his educational goals in terms of continuity, not instruction time."

In *Little,* the court noted that "'the typicality requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" 2022 WL 266726, at *5. (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010)). The court also explained that the typicality requirement "'is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.'" *Id.*

9

(quoting *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017)). Additionally, the court noted that the fact the plaintiff did not pay the same fees as every member of the class was irrelevant if the plaintiff endured a course of conduct directed against the class. *Id.* at *6.

The *Little* court's discussion of typicality is relevant to this case, as Plaintiff endured a course of conduct directed at the class. Here, Plaintiff was enrolled during the Spring 2020 semester, and during this semester, Defendant directed a course of conduct against the class. Defendant's conduct included its charging students a standard tuition rate, canceling a week of classes and failing to make up the missed week, and retaining the full amount of tuition payments. Further, as in *Little*, any variations between what Plaintiff paid in tuition and what other members of the class paid is irrelevant, since Defendant directed a course of conduct against the entire class. Additionally, Defendant's reliance on Plaintiff's deposition is unpersuasive, as the content of Plaintiff's statements are more closely related to the merits of Plaintiff's breach of contract and unjust enrichment claims. Therefore, this court finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3) for the Tuition Class.

Finally, the predominance and superiority requirements of Rule 23(b)(3) provide that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Under this Rule, courts can consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent

and nature of any litigation concerning the controversy already begun by or against

class members; (C) the desirability or undesirability of concentrating the litigation of the

claims in the particular forum; and (D) the likely difficulties in managing a class action."

*Id.*

  The United States Supreme Court has explained that the "'predominance inquiry

tests whether proposed classes are sufficiently cohesive to warrant adjudication by

representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)

(quoting *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623 (1997)). The Court further

noted that "[w]hen 'one or more of the central issues in the action are common to the

class and can be said to predominate, the action may be considered proper under Rule

23(b)(3) even though other important matters will have to be tried separately, such as

damages or some affirmative defenses peculiar to some individual class members.'" *Id.*

(quoting 7AA C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1778,

pp. 123–124 (3d ed. 2005)). Additionally, when addressing the superiority requirement,

the United States Supreme Court explained that class actions are designed to

"'overcome the problem that small recoveries do not provide the incentive for any

individual to bring a solo action prosecuting his or her rights. A class action solves this

problem by aggregating the relatively paltry potential recoveries into something worth

someone's . . . labor.'" *Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.,* 109

F.3d 338, 344 (1997)). Further, in an unpublished opinion from the United States District

Court for the Southern District of California, the court stated that plaintiffs can satisfy

the superiority requirement "when they show that 'classwide litigation of common

11

issues will reduce litigation costs and promote greater efficiency,' or that 'no reasonable alternative exists.'" *Consolidated Fiberglass Prod. Co. v. Gemini Ins. Co.*, No. 09-CV-1632-H (WMC), 2011 WL 13180451, at *2 (S.D. Cal. Feb. 4, 2011), (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996)).

Plaintiff argues that the determination of whether Defendant "breached its contract with its students or was unjustly enriched by retaining full tuition while only providing 14 weeks of instruction for a 15-week semester" is a legal issue that will not involve any individual issues. Plaintiff notes that he and "the other Class members experienced virtually identical circumstances as a result of [Defendant's] need to close campus and operate the college virtually." Additionally, Plaintiff cites the estimated 7,759 Tuition Class members and contends that without a class action, individual actions would be cost-prohibitive and inefficient. In response, Defendant contends that Plaintiff has not met his burden to demonstrate that common questions of law or fact predominate over individual questions for Plaintiff's breach of contract and unjust enrichment claims and contends that Plaintiff has not met his burden on superiority. Defendant argues that owing to a lack of common questions, there are individualized circumstances that will result in "[a]n endless series of minitrials for each putative member." Neither Plaintiff nor Defendant provides argument regarding the Rule 23(b)(3)(A-D) factors.

In *Little*, the court outlined the actions taken by GCU, including sending students home for the remainder of the Spring 2020 semester and closing campus amenities, and noted that "GCU took actions which uniformly affected students and potentially

12

resulted in a breach of contract" because students had paid for a full semester of room and board and fees. *Little v. Grand Canyon Univ.*, 2022 WL 266726, at *6-7. As a result, the court stated that "questions of law or fact predominate[d] over questions affecting only individual members." *Id.*

This case is similar to *Little.* As in *Little,* common questions predominate over individual questions. Here, Plaintiff presents common questions as to whether Defendant breached its contract with its students or was unjustly enriched by retaining full tuition payments despite providing 14 weeks of instruction in a 15-week semester. This is a question common to the class that Plaintiff seeks to certify. Additionally, based on Plaintiff's proposed class definition, Plaintiff estimates that there are approximately 7,759 students included in the Tuition Class. Because of the common issues shared and owing to the large class size, most students will not be able to seek individual relief owing to the costs of individual litigation and the potential individual recovery amounts. Instead, a class action will reduce litigation costs and promote greater efficiency. Therefore, this court finds that Plaintiff has satisfied the predominance and superiority requirement of Rule 23(b)(3) for the Tuition Class. Because Plaintiff has satisfied the Rule 23(a)(1-3) requirements and the Rule 23(b)(3) requirement, this court finds that the Tuition Class qualifies for certification.

2. *Whether the Activity Fee Class Qualifies for Certification*

Plaintiff seeks to certify the Activity Fee Class, which he defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made, for an Activity Fee for the Spring 2020 Semester." All undergraduate students

enrolled in nine or more semester hours paid the same mandatory $85 Activity Fee as Plaintiff, while graduate students paid a $25 Activity Fee.

The numerosity requirement of Rule 23(a)(1) states that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In *Mulvania v. Sheriff of Rock Island Cty.*, the Seventh Circuit found that a forty-member class is sufficient to meet the numerosity requirement. 850 F.3d at 859.

Here, Plaintiff estimates that there are approximately 4,622 students in the Activity Fee Class. Defendant does not address Plaintiff's arguments regarding the numerosity requirement of Rule 23(a)(1).

Owing to the estimated number of individuals included in the Activity Fee Class, this court finds that the numerosity requirement of Rule 23(a)(1) is satisfied for the Activity Fee Class.

Under the commonality requirement of Rule 23(a)(2), class members are required to have common "questions of law or fact." Fed. R. Civ. P. 23(a)(2). According to the Seventh Circuit, "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek*, 764 F.3d at 756. The court also noted that "[n]either Rule 23 nor any gloss that decided cases have added to it requires that *every* question be common. It is routine in class actions to have a final phase in which individualized proof must be submitted." *Id* (emphasis in original).

Plaintiff contends that the Activity Fee Class satisfies the commonality requirement. Plaintiff alleges that Defendant has breached its contract or has been

14

unjustly enriched by retaining the Activity Fees paid by all students, enrolled in nine or more semester hours, for on-campus activities. Plaintiff's breach of contract claim for the Activity Fee focuses on Defendant's failure to provide activities funded by the Activity Fee during the one week Defendant canceled classes, and also alleges that students, such as Plaintiff, did not contract for online activities held during the remaining weeks of the semester.

In response, Defendant argues that Plaintiff has failed to satisfy the commonality requirement of Rule 23(a)(2) and alleges that "individual issues predominate over common issues for each element of Plaintiff's breach of contract claim." Defendant merges the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) and devotes much of its argument on commonality to what it asserts as Plaintiff's inability to prove contractual terms. Additionally, Defendant contends that Defendant's offering of remote activities, in which Plaintiff himself participated, negates Plaintiff's claim that breach occurred when on-campus activities were cancelled for the remainder of the semester.

In *Little,* the court explained that the plaintiff satisfied the commonality requirement for the breach of contract claim. *Id.* According to the court, "[t]he class members allegedly all suffered a common injury: GCU failed to provide campus services and facilities for which students paid for the Spring 2020 semester." *Id.*

This case is similar to *Little.* The *Little* court did not delve into the parties' ability to prove alleged contractual terms to satisfy the commonality requirement. Instead, the court focused on the alleged common injury suffered by class members who paid GCU.

In this case, the Activity Fee Class members all share the same alleged common injury. The class members paid Defendant an Activity Fee for on-campus activities over a 15-week semester. This court does not need to consider Plaintiff's ability or inability to prove specific contractual terms promising a 15-week semester of on-campus activities. Rather, this court only needs to determine if common "questions of law or fact" are shared by the Activity Fee Class members. Fed. R. Civ. P. 23(a)(2). As a result, this court finds that the commonality requirement of Rule 23(a)(2) is satisfied for the Activity Fee Class, since all class members allegedly suffered a common injury.

Further, under the typicality requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" are required to be typical "of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has noted that "[t]ypicality is met if the named representative's claims arise from the same events or course of conduct that gives rise to the putative class members' claims." *Beaton*, 907 F.3d at 1026.

Plaintiff contends that the typicality requirement is satisfied, as Defendant charged each undergraduate student enrolled in nine or more semester hours the same $85 Activity Fee as Plaintiff and charged graduate students $25. Plaintiff notes that "[b]ecause on-campus classes were cancelled for all students at the same time, all student class members were not provided access to on-campus Activities paid for by the Activity Fee." Additionally, Plaintiff argues that "[t]he fact that Plaintiff and some other class members may have paid different amounts of Activity Fees . . . does not render the claims atypical because each will receive a pro-rata refund based upon the

16

same percentage of time lost . . ." Because there were no on-campus activities for seven weeks of the 15-week semester, Plaintiff asserts that "Plaintiff and the class members should receive a 47% refund for the time they were not able to participate in on-campus activities funded by the Activity Fees."

In response, Defendant argues that Plaintiff's claims are atypical of the proposed class. Defendant relies on Plaintiff's deposition to support their argument, highlighting Plaintiff's statements that he participated in remote activities offered by Defendant and Plaintiff's admission that "other students' experiences with respect to activities and remote courses would differ from his own and would require individualized assessments."

In *Little,* the court explained that the typicality requirement "'is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.'" *Id.* (quoting *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017)).

The *Little* court's discussion of typicality is relevant to this case, as Plaintiff endured a course of conduct directed at the class. Here, Plaintiff was enrolled during the Spring 2020 semester, and during this semester, Defendant directed a course of conduct against the class. Defendant's conduct included its failure to provide on-campus activities for seven weeks of the semester and its refusal to offer students a refund for paid Activity Fees. Additionally, Defendant's reliance on Plaintiff's deposition is unpersuasive, as the content of Plaintiff's statements are more closely

17

related to the merits of Plaintiff's breach of contract and unjust enrichment claims. Therefore, this court finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3) for the Activity Fee Class.

Finally, this court will consider the predominance and superiority requirements of Rule 23(b)(3) for the Activity Fee Class.

In *Tyson Foods, Inc.*, the Court has explained that the "'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." 577 U.S. at 442 (quoting *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623 (1997)). Additionally, in *Consolidated Fiberglass Prod. Co. v. Gemini Ins. Co*, the Southern District of California explained that plaintiffs can satisfy the superiority requirement "when they show that 'classwide litigation of common issues will reduce litigation costs and promote greater efficiency,' or that 'no reasonable alternative exists.'" No. 09-CV-1632-H (WMC), 2011 WL 13180451, at *2 (S.D. Cal. Feb. 4, 2011), (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996)).

Plaintiff argues that the Activity Fee Class involves a predominant question that turns on common evidence, namely, whether Defendant "breached its contract or been unjustly enriched by retaining all of Activity Fees collected for on-campus activities but only offering these activities for [eight] weeks of the 15-week . . . semester." Plaintiff states that "[a]ll students were sent home on the same day and not allowed to return. Thus, no student was able to participate in any of the on-campus activities paid for by the Activity Fee." Additionally, Plaintiff cites the estimated 4,622 Activity Fee Class

members and contends that without a class action, individual actions would be cost-prohibitive and inefficient.

In response, Defendant contends that Plaintiff has not met his burden to demonstrate that common questions of law or fact predominate over individual questions for Plaintiff's breach of contract and unjust enrichment claims and contends that Plaintiff has not met his burden on superiority. Neither Plaintiff nor Defendant provides argument regarding the Rule 23(b)(3)(A-D) factors.

In *Little*, the court found that "GCU took actions which uniformly affected students and potentially resulted in a breach of contract" because students had paid for a full semester of room and board and fees. *Little*, 2022 WL 266726, at *6-7. As a result, the court stated that "questions of law or fact predominate[d] over questions affecting only individual members." *Id.*

This case is similar to *Little.* As in *Little,* common questions predominate over individual questions. Here, Plaintiff presents common questions as to whether Defendant breached its contract with its students or was unjustly enriched by retaining full Activity Fee payments despite only providing eight weeks of on on-campus activities in a 15-week semester. This is a question common to the class that Plaintiff seeks to certify. Additionally, based on Plaintiff's proposed class definition, Plaintiff estimates that there are approximately 4,622 students included in the Activity Fee Class. Owing to the common issues shared and the large class size, a class action will reduce litigation costs and promote greater efficiency. Therefore, this court finds that Plaintiff has satisfied the predominance and superiority requirement of Rule 23(b)(3) for the

Activity Fee Class. Because Plaintiff has satisfied the Rule 23(a)(1-3) requirements and the Rule 23(b)(3) requirement, this court finds that the Activity Fee Class qualifies for certification.

### 3. *The Impact of Non-Student Payors on the Issue of Class Certification*

Defendant argues that the proposed classes should not be certified because assessing performance of the contract by Plaintiff and each class member would require an individualized inquiry. Defendant cites *Evans v. Brigham Young Univ.*, 2022 WL 596862, at *4 (D. Utah Feb. 28, 2022) in support of its argument.

Plaintiff responds that the class in *Evans* was defined differently than the class is defined here. In *Evans*, the proposed class included "all people who paid tuition and/or fees … during the Winter 2020 semester." *Id.* at *3. Here, the proposed class is defined as "all students who paid, or on whose behalf payment was made … for the Spring 2020 semester."

The court finds the class definition here does not present the same issue as the class definition in *Evans*. Here, Plaintiff and other students similarly situated are the parties alleged to have formed a contract with Defendant. The proposed class here does not include unascertainable third-party payors like the proposed class in *Evans*. If Plaintiff and the class were to ultimately obtain a recovery from Defendant, third party payors could potentially seek reimbursement from Plaintiff. But that reality does not hinder this court in certifying these classes.

### 4. *Whether Plaintiff's Unjust Enrichment Claim Survives as to These Classes*

20

Defendant argues Plaintiff's claim for unjust enrichment should not survive this stage of litigation, even if his breach of contract claim does, because it would require even greater individualized analysis.

Plaintiff responds that federal courts in Illinois have certified unjust enrichment claims, citing *Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D. 551, 559 (N.D. Ill. 2015). Plaintiff argues that this court's answer to the common question of whether Bradley's chosen course of conduct resulted in unjust enrichment will be the same for all class members.

The court finds that Defendant's arguments as to Plaintiff's unjust enrichment claim bear much more on the merits of Plaintiff's claim than the question of class certification. The court agrees with Plaintiff that the common answer to the question of whether Defendant retained an unjust benefit will apply to the entirety of the two certified classes. The court is confident that, if indeed this claim is found to have merit, it will be able to fashion an appropriate formula for damages.

5. *Whether the Course Surcharge Fee Class Qualifies for Certification*

Plaintiff also seeks to certify the Course Surcharge Fee Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made for a Course Surcharge Fee for the Spring 2020 Semester." Unlike the standardized Tuition or Activity Fees, Course Surcharge Fees were not charged for every course offered by Defendant. Instead, the tuition invoices for those students enrolled in qualifying courses reflected a separate charge for the Course Surcharge Fee. These fees varied depending on specific class enrollment, and

21

paid for different supplies depending on course enrollment, including laboratory supplies and art supplies. For example, because Plaintiff was enrolled in the lab classes BIO 250 and BIO 484, his individual tuition invoice reflected Course Surcharge Fees for $50 and $150, which were assessed to pay for lab supplies.

The numerosity requirement of Rule 23(a)(1) provides that the class is required to be so numerous that joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). In *Mulvania v. Sheriff of Rock Island Cty.*, the Seventh Circuit found that a forty-member class is sufficient to meet the numerosity requirement. 850 F.3d at 859.

Here, Plaintiff estimates that there are approximately 2,122 students in the Course Surcharge Fee Class. Defendant does not address Plaintiff's arguments regarding the numerosity requirement.

Owing to the estimated number of individuals included in the Course Surcharge Fee Class, this court finds that the numerosity requirement of Rule 23(a)(1) is satisfied for the Course Surcharge Fee Class.

The commonality requirement of Rule 23(a)(2) requires class members to have common "questions of law or fact." Fed. R. Civ. P. 23(a)(2). According to the Seventh Circuit, "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek, 764 F.3d at 756.*

Plaintiff contends that the Course Surcharge Fee Class satisfies the commonality requirement. Plaintiff states that all proposed class members paid for the full 15 weeks of on-campus services funded by the Course Surcharge Fee, and Plaintiff alleges that

Defendant did not provide those services on-campus for seven of the 15 weeks. As for Plaintiff's breach of contract claim, Plaintiff argues that Defendant failed to provide services funded by the Course Surcharge Fee for the one week of canceled classes, and also alleges that students did not contract for online services funded by the fee for the remaining weeks of the semester.

In response, Defendant relies on Plaintiff's deposition, where Plaintiff acknowledged that the purpose of the Course Surcharge Fees differed depending on course enrollment, "whether it [was] 'paint used in an art class, frogs dissected in a biology class,' or other equipment or materials used in a particular course." Additionally, Defendant notes that "Plaintiff admitted he did not 'have enough information' to determine how the transition to remote learning impacted other students' courses or use of their Course Surcharge Fees." Further, Defendant argues that the breach inquiry for the proposed Course Surcharge Class is individualized, as "whether a student received the benefit of a given Course Surcharge Fee requires individual inquiry into the use of such fees in each course."

In this case, the Course Surcharge Fee Class members do not all share the same alleged common injury. The assessment of course surcharge fees was wholly dependent on individual student enrollment. Only certain classes offered by Defendant required a course fee, and the amount of the course fees varied considerably. Critically, this court has no way of determining whether individual students received the benefit of their paid fees. If students paid a Course Surcharge Fee for computer software or other programs, and the students were able to use those supplies despite the disruption in

23

their semester schedule, the students benefitted from their payments. Conversely, if students who paid course surcharge fees for lab or art supplies and were not able to use those supplies when sent home, the students in that case did not benefit from their fee payments. As a result, this court finds that the commonality requirement of Rule 23(a)(2) is not satisfied for the Course Surcharge Fee Class.

Under the typicality requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" are required to be typical "of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

Plaintiff contends that the typicality requirement is satisfied and argues that it is irrelevant that Plaintiff did not pay the same Course Surcharge Fee as every member of the proposed class. Instead, Plaintiff argues that he endured a course of conduct directed against the proposed class. In response, Defendant relies on Plaintiff's deposition, where Plaintiff "admitted that other students' experiences with respect to activities and remote courses would differ from his own and would require individualized assessments."

Here, unlike the standard form tuition fee structure or the standardized Activity Fee employed by Defendant, the Course Surcharge Fees were not standardized. Instead, the fees were highly variable depending on course enrollment. Moreover, the benefit received by students who paid these fees is an individualized assessment that depends on the specific services provided and the student's ability to use these services. Owing to the variable and individualized circumstances of the Course Surcharge Fees, Plaintiff's claims for this proposed class are not typical of the claims of the class.

24

Therefore, this court finds that the typicality requirement of Rule 23(a)(3) is not satisfied for the Course Surcharge Fee Class.

Next, this court will consider the predominance and superiority requirements of Rule 23(b)(3). Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff argues that the Course Surcharge Fee Class involves a predominant question that turns on common evidence, namely, the determination of whether Defendant "had a legal duty to return the unused portions of Course Surcharges collected for labs or other supplies used in on-campus classes during the Spring 2020 semester." Additionally, Plaintiff cites the estimated 2, 122 Course Surcharge Fee Class members and contends that without a class action, individual actions would be cost-prohibitive and inefficient. In response, Defendant contends that Plaintiff has not met his burden to demonstrate that common questions of law or fact predominate over individual questions for Plaintiff's breach of contract and unjust enrichment claims and contends that Plaintiff has not met his burden on superiority. Neither Plaintiff nor Defendant provides argument regarding the Rule 23(b)(3)(A-D) factors.

In this case, unlike *Little*, common questions do not predominate over individual questions. The Course Surcharge Fees were highly variable depending on course enrollment, and the determination of the benefit received by students who paid the fees

requires an individualized assessment. Additionally, despite the large class size, because there are not common issues, the superiority requirement is not satisfied.

Although Plaintiff has met the numerosity requirement of Rule 23(a)(1), Plaintiff not satisfied the commonality or typicality requirements of Rule 23(a)(2) and 23(a)(3), nor the Rule 23(b)(3) requirements. Owing to the highly individualized circumstances, this court finds that it cannot certify the Course Surcharge Fee Class.

C.  Plaintiff's Motion to Appoint Plaintiff as Class Representative

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). If the class representative's and the proposed class members' interests are aligned and there are no internal conflicts, the class representative meets the adequacy requirement under Rule 23(a)(4). *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 585 (N.D. Ill. 2018).

Plaintiff was enrolled as an undergraduate student during the Spring 2020 semester. As part of his enrollment, Plaintiff was assessed tuition charges, an Activity Fee, and Course Surcharge Fees. Plaintiff's proposed class definition is limited to students and former students who were enrolled in the Spring 2020 semester and who paid, or on behalf of payment was made, for on-campus Tuition, Activity Fees, and Course Surcharge Fees to Defendant.

Plaintiff contends that he has "no conflicts of interest with absent Class members, and every interest and intention of prosecuting this case vigorously." Further, Plaintiff states that he has "actively participated in this litigation by providing documents in discovery and by sitting for his deposition." In response, Defendant relies on Plaintiff's

26

deposition to assert that Plaintiff has individual claims that are not representative of the class members.

Because this court is denying certification of the Course Surcharge Fee Class, Plaintiff need only be named class representative for the certified classes. Accordingly, this court finds that because Plaintiff is part of the Tuition Class and Activity Fee Class and possesses the same interest as the class members, he will fairly and adequately protect the interests of the Tuition Class and the Activity Fee Class. Therefore, this court appoints Plaintiff as Class Representative for the Tuition Class and the Activity Fee Class.

D. Plaintiff's Motion to Appoint Counsel as Class Counsel

Under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g). When appointing class counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id*.

Plaintiff's counsel provides that they are "highly qualified . . . with extensive experience conducting class and complex litigation, particularly in breach of contract and consumer protection cases." Additionally, "[c]ounsel have committed significant resources to developing the claims in this case, [and] are committed to continuing to vigorously prosecute this action." Plaintiff's counsel represents that they have "been appointed by many federal and state courts to serve as class counsel in litigation

throughout the nation." Additionally, "[t]here is no conflict of interest between the proposed class" and Plaintiff's counsel, Plaintiff's counsel is "able and willing to litigate this case on behalf of the proposed class," and has the "necessary financial and personnel resources to litigate the case on behalf of the class." Defendant does not respond to Plaintiff's arguments regarding Class Counsel. Therefore, owing to Plaintiff's counsel's work identifying and investigating potential claims, their experience in handling class actions, their knowledge of applicable law, and their available resources, this court finds that Plaintiff's counsel meets the requirements of Rule 23(g) and qualifies to be appointed as Class Counsel.

IT IS THEREFORE ORDERED THAT:

1) Plaintiff's Motion for Class Certification (#41) is GRANTED as to the Tuition Class, GRANTED as to the Activity Fee Class, and DENIED as to the Course Surcharge Fee Class.

2) Plaintiff's Motion to appoint Plaintiff as Class Representative (#41) is GRANTED.

3) Plaintiff's Motion to appoint Plaintiff's counsel as Class Counsel (#41) is GRANTED.

ENTERED this 22nd day of July, 2022.

s/ Michael M. Mihm
MICHAEL M. MIHM
U.S. DISTRICT JUDGE