SHORT RECORD
NO. 22-8010
FILED 08/05/2022

No. 22-

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**ORION EDDLEMON**,

on behalf of himself and all others similarly situated,

*Plaintiff-Respondent*,

v.

**BRADLEY UNIVERSITY**,

*Defendant-Petitioner*.

On Petition for Permission to Appeal from the
United States District Court for the Central District of Illinois,
Case No. 1:20-cv-01264-MMM-JEH
The Honorable Michael M. Mihm

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

Gregory E. Ostfeld
*Counsel of Record*
Tiffany S. Fordyce
Kara E. Angeletti
GREENBERG TRAURIG, LLP
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601
T: 312.456.8400
F: 312.456.8435
ostfeldg@gtlaw.com
fordycet@gtlaw.com
angelettik@gtlaw.com

*Attorneys for Bradley University*

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................1

QUESTIONS PRESENTED ..................................................................... 5

FACTUAL BACKGROUND ..................................................................... 6

RELIEF SOUGHT ..................................................................................12

STANDARD FOR GRANTING REVIEW ....................................................12

REASONS FOR GRANTING THE PETITION .............................................13

 I. The District Court Greatly Expanded Bradley's Potential
  Liability, Risking a Coercive Settlement on Problematic
  Grounds that Fail the Rigorous Analysis Standard. ..................13

  A. Class Certification Requires a Rigorous Analysis to
   Satisfy Commonality and Predominance. ........................13

  B. Plaintiff Did Not Present, and the District Court Did
   Not Undertake, a Rigorous Analysis of the Facts and
   Law. ..................................................................................15

  C. Application of the Rigorous Analysis Standard
   Requires Denial of Plaintiff's Class Certification
   Motion. ............................................................................ 18

   1. Plaintiff Is Incapable of Proving His Breach of
    Contract Claims by Classwide Evidence. ............... 18

   2. Plaintiff Is Incapable of Proving His Unjust
    Enrichment Claims by Classwide Evidence. ...........21

 II. An Immediate Review Would Advance Class Action Law. ....... 22

CONCLUSION........................................................................................ 23

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Avery v. State Farm Mutual Automobile Insurance Co.*,
   216 Ill. 2d 100 (2005) ....................................................... 20, 23

*Charleston v. Board of Trustees of University of Illinois at
   Chicago*,
   741 F.3d 769 (7th Cir. 2013) ...................................................19

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ........................................................ 20, 23

*Creative Montessori Learning Centers v. Ashford Gear LLC*,
   662 F.3d 913 (7th Cir. 2011) ...................................................12

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ...................................................17

*Enger v. Chicago Carriage Cab Corp.*,
   812 F.3d 565 (7th Cir. 2016) ................................................ 22, 23

*Evans v. Brigham Young University*,
   No. 22-4050 (10th Cir.) ........................................................ 5

*Evans v. Brigham Young University*,
   No. 1:20-cv-100-TS, 2022 U.S. Dist. LEXIS 36190 (D. Utah Feb.
   28, 2022)) ..................................................................... 5

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982)...........................................................14

*Gociman v. Loyola University of Chicago*,
   No. 21-1304, 2022 U.S. App. LEXIS 20425 (7th Cir. July 25,
   2022) .....................................................................4, 19, 22

*Little v. Grand Canyon University*,
   No. CV-20-00795-PHX-SMB, 2022 U.S. Dist. LEXIS 16174
   (D. Ariz. Jan. 28, 2022) ............................................... 11, 17, 18

*Malbarba v. Chicago Tribune Co.*,
   149 F.3d 690 (7th Cir. 1998)...................................................17

*Mayster v. Santacruz*,
   2020 IL App (2d) 190840 (Dec. 29, 2020) .....................................20

ii

*McFields v. Dart,*
    982 F.3d 511 (7th Cir. 2020)....................................................15

*Messner v. Northshore University HealthSystem,*
    669 F.3d 802 (7th Cir. 2012) ..................................................14

*Mullins v. Direct Digital, LLC,*
    795 F.3d 654 (7th Cir. 2015)..................................................21

*Parko v. Shell Oil Co.,*
    739 F.3d 1083 (7th Cir. 2014)................................................15

*Reliable Money Order, Inc. v. McKnight Sales Co.,*
    704 F.3d 489 (7th Cir. 2013) .................................................12

*Santiago v. City of Chicago,*
    19 F.4th 1010 (7th Cir. 2021) ..........................................14, 17

*Utility Audit, Inc. v. Horace Mann Service Corp.,*
    383 F.3d 683 (7th Cir. 2004)................................................ 22

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) .......................................................14, 15

*Zirp-Burnham, LLC v. E. Terrell Associates,*
    356 Ill. App. 3d 590 (1st Dist. 2005) ......................................19

## Other Authorities

Fed. R. Civ. P. 23 ...................................................................*passim*

## INTRODUCTION

Defendant Bradley University ("Bradley") petitions this Court under Federal Rule of Civil Procedure 23(f) for permission to appeal the District Court's Order entered July 22, 2022, Dkt. 64 (the "Order," attached as **Exhibit A**), which certified two classes asserting claims for tuition refunds and activity fee refunds arising out of Bradley's response to the COVID-19 pandemic. Interlocutory appeal is appropriate and necessary because the Order: raises important class certification questions of first impression applicable in this case and numerous similar pending cases; exposes Bradley, a small nonprofit university, to grave financial risks and highly coercive settlement pressures arising out of circumstances entirely beyond its control; and erroneously relieves Plaintiff of his burden of proof under Rule 23 by certifying two classes on the basis of bare allegations without undertaking the claim-specific, evidence-specific "rigorous analysis" required by governing precedent.

Plaintiff Orion Eddlemon ("Plaintiff") sues Bradley based on its actions during the Spring 2020 semester, when the COVID-19 pandemic and the Governor's related orders forced Bradley to close most campus operations, extend Spring Break by one week, and transition to remote learning and activities. The record is uncontroverted that Bradley undertook these actions

1

with the approval of its accrediting body, students received the requisite qualifying instruction time and full credit for their classes, and Bradley continued to offer necessary on-campus services and remote off-campus activities, kept all employees and student workers on its payroll, and devoted every cent of its federal assistance to student refunds and financial assistance. Nevertheless, Plaintiff asserts Bradley breached contractual promises or was unjustly enriched because it did not provide *pro rata* refunds for one week of tuition and seven weeks of fees.

Plaintiff moved to certify three classes—for partial refunds of tuition, activity fees, and course surcharge fees—asserting alternative theories of breach of contract and unjust enrichment. Plaintiff's Motion for Class Certification (the "Motion"), however, strayed far from the "rigorous analysis" standard applied in this Circuit to the determination of class certification under Rule 23. Plaintiff's Motion barely referenced the substantial body of evidence developed through discovery and instead repeatedly recited the bare allegations of his complaint as the basis for certification. Moreover, Plaintiff's Motion did not devote a single sentence to or cite a single authority regarding the constituent elements of his underlying state-law claims, made no attempt to demonstrate the capacity of a classwide proceeding to generate common answers with respect to those elements, and

2

failed to compare common and individual issues to establish predominance.

The record readily discloses why Plaintiff did not even try to undertake a rigorous analysis of the evidence or the elements: his claims are not susceptible to classwide proof. Bradley's Opposition made this point conclusively, undertaking the claim-by-claim, element-by-element, proof-by-proof showing that the "rigorous analysis" standard demands. Bradley broke Plaintiff's claims into their constituent parts, presented the extensive individualized testimony and evidence from discovery that predominated as to each element of each claim, and showed how each of Plaintiff's claims is incapable of classwide determination. Plaintiff responded with almost no additional evidence, no Illinois law, and unpersuasive authority from the District of Arizona applying the wrong standard and inapposite law to distinct facts to reach a faulty conclusion.

The District Court's Order certified two of Plaintiff's proposed classes, the Tuition Class and Activity Fee Class (collectively, the "Classes"). Bradley respectfully submits that this ruling erroneously departed from governing precedent. The Order did not hold Plaintiff to his burden of proof under Rule 23 and allowed him to proceed to certification based on his allegations, while deferring the entirety of Bradley's contrary evidence for later "merits" consideration. The District Court also accepted Plaintiff's erroneous legal

positions—unsupported by any Illinois precedent—including, for example, that an academic calendar explicitly "subject to revision" can constitute an express promise of a fixed number of in-person class weeks, and that students can recover amounts they never paid, such as university scholarships, as contractual damages.

This case presents the quintessential circumstances supporting immediate review under Rule 23(f). If this Court does not undertake review now, Bradley faces the unpalatable Hobson's choice of acceding to coercive settlement pressure or defending class claims that are manifestly unsuitable for classwide determination under threat of potentially catastrophic financial consequences for a small nonprofit institution. By undertaking an immediate review, this Court can address errors in the Order and provide meaningful guidance to courts in this Circuit and around the country regarding the application of Rule 23 to the novel circumstances presented by the still-nascent body of pandemic-driven tuition and fee refund class actions. This case is "one of many around the country" asserting claims for tuition and/or fee refunds against colleges and universities that were required to transition to remote learning due to the COVID-19 pandemic. *Gociman v. Loyola Univ. of Chi.*, No. 21-1304, ___ F.4th ____, 2022 U.S. App. LEXIS 20425, at *2 (7th Cir. July 25, 2022). Only a handful of these cases have reached the class

certification stage, and to Bradley's knowledge, this is the first appeal in this Circuit of a class certification ruling in such a case.[1] For these reasons, the Court should allow review of the District Court's Order.

## QUESTIONS PRESENTED

1. Whether the District Court erred by evaluating Plaintiff's motion for class certification on the pleadings, rather than undertaking a rigorous analysis of the record to determine whether Plaintiff's claims are provable by common, classwide evidence that predominates over individual questions of law and fact.

2. Whether the District Court erred by failing to rigorously analyze Plaintiff's claims under their substantive legal elements of Illinois law, and instead relying on unpersuasive out-of-jurisdiction precedent as the primary basis to certify two of Plaintiff's proposed classes.

3. Whether the District Court erred by allowing Plaintiff to proceed with classwide damages models that are unsupported by any fact or expert witness, that Plaintiff himself rejected, and that would award a windfall recovery of amounts not paid by Plaintiff or any class members.

---

[1] Bradley has identified one pending Tenth Circuit appeal in a tuition and fee refund case from a denial of class certification. *See Evans v. Brigham Young Univ.*, No. 22-4050 (10th Cir.) (appealing *Evans v. Brigham Young Univ.*, No. 1:20-cv-100-TS, 2022 U.S. Dist. LEXIS 36190 (D. Utah Feb. 28, 2022)). No opinion has yet been issued in that case.

## FACTUAL BACKGROUND

Plaintiff was enrolled at Bradley during the Spring 2020 semester, scheduled for January 22, 2020 to May 15, 2020, with one week scheduled for Spring Break. Order at 2. Due to the COVID-19 pandemic and the Governor's stay-at-home orders, Bradley was forced to close its campus on March 20, 2020, cancel in-person activities, and transition to remote learning for the remainder of the semester. *Id.*; Dkt. 43 at 8-9, 43-8, 43-15, 43-18, 43-19, 43-20. Bradley extended Spring Break for one week without rescheduling classes to facilitate this transition, with the approval of the Department of Education and Bradley's accrediting body. *Id.* This revision to the academic calendar still provided the requisite instruction time per credit hour to achieve course objectives and to provide full academic credit. *Id.* Bradley has previously canceled classes without rescheduling them due to factors like severe weather or traumatic events. Dkt. 43 at 9, 43-10, 43-21.

Bradley continued to offer remote activities, events, and resources, as well as certain on-campus services. Dkt. 43 at 9-10, 43-1, 43-7, 43-8, 43-22, 43-23, 43-24, 43-25. Bradley received federal financial assistance, 100% of which was used for student financial assistance and refunds of housing and meal plans. Dkt. 43 at 10, 43-2, 43-8. Bradley incurred additional costs related to the transition, and continued to pay regular employees and student

employees who could no longer work on campus due to the Governor's orders. Dkt. 43 at 10, 43-21, 43-21.

Plaintiff alleges that by transitioning to remote learning in this way without providing *pro rata* refunds, Bradley breached contractual promises to provide: fifteen weeks of classes in exchange for $17,100 in tuition; fifteen weeks of on-campus activities in exchange for an activity fee of $85; and fifteen weeks of on-campus classes in exchange for course surcharge fees. Dkt. 39 ¶¶ 1-4, 8, 39-80, 89-108. Alternatively, Plaintiff alleges that Bradley's retention of tuition and fees constitutes unjust enrichment. *Id*. ¶¶ 109-120. Plaintiff moved to certify three classes for the tuition, activity fee, and course surcharge claims. Dkt. 41. The District Court's Order certified the Tuition and Activity Fee Classes.

Notwithstanding the District Court's ruling, the record reflects an absence of classwide proof for Plaintiff's claims. As an example, neither the asserted contractual promise of fifteen weeks of classes nor that of fifteen weeks of on-campus activities is found in any document in the record, nor did any witness testify to the existence of any such promises as to any student, much less all students. Plaintiff's Motion did not cite anything in the discovery record as classwide evidence of the two alleged promises, and instead pointed solely to his own allegations and two exhibits to his Second

Amended Complaint—the 2019-2020 Course Catalog (the "Catalog") for the
alleged tuition promise and the Student Activities Budget Review Committee
Articles (the "Articles") for the alleged activity fee promise. *See* Dkt. 41 at 4-
5, 41-1, 53 at 1. The portion of the Catalog on which Plaintiff relies is the
Academic Calendar, which simply lists anticipated dates for all upcoming
semesters, and expressly states at the top, "The academic calendars are
subject to revision." Dkt. 39 at ¶ 42 & Ex. 1 p. 52. The Articles say nothing
about fifteen weeks of on-campus activities. *Id*. at ¶¶ 54-61 & Ex. 2.

Bradley's Opposition to Plaintiff's Motion detailed the record evidence
contradicting Plaintiff's bare assertions of classwide contractual terms. For
example, with respect to the alleged contractual promise of fifteen weeks of
classes based on the Catalog (which contains no such promise), Bradley
pointed to Plaintiff's admission at deposition that Bradley had the
contractual right under the Catalog to revise its academic calendar and "to
make changes in a program of study[.]" Dkt. 48 at 3, 48-2 at 131:7-17, 132:7-
13. Bradley also noted that, at his deposition, Plaintiff fell back on his course
syllabi as the basis for the alleged promise—testimony Plaintiff ignored in his
Motion but has relied upon extensively in opposing summary judgment. Dkt.
48 at 3-4, 48-2 at 129:21-130:21; *compare* Dkt. 57 at 3, 5, 10, 17-19, 28. In
any event, Plaintiff's individual syllabi contained no promise of fifteen weeks

of classes. Dkt. 48 at 3-4, 48-2 at 129:21-130:21, 48-3, 48-4. Likewise, with

respect to the alleged promise of fifteen weeks of on-campus activities in the

Articles (which contain no such promise), Plaintiff admitted at deposition he

was not even aware the Articles existed prior to this lawsuit. Dkt. 48 at 5-6,

48-2 at 31:7-13, 48-9. Bradley's Opposition similarly broke each of Plaintiff's

claims into its constituent elements under Illinois law and highlighted the

absence of classwide proof and predominant, individualized issues for each

element of each claim. Dkt. 48 at 2-7, 48-1 to 48-15.

Plaintiff presented no additional evidence to bridge these gaps in his

proofs and to establish express or implied classwide contractual terms fitting

his allegations. To the contrary, at the July 6, 2022 class certification

hearing, Plaintiff's counsel disclaimed any intention to present additional

evidence of his asserted contractual terms, stating:

> This [the Catalog] is our evidence. The jury will interpret this
> revision how they want to. And how they interpret it applies to
> everybody. . . . ***[W]e are not offering anything else. This
> is the only – this is the document for the promise for 15
> weeks of on-campus classes***. . . . We are not – there's
> nothing – ***we are not submitting anything else***.

Dkt. 62 at 60:5-61:22 (emphases added). Thus, the entirety of Plaintiff's

purported classwide proof of an alleged promise of fifteen fixed weeks of on-

campus classes is a calendar that contains no such promise, is expressly

"subject to revision," which Plaintiff himself admitted Bradley can revise,

and which Bradley has in fact revised in the past to cancel classes in response to severe weather and traumatic events.

As another example, the record establishes clear errors in Plaintiff's proposed classwide damages models. Plaintiff proposes to measure damages for the Tuition Class as 1/15 (6.667%) of Bradley's "standard tuition rate" of $17,100, and 7/15 (47%) of the standard Activity Fee of $85. Dkt. 41 at 5, 41-2, 41-3. No witness, fact or expert, testified in support of this model. The only evidence Plaintiff offered was a page of handwritten "2019-2020 Rates" and Plaintiff's individual invoice for Spring 2020. Dkt. 41-2, 41-3. The invoice, however, disclosed that Plaintiff did **_not_** pay the full amount of his tuition and fees; he received $6,000 in scholarships. Dkt. 41-3. The remainder was paid by loans, and Plaintiff testified at deposition that he only took out the smaller of the two loans, for $3,711, while his parents (who are **_not_** parties and are **_not_** class members) took out the larger loan for $10,648. Dkt. 48 at 5, 48-2 at 46:9-12, 47:21-49:3. Plaintiff also rejected his own proposed models, insisting he should also receive damages for the "subpar" value assessed by the jury for each of his (and the class members') individual classes and that the jury should also determine what is "appropriate" to refund to each class member from the activity fee based on their individual activities. Dkt. 48-2 at 18:1-24, 80:14-85:2, 159:11-19. Plaintiff also agreed it

would be "reasonable" to deduct the amounts Bradley paid to class members as financial assistance. *Id*. at 141:11-16.

Following briefing and the July 6 class certification hearing, the District Court entered its Order on July 22, certifying the Tuition and Activity Fee Classes and denying certification of the Course Surcharge Fee Class. The District Court previewed its approach at the hearing: "It seems to me that a lot of what you're saying goes to the merits of the case rather than the issue of class certification." Dkt. 62 at 23:19-24. The Order repeated that view several times, finding that Bradley's evidence in opposition to both the Tuition Class and the Activity Fee Class "is unpersuasive" because it is "more closely related to the merits" of Plaintiff's claims. Order at 10, 17-18. The District Court also repeatedly cited to what Plaintiff "alleges," and found Plaintiff's allegations sufficient to support class certification under the reasoning of the District of Arizona in *Little v. Grand Canyon University*, No. CV-20-00795-PHX-SMB, 2022 U.S. Dist. LEXIS 16174 (D. Ariz. Jan. 28, 2022), because the class members "allegedly all suffered a common injury." *See* Order at 7-8, 9-10, 12-13, 14-16, 17, 19. Bradley seeks an immediate appeal because it respectfully submits the District Court's Order did not apply the correct standard and consequently reached an erroneous result.

## RELIEF SOUGHT

This Court should reverse the District Court's Order granting certification of the Tuition and Activity Fee Classes. Alternatively, this Court should vacate the District Court's Order and remand with instructions to reevaluate class certification consistent with the Seventh Circuit's rigorous analysis standard.

## STANDARD FOR GRANTING REVIEW

This Court has "unfettered discretion" to permit an appeal from an order granting or denying class certification. *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 497 (7th Cir. 2013) (citation omitted). While there is no bright-line test, two circumstances are present here in which an interlocutory appeal is "probably appropriate." *Id.* at 497. Immediate review is appropriate when "class action status so greatly expands [a] defendant's potential liability so as to coerce a settlement, even if meritorious," *id.*, particularly where the "district court's decision is problematic[.]" *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011). Review is also is appropriate for "an appeal that advances class action law." *Reliable Money Order*, 704 F.3d at 497.

## REASONS FOR GRANTING THE PETITION

**I.    The District Court Greatly Expanded Bradley's Potential Liability, Risking a Coercive Settlement on Problematic Grounds that Fail the Rigorous Analysis Standard.**

Plaintiff essentially moved for class certification on his bare allegations, with minimal to no consideration of the evidence and the constituent elements of state law. The District Court accepted this approach and certified two classes on problematic grounds, thereby exposing Bradley to a threat of liability far exceeding the merits of Plaintiff's claims. The Order shifted Bradley's potential liability from a single-plaintiff action to two classes with thousands of members. For a nonprofit university, the risk of financially devastating consequences from proceeding to a classwide trial on claims that are manifestly unsuited for class treatment—and on which Plaintiff claims nearly $10 million in damages—exerts improper coercive pressure to settle. Bradley should not be forced to gamble its financial future based on an Order that did not hold Plaintiff to his burden of proof under Rule 23 and deferred all evidence to the merits phase.

### A.    Class Certification Requires a Rigorous Analysis to Satisfy Commonality and Predominance.[2]

The Order is problematic because it accepted Plaintiff's view of class

---

[2] This petition focuses on the Rule 23 elements of commonality and predominance. *See* Fed. R. Civ. P. 23(a), (b)(3). Plaintiff's proofs also failed

certification as a pleading exercise and deferred all evidence for later consideration "related to the merits." Order at 10, 17-18. But "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Plaintiff "must affirmatively demonstrate his compliance with the Rule," and certification demands a "rigorous analysis." *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). This "rigorous analysis" frequently requires the District Court "to probe behind the pleadings" and "will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 350-51 (quoting *Falcon*, 457 U.S. at 160).

This Court has made clear that a District Court abuses its discretion where, as here, it does not "engage in the detailed analysis that a Rule 23 decision requires." *Santiago v. City of Chi.*, 19 F.4th 1010, 1018 (7th Cir. 2021). That entails "breaking [the claims] down into their constituent elements" so the District Court can "decide which issues are common, individual, and predominant." *Id.* It further requires determining whether the evidence required to prove each element will "suffice for each member to make a prima facie showing" or "varies from member to member[.]" *Id.* (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814

---

with respect to typicality, adequacy, and superiority, but the commonality and predominance errors are dispositive.

(7th Cir. 2012) (internal citations omitted)). What matters to class certification is not "the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common ***answers*** apt to drive the resolution of the litigation[.]" *Wal-Mart*, 564 U.S. at 350 (citation omitted); *see also McFields v. Dart*, 982 F.3d 511, 515 (7th Cir. 2020) (affirming denial of certification because plaintiff's claim required individualized proof); *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085-87 (7th Cir. 2014) (reversing certification because district judge "did not explore" predominance and treated it "as a pleading requirement").

### B.    Plaintiff Did Not Present, and the District Court Did Not Undertake, a Rigorous Analysis of the Facts and Law.

Plaintiff's Motion and the District Court's Order departed from the rigorous analysis standard. Plaintiff relied nearly exclusively on the pleadings rather than the record to support his Motion, omitting all witness testimony and referencing only three documents from discovery. *See* Dkt. 41. Plaintiff's Reply did not cure this deficiency. *See* Dkt. 53. Neither Plaintiff's Motion nor his Reply cited a single Illinois case or undertook to show how any evidence in the record would suffice to establish any element of any claim for all class members. *See* Dkt. 41, 53. Plaintiff further framed the "predominant questions" in the broadest strokes as "whether Bradley breached its contract with its students or was unjustly enriched" by "only

providing 14 weeks of instruction for a 15-week semester" or "only offering" on-campus activities "for 8 weeks of the 15-week" semester. Dkt. 41 at 18. Plaintiff presented no classwide evidence answering either question.

Bradley's Opposition, by contrast, fulfilled the requirements of a rigorous analysis, breaking each of Plaintiff's claims into its elements and extensively discussing the absence of classwide proof and the necessity of individualized evidence to establish each element of each claim. *See* Dkt. 48.

The District Court's Order accepted Plaintiff's erroneous approach, citing Plaintiff's allegations as sufficient to support certification while discarding Bradley's claim-by-claim, element-by-element, proof-by-proof rebuttal as a discussion for the "merits." *See* Order at 7-8, 9-10, 12-13, 14-16, 17-18, 19. The District Court also accepted Plaintiff's simplistic framing of his "predominant questions," found it sufficient that the members of each class "all share the same alleged common injury," and declared it "unnecessary for this court to consider Plaintiff's ability or inability to prove specific contractual terms." Order at 8, 12-14, 16, 18-19.

The District Court relied primarily on the District of Arizona's decision in *Little*, repeatedly describing this case as "similar" to *Little*, which "did not delve into the parties' ability to prove alleged contractual terms" but instead "focused on the alleged common injury" to class members. *See* Order at 7-10,

12-13, 15, 17, 19 (citing *Little*, 2022 U.S. Dist. LEXIS 16174). The District Court's reliance on *Little* was misplaced. District court opinions "are of little or no authoritative value," and "the persuasiveness of the reasoning underlying such decisions is at its lowest when, as here, it comes from courts that are not bound by the precedents of this circuit." *Malbarba v. Chicago Tribune Co.*, 149 F.3d 690, 697 (7th Cir. 1998).

*Little* is inapposite and unpersuasive here. The Ninth Circuit has described the "rigorous analysis" standard differently from this Circuit, stating that it requires a district court to judge "the persuasiveness of the evidence presented" and to resolve whether the "entire class was subject to" the same allegedly wrongful conduct. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982-83 (9th Cir. 2011). Thus, a claim that an entire class shares "the same alleged common injury" might pass muster in the Ninth Circuit, but does not satisfy this Court's requirement to break each claim into its "constituent elements" and determine whether the evidence to prove each element is common or individual. *Santiago*, 19 F.4th at 1018. Even under the Ninth Circuit's approach, *Little* is not well-reasoned. The court found plaintiff had satisfied commonality for his breach of contract claim (but not his unjust enrichment claim) because "[t]he class members ***allegedly*** all suffered a common injury[.]" 2022 U.S. Dist. LEXIS 16174, at *15 (emphasis

added). That is an assessment of the pleadings, not the record.

Moreover, *Little* involved distinct claims for refunds of room and board fees and student fees for services, facilities, resources, activities, and events, **not** tuition. *Id.* at \*2-5, \*13-14. The ruling contains almost no discussion of the evidence presented, aside from noting it was "not disputed" that defendant "told all students to move home" and "closed various campus amenities for which fees were paid." *Id.* at \*20. Thus, the decision involved distinct claims, different evidence, the laws of a different state, and a different mode of analysis. The District Court erred by giving inordinate weight to *Little* while neglecting to analyze each of Plaintiff's claims under the Seventh Circuit's rigorous analysis standard.

### C.   Application of the Rigorous Analysis Standard Requires Denial of Plaintiff's Class Certification Motion.

The District Court's erroneous approach yielded an incorrect result. If the District Court had undertaken a rigorous analysis under the law of this Circuit, it could not have certified either of Plaintiff's Classes. A full discussion of the evidence and law against certification is beyond the limits of this petition, but several key examples illustrate the District Court's error.

### 1.   Plaintiff Is Incapable of Proving His Breach of Contract Claims by Classwide Evidence.

The District Court erred in finding it "unnecessary" to consider "Plaintiff's ability or inability to prove" his asserted contractual promises.

Order at 8, 16. That is the most essential element of Plaintiff's claim under Illinois law. A breach of contract claim must be predicated on "definite and certain terms." *Zirp-Burnham, LLC v. E. Terrell Assocs.*, 356 Ill. App. 3d 590, 600 (1st Dist. 2005). A student cannot "merely state that an implied contract existed and was breached"; he must "point to an identifiable contractual promise that the defendant failed to honor" and "be specific about the source of this implied contract, the exact promises the university made to the student, and the promises the student made in return." *Gociman*, 2022 U.S. App. LEXIS 20425, at *14 (quoting *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013)).

Here, Plaintiff has offered no common evidence of a contract to provide fifteen fixed weeks of on-campus classes or fifteen weeks of in-person activities. Plaintiff's sole reliance on an academic calendar that makes no promise of fifteen weeks of in-person classes and is expressly "subject to revision," and on Articles that contain no promise of fifteen weeks of on-campus activities and which Plaintiff did not even know existed prior to this litigation, falls far short of classwide proof of exact, identifiable promises. The absence of common evidence of the contractual terms forming the entire basis for Plaintiff's claims is fatal to his bid for class certification.

The District Court also erred in accepting Plaintiff's classwide damages

models without addressing their deficiencies, and instead expressing its "confiden[ce]" that, "if indeed this claim is found to have merit, [the Court] will be able to fashion an appropriate formula for damages." *See* Order at 9, 11, 17. That is contrary to *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), which requires Plaintiff to establish as part of the "rigorous analysis" at the class certification stage that "damages are capable of measurement on a classwide basis," and that the model to calculate such damages "must measure only those damages attributable to [plaintiff's] theory." *Id.* at 34-35. Indeed, "refusing to entertain arguments against [a party's] damages model that b[ear] on the propriety of class certification, simply because those arguments [are] also [] pertinent to the merits determination . . . r[uns] afoul of our precedents requiring precisely that inquiry." *Id.* at 34.

Illinois contract law only permits recovery of "actual loss" from a breach. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 149 (2005). It prohibits contract damages that put the plaintiff in a better position than if the contract not been breached. *Mayster v. Santacruz*, 2020 IL App (2d) 190840, ¶ 31 (Dec. 29, 2020). Here, by awarding Plaintiff and the class members 1/15 of "standard tuition" and 7/15 of the full Activity Fee, without accounting for amounts never paid by Plaintiff or the class members—such as the $6,000 in scholarships Plaintiff received and the $10,648 his parents

paid—Plaintiff's model awards a windfall, not actual damages.

No fact or expert witness testified in support of Plaintiff's damages models, and Plaintiff's own testimony contradicted these models. To satisfy due process, Plaintiff's "method of determining damages must match the plaintiff's theory of liability and be sufficiently reliable," and Bradley must be "given the opportunity to challenge each class member's claim to recovery[.]" *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015). Plaintiff's models fit none of these criteria, and the District Court erred in accepting them based on its belief that it could "fashion an appropriate formula" at some later stage in the case.

### 2. Plaintiff Is Incapable of Proving His Unjust Enrichment Claims by Classwide Evidence.

The District Court further erred in allowing Plaintiff's alternative theory for unjust enrichment to survive certification, finding that Bradley's proof of "even greater individualized analysis" for unjust enrichment "bear[s] much more on the merits of Plaintiff's claim than the question of class certification." Order at 20-21. That fails to conform to the rigorous analysis standard. Plaintiff offered no evidence whatsoever to support classwide answers to any of the elements of unjust enrichment; he simply tacked the claims onto his breach of contract argument. *See* Dkt. 41 at 3, 13, 18. Moreover, where the parties agree their relationship is contractual and

only disagree regarding the terms, as is the case here, an unjust enrichment claim cannot proceed. *See Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 570 (7th Cir. 2016); *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004).

## II.    An Immediate Review Would Advance Class Action Law.

Because this is one of many tuition and fee refund cases pending around the country, and the first appeal of a class certification order in such a case in this Circuit, it also affords this Court an opportunity to advance class action law in a developing area.

First, this case highlights the need to clarify the common proof required to certify an implied-in-fact breach of contract claim against a university. This Court recently confirmed the promises alleged in this case— to provide in-person instruction and activities—are ***not*** express contracts but may be implied-in-fact contracts ***if*** such terms can be discerned from "the school's catalogs, bulletins, circulars, regulations, and other publications, and customs[.]" *Gociman*, 2022 U.S. App. LEXIS 20425, at *14-15. As discussed above, Plaintiff's reliance on the Catalog is entirely misplaced, and Plaintiff did not identify and the record does not contain any evidence of bulletins, circulars, regulations, publications, or customs supporting either of his alleged promises. To the contrary, Bradley has

revised its calendar in the past to cancel classes without rescheduling them due to factors like severe weather and traumatic events. Dkt. 43 at 9, 43-10, 43-21. This Court can clarify the common proof required to establish classwide implied-in-fact contractual terms.

Second, this case provides an opportunity for this Court to clarify whether certification of an alternative claim for unjust enrichment is appropriate in cases where the parties agree their relationship is contractual in nature and only disagree on the terms. *See Enger*, 812 F.3d at 570.

Third, this Court can clarify whether, at the class certification stage, a Plaintiff's proposed classwide damages model under *Comcast*: (1) must be supported by the testimony of an expert or fact witness; and (2) for a breach of contract claim, must measure only actual contractual damages and provide a formulaic method to exclude windfall damages. *See* 569 U.S. at 34-35; *Avery*, 216 Ill. 2d at 149.

## CONCLUSION

Bradley is subject to coercive settlement pressure as the result of a class certification Order that did not follow the rigorous analysis standard required to satisfy Rule 23 in this Circuit, and which raises multiple new questions in an emerging area of class action law. To prevent an unjust outcome and to advance class action law, Bradley respectfully requests this

Court grant its Rule 23(f) petition and, upon review, reverse or vacate the

District Court's Order.

Dated: August 5, 2022                   Respectfully submitted,

                                        **BRADLEY UNIVERSITY**

                                        By: /s/        *Gregory E. Ostfeld*

                                        Gregory E. Ostfeld (Atty. No. 6257163)
                                        ostfeldg@gtlaw.com
                                        Tiffany S. Fordyce (Atty. No. 235063)
                                        fordycet@gtlaw.com
                                        Kara E. Angeletti (Atty. No. 6329388)
                                        angelettik@gtlaw.com

                                        Greenberg Traurig, LLP
                                        77 West Wacker Drive, Suite 3100
                                        Chicago, Illinois 60601
                                        Tel: (312) 456-8400

                                        *Attorneys for Bradley University*

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Kara E. Angeletti, certify that this Petition complies with the type-volume limit of Federal Rule of Appellate Procedure 5(c)(1) because it was produced using a computer and contains 5,130 words.

Dated: August 5, 2022

Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ *Kara E. Angeletti*
Kara E. Angeletti

*Attorney for Defendant-Petitioner*

## CERTIFICATE OF SERVICE

I, Kara E. Angeletti, certify that on August 5, 2022, a true and correct copy of Bradley University's **Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f)** was served electronically via email on all counsel of record.

/s/ *Kara E. Angeletti*
Kara E. Angeletti

*Attorney for Defendant-Petitioner*

# Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

ORION EDDLEMON, individually and
on behalf of all others similarly situated,  )
                                              )

                Plaintiff,  )

                    )

        v.  )        **Case No. 1:20-CV-01264**

                    )

BRADLEY UNIVERSITY, an Illinois  )
not-for-profit corporation,  )

                    )

             Defendant.  )

## O R D E R

       Plaintiff Orion Eddlemon filed his Motion for Class Certification and Supporting

Memorandum of Law (#41) on February 4, 2022. Defendant Bradley University filed its

Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification (#48)

on May 12, 2022. Plaintiff filed his Reply in Support of Class Certification (#53) on June

3, 2022. This court held a hearing on July 6, 2022, at which the parties presented oral

argument. Plaintiff's Motion is ripe for ruling. For the following reasons, Defendant's

Motion is GRANTED in part and DENIED in part.

       Plaintiff alleges claims for breach of contract and unjust enrichment on his own

behalf and on behalf of a class of persons similarly situated. Plaintiff invokes this court's

jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and

also invokes the court's supplemental jurisdiction under 28 U.S.C. § 1367.

Although the parties do not at this point challenge the court's jurisdiction, the court notes that based on the size of the proposed class and the recovery sought for each class member, it appears that the requirements of the CAFA have been met. The court is satisfied that it has jurisdiction here.

## I.  BACKGROUND

Plaintiff Orion Eddlemon was enrolled as an undergraduate student at Bradley University during the Spring 2020 semester. Plaintiff was assessed tuition charges, an Activity Fee, and Course Surcharge Fees as part of his enrollment. Defendant Bradley University is an Illinois not-for-profit corporation located in Peoria, Illinois.

Defendant scheduled its Spring 2020 semester to last 15 weeks, from January 22, 2020, to May 5, 2020, with one week of Spring Break built in. On March 12, 2020, due to the coronavirus (COVID-19) pandemic, Defendant informed students, faculty, and staff that Defendant had decided to eliminate one week, March 23 to March 29, of the 15-week semester. Students were sent home and no on-campus classes or remote classes took place. Additionally, Defendant informed students, faculty, and staff that after March 29, all on-campus classes, events, and course-specific services would no longer be available, and all classes would be given via a remote learning format. All students were prohibited from returning to campus after this date. Defendant did not change the end date of the Spring 2020 semester. The eliminated week, from March 23 to March 29, was never made up. As a result, all students received on-campus instruction for only seven of the 15 weeks in the Spring 2020 semester.

Defendant employed a standard form tuition fee structure for the Spring 2020 semester. Defendant charged $17,100 in tuition for all full-time students, and all students who took more or fewer credits than full-time status paid an equal amount per credit hour. Undergraduate students enrolled in nine or more semester hours paid the same mandatory $85 Activity Fee as Plaintiff, while graduate students paid a mandatory $25 Activity Fee. Additionally, while Course Surcharge Fees were not charged for every course offered by Defendant, the tuition invoices for those students enrolled in qualifying courses reflected a separate charge for the Course Surcharge Fee. However, these Course Surcharge Fees were not standardized, varied depending on specific class enrollment, and paid for different supplies, including laboratory supplies and art supplies.

Despite the campus shutdown, Defendant did not offer students a refund of tuition, Activity Fees, or Course Surcharge Fees. However, Defendant did provide refunds for students who moved out of their on-campus housing. Those students were provided their pro-rata share of Room and Board costs.

Plaintiff's proposed class definition is limited to students and former students who were enrolled in the Spring 2020 semester and who paid, or on whose behalf payment was made, for on-campus Tuition, Activity Fees, and Course Surcharge Fees to Defendant. Plaintiff estimates that there are approximately 7,759 students included in the Tuition Class, 4,622 students in the Activity Fee Class, and 2,122 students in the Course Surcharge Fee Class.

Plaintiff, individually and on behalf of all others similarly situated, filed a

Motion in the U.S. District Court for the Central District of Illinois, Peoria Division,

seeking an Order granting Class Certification, appointing Plaintiff as Class

Representative, and appointing Plaintiff's counsel as Class Counsel. Plaintiff alleges a

breach of contract claim and an unjust enrichment claim.

In response, Defendant is requesting that the court deny Plaintiff's motion with

prejudice.

## II. ANALYSIS

A.  <u>Class Certification Standard</u>

For a court to certify a class under Federal Rule of Civil Procedure 23, the party

seeking to bring a class action "must affirmatively demonstrate his compliance

with Rule 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rule 23(a)

provides prerequisites for a class action, including that "(1) the class is so numerous

that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are typical

of the claims or defenses of the class; (4) the representative parties will fairly and

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1-4). In addition to

satisfying the requirements of Rule 23(a), the "party must also satisfy through

evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*,

599 U.S. 27, 27 (2013). Rule 23(b)(3) requires that "questions of law or fact common to

class members predominate over any questions affecting only individual members, and

that a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Further, under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g).

### B. Plaintiff's Motion for Class Certification

Plaintiff has moved to certify three classes under Rule 23. First, Plaintiff seeks to certify the Tuition Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made for tuition for on-campus classes for the Spring 2020 Semester." Second, Plaintiff seeks to certify the Activity Fee Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made, for an Activity Fee for the Spring 2020 Semester." Third, Plaintiff seeks to certify the Course Surcharge Fee Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made for a Course Surcharge Fee for the Spring 2020 Semester."

According to the Seventh Circuit, "plaintiffs seeking to certify a class bear the burden of demonstrating compliance with Rule 23." *Gorss Motels, Inc. v. Brigadoon Fitness, Inc.*, 29 F.4th 839, 843 (7th Cir. 2022). When considering class certification under Rule 23, courts are not permitted to "engage in free-ranging merits inquiries." *Amgen, Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013). Instead, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*.

1. *Whether the Tuition Class Qualifies for Certification*

The numerosity requirement of Rule 23(a)(1) provides that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Second Circuit, in finding that a proposed class of 850 claimants dispersed throughout the United States was "clearly so numerous that joinder [was] impracticable," also determined that "[i]ndividual adjudication of each claim would take many years and would drastically increase the legal expenses for all of the parties." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992). Additionally, the Seventh Circuit has noted that "[w]hile there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).

Here, Plaintiff estimates that there are approximately 7,759 students included in the Tuition Class. Defendant does not address Plaintiff's arguments regarding the numerosity requirement of Rule 23(a)(1).

Owing to the estimated number of individuals included in the Tuition Class, this court finds that the numerosity requirement of Rule 23(a)(1) is satisfied for the Tuition Class.

Under the commonality requirement of Rule 23(a)(2), class members are required to have common "questions of law or fact." Fed. R. Civ. P. 23(a)(2). According to the Seventh Circuit, "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). The court also noted that "[n]either Rule 23 nor any gloss that decided cases have added to it requires

6

that *every* question be common. It is routine in class actions to have a final phase in which individualized proof must be submitted." *Id.* (emphasis in original).

Plaintiff contends that members of the Tuition Class satisfy the commonality requirement. Plaintiff alleges that Defendant has retained tuition money paid by or on behalf of class members despite Defendant's cancelling of one week of the Spring 2020 semester, from March 23-29, 2020, and failing to make up the missed week during the semester.

In response, Defendant argues that Plaintiff has failed to satisfy the commonality requirement of Rule 23(a)(2) and alleges that "individual issues predominate over common issues for each element of Plaintiff's breach of contract claim." Defendant merges the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) and devotes much of its argument on commonality to what it asserts as Plaintiff's inability to prove contractual terms promising a 15-week semester.

In a case from the United States District Court for the District of Arizona, the court, when evaluating a plaintiff's claim for two classes of those who paid room and board to Grand Canyon University (GCU) and of those who paid fees to GCU during the Spring 2020 semester, addressed the commonality requirement of Rule 23(a)(2). *Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2022 WL 266726 at *5 (D. Ariz. Jan. 28, 2022). The court explained that the plaintiff satisfied the commonality requirement for the breach of contract claim. *Id.* According to the court, "[t]he class members allegedly all suffered a common injury: GCU failed to provide campus

7

services and facilities for which students paid for the Spring 2020 semester." *Id.* Further, the court stated, "[w]hether GCU breached contracts when it encouraged students to go home during the Spring 2020 semester and retained money for some services are questions that can be resolved on a class basis." *Id.*

This case is similar to *Little*. The *Little* court did not delve into the parties' ability to prove alleged contractual terms to satisfy the commonality requirement. Instead, the court focused on the alleged common injury suffered by class members who paid GCU. In this case, the members of the Tuition Class all share the same alleged common injury. The class members paid Defendant for a 15-week spring semester and only received a 14-week semester. It is unnecessary for this court to consider Plaintiff's ability or inability to prove specific contractual terms promising a 15-week semester. Rather, this court only needs to determine if common "questions of law or fact" are shared by the Tuition Class members. As a result, this court finds that the commonality requirement of Rule 23(a)(2) is satisfied for the Tuition Class, since all class members allegedly suffered a common injury.

Further, under the typicality requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" are required to be typical "of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has noted that "[t]ypicality is met if the named representative's claims arise from the same events or course of conduct that gives rise to the putative class members' claims." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018).

8

Plaintiff contends that the typicality requirement is satisfied, as Defendant "employed a standard form tuition fee structure for the Spring 2020 semester, with $17,100 being the same amount paid for all full-time students, and all students who took more or less than full time status paid an equal amount per credit hour." Additionally, Plaintiff argues that "[t]he fact that Plaintiff and some other class members may have paid different amounts of tuition . . . does not render the claims atypical because each will receive a pro-rata refund based upon the same percentage of time lost." To account for the missed week of instruction, Plaintiff notes that "the tuition class damages will equal 6.67% of the total tuition paid by each student." In response, Defendant argues that Plaintiff's claims are atypical of the proposed class. Defendant relies on Plaintiff's deposition to support its argument, highlighting Plaintiff's statements that he "received more instruction hours in Spring 2020 than the previous semester, received different course syllabi with different putative contractual terms, accepted professors' individual class cancellations without complaint, and measured his educational goals in terms of continuity, not instruction time."

In *Little,* the court noted that "'the typicality requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" 2022 WL 266726, at *5. (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010)). The court also explained that the typicality requirement "'is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.'" *Id.*

9

(quoting *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017)). Additionally, the court noted that the fact the plaintiff did not pay the same fees as every member of the class was irrelevant if the plaintiff endured a course of conduct directed against the class. *Id.* at *6.

The *Little* court's discussion of typicality is relevant to this case, as Plaintiff endured a course of conduct directed at the class. Here, Plaintiff was enrolled during the Spring 2020 semester, and during this semester, Defendant directed a course of conduct against the class. Defendant's conduct included its charging students a standard tuition rate, canceling a week of classes and failing to make up the missed week, and retaining the full amount of tuition payments. Further, as in *Little*, any variations between what Plaintiff paid in tuition and what other members of the class paid is irrelevant, since Defendant directed a course of conduct against the entire class. Additionally, Defendant's reliance on Plaintiff's deposition is unpersuasive, as the content of Plaintiff's statements are more closely related to the merits of Plaintiff's breach of contract and unjust enrichment claims. Therefore, this court finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3) for the Tuition Class.

Finally, the predominance and superiority requirements of Rule 23(b)(3) provide that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Under this Rule, courts can consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent

10

and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

The United States Supreme Court has explained that the "'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623 (1997)). The Court further noted that "[w]hen 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Id.* (quoting 7AA C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1778, pp. 123–124 (3d ed. 2005)). Additionally, when addressing the superiority requirement, the United States Supreme Court explained that class actions are designed to "'overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's . . . labor.'" *Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (1997)). Further, in an unpublished opinion from the United States District Court for the Southern District of California, the court stated that plaintiffs can satisfy the superiority requirement "when they show that 'classwide litigation of common

11

issues will reduce litigation costs and promote greater efficiency,' or that 'no reasonable alternative exists.'" *Consolidated Fiberglass Prod. Co. v. Gemini Ins. Co.*, No. 09-CV-1632-H (WMC), 2011 WL 13180451, at *2 (S.D. Cal. Feb. 4, 2011), (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996)).

Plaintiff argues that the determination of whether Defendant "breached its contract with its students or was unjustly enriched by retaining full tuition while only providing 14 weeks of instruction for a 15-week semester" is a legal issue that will not involve any individual issues. Plaintiff notes that he and "the other Class members experienced virtually identical circumstances as a result of [Defendant's] need to close campus and operate the college virtually." Additionally, Plaintiff cites the estimated 7,759 Tuition Class members and contends that without a class action, individual actions would be cost-prohibitive and inefficient. In response, Defendant contends that Plaintiff has not met his burden to demonstrate that common questions of law or fact predominate over individual questions for Plaintiff's breach of contract and unjust enrichment claims and contends that Plaintiff has not met his burden on superiority. Defendant argues that owing to a lack of common questions, there are individualized circumstances that will result in "[a]n endless series of minitrials for each putative member." Neither Plaintiff nor Defendant provides argument regarding the Rule 23(b)(3)(A-D) factors.

In *Little*, the court outlined the actions taken by GCU, including sending students home for the remainder of the Spring 2020 semester and closing campus amenities, and noted that "GCU took actions which uniformly affected students and potentially

12

resulted in a breach of contract" because students had paid for a full semester of room and board and fees. *Little v. Grand Canyon Univ.*, 2022 WL 266726, at *6-7. As a result, the court stated that "questions of law or fact predominate[d] over questions affecting only individual members." *Id.*

This case is similar to *Little.* As in *Little,* common questions predominate over individual questions. Here, Plaintiff presents common questions as to whether Defendant breached its contract with its students or was unjustly enriched by retaining full tuition payments despite providing 14 weeks of instruction in a 15-week semester. This is a question common to the class that Plaintiff seeks to certify. Additionally, based on Plaintiff's proposed class definition, Plaintiff estimates that there are approximately 7,759 students included in the Tuition Class. Because of the common issues shared and owing to the large class size, most students will not be able to seek individual relief owing to the costs of individual litigation and the potential individual recovery amounts. Instead, a class action will reduce litigation costs and promote greater efficiency. Therefore, this court finds that Plaintiff has satisfied the predominance and superiority requirement of Rule 23(b)(3) for the Tuition Class. Because Plaintiff has satisfied the Rule 23(a)(1-3) requirements and the Rule 23(b)(3) requirement, this court finds that the Tuition Class qualifies for certification.

2. *Whether the Activity Fee Class Qualifies for Certification*

Plaintiff seeks to certify the Activity Fee Class, which he defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made, for an Activity Fee for the Spring 2020 Semester." All undergraduate students

13

enrolled in nine or more semester hours paid the same mandatory $85 Activity Fee as Plaintiff, while graduate students paid a $25 Activity Fee.

The numerosity requirement of Rule 23(a)(1) states that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In *Mulvania v. Sheriff of Rock Island Cty.*, the Seventh Circuit found that a forty-member class is sufficient to meet the numerosity requirement. 850 F.3d at 859.

Here, Plaintiff estimates that there are approximately 4,622 students in the Activity Fee Class. Defendant does not address Plaintiff's arguments regarding the numerosity requirement of Rule 23(a)(1).

Owing to the estimated number of individuals included in the Activity Fee Class, this court finds that the numerosity requirement of Rule 23(a)(1) is satisfied for the Activity Fee Class.

Under the commonality requirement of Rule 23(a)(2), class members are required to have common "questions of law or fact." Fed. R. Civ. P. 23(a)(2). According to the Seventh Circuit, "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek*, 764 F.3d at 756. The court also noted that "[n]either Rule 23 nor any gloss that decided cases have added to it requires that *every* question be common. It is routine in class actions to have a final phase in which individualized proof must be submitted." *Id* (emphasis in original).

Plaintiff contends that the Activity Fee Class satisfies the commonality requirement. Plaintiff alleges that Defendant has breached its contract or has been

14

unjustly enriched by retaining the Activity Fees paid by all students, enrolled in nine or more semester hours, for on-campus activities. Plaintiff's breach of contract claim for the Activity Fee focuses on Defendant's failure to provide activities funded by the Activity Fee during the one week Defendant canceled classes, and also alleges that students, such as Plaintiff, did not contract for online activities held during the remaining weeks of the semester.

In response, Defendant argues that Plaintiff has failed to satisfy the commonality requirement of Rule 23(a)(2) and alleges that "individual issues predominate over common issues for each element of Plaintiff's breach of contract claim." Defendant merges the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) and devotes much of its argument on commonality to what it asserts as Plaintiff's inability to prove contractual terms. Additionally, Defendant contends that Defendant's offering of remote activities, in which Plaintiff himself participated, negates Plaintiff's claim that breach occurred when on-campus activities were cancelled for the remainder of the semester.

In *Little,* the court explained that the plaintiff satisfied the commonality requirement for the breach of contract claim. *Id.* According to the court, "[t]he class members allegedly all suffered a common injury: GCU failed to provide campus services and facilities for which students paid for the Spring 2020 semester." *Id.*

This case is similar to *Little.* The *Little* court did not delve into the parties' ability to prove alleged contractual terms to satisfy the commonality requirement. Instead, the court focused on the alleged common injury suffered by class members who paid GCU.

15

In this case, the Activity Fee Class members all share the same alleged common injury. The class members paid Defendant an Activity Fee for on-campus activities over a 15-week semester. This court does not need to consider Plaintiff's ability or inability to prove specific contractual terms promising a 15-week semester of on-campus activities. Rather, this court only needs to determine if common "questions of law or fact" are shared by the Activity Fee Class members. Fed. R. Civ. P. 23(a)(2). As a result, this court finds that the commonality requirement of Rule 23(a)(2) is satisfied for the Activity Fee Class, since all class members allegedly suffered a common injury.

Further, under the typicality requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" are required to be typical "of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has noted that "[t]ypicality is met if the named representative's claims arise from the same events or course of conduct that gives rise to the putative class members' claims." *Beaton*, 907 F.3d at 1026.

Plaintiff contends that the typicality requirement is satisfied, as Defendant charged each undergraduate student enrolled in nine or more semester hours the same $85 Activity Fee as Plaintiff and charged graduate students $25. Plaintiff notes that "[b]ecause on-campus classes were cancelled for all students at the same time, all student class members were not provided access to on-campus Activities paid for by the Activity Fee." Additionally, Plaintiff argues that "[t]he fact that Plaintiff and some other class members may have paid different amounts of Activity Fees . . . does not render the claims atypical because each will receive a pro-rata refund based upon the

16

same percentage of time lost . . ." Because there were no on-campus activities for seven weeks of the 15-week semester, Plaintiff asserts that "Plaintiff and the class members should receive a 47% refund for the time they were not able to participate in on-campus activities funded by the Activity Fees."

In response, Defendant argues that Plaintiff's claims are atypical of the proposed class. Defendant relies on Plaintiff's deposition to support their argument, highlighting Plaintiff's statements that he participated in remote activities offered by Defendant and Plaintiff's admission that "other students' experiences with respect to activities and remote courses would differ from his own and would require individualized assessments."

In *Little,* the court explained that the typicality requirement "'is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.'" *Id.* (quoting *Just Film, Inc. v. Buono,* 847 F.3d 1108, 1118 (9th Cir. 2017)).

The *Little* court's discussion of typicality is relevant to this case, as Plaintiff endured a course of conduct directed at the class. Here, Plaintiff was enrolled during the Spring 2020 semester, and during this semester, Defendant directed a course of conduct against the class. Defendant's conduct included its failure to provide on-campus activities for seven weeks of the semester and its refusal to offer students a refund for paid Activity Fees. Additionally, Defendant's reliance on Plaintiff's deposition is unpersuasive, as the content of Plaintiff's statements are more closely

17

related to the merits of Plaintiff's breach of contract and unjust enrichment claims. Therefore, this court finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3) for the Activity Fee Class.

Finally, this court will consider the predominance and superiority requirements of Rule 23(b)(3) for the Activity Fee Class.

In *Tyson Foods, Inc.*, the Court has explained that the "'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." 577 U.S. at 442 (quoting *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623 (1997)). Additionally, in *Consolidated Fiberglass Prod. Co. v. Gemini Ins. Co*, the Southern District of California explained that plaintiffs can satisfy the superiority requirement "when they show that 'classwide litigation of common issues will reduce litigation costs and promote greater efficiency,' or that 'no reasonable alternative exists.'" No. 09-CV-1632-H (WMC), 2011 WL 13180451, at *2 (S.D. Cal. Feb. 4, 2011), (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996)).

Plaintiff argues that the Activity Fee Class involves a predominant question that turns on common evidence, namely, whether Defendant "breached its contract or been unjustly enriched by retaining all of Activity Fees collected for on-campus activities but only offering these activities for [eight] weeks of the 15-week . . . semester." Plaintiff states that "[a]ll students were sent home on the same day and not allowed to return. Thus, no student was able to participate in any of the on-campus activities paid for by the Activity Fee." Additionally, Plaintiff cites the estimated 4,622 Activity Fee Class

members and contends that without a class action, individual actions would be cost-prohibitive and inefficient.

In response, Defendant contends that Plaintiff has not met his burden to demonstrate that common questions of law or fact predominate over individual questions for Plaintiff's breach of contract and unjust enrichment claims and contends that Plaintiff has not met his burden on superiority. Neither Plaintiff nor Defendant provides argument regarding the Rule 23(b)(3)(A-D) factors.

In *Little*, the court found that "GCU took actions which uniformly affected students and potentially resulted in a breach of contract" because students had paid for a full semester of room and board and fees. *Little*, 2022 WL 266726, at *6-7. As a result, the court stated that "questions of law or fact predominate[d] over questions affecting only individual members." *Id.*

This case is similar to *Little.* As in *Little,* common questions predominate over individual questions. Here, Plaintiff presents common questions as to whether Defendant breached its contract with its students or was unjustly enriched by retaining full Activity Fee payments despite only providing eight weeks of on on-campus activities in a 15-week semester. This is a question common to the class that Plaintiff seeks to certify. Additionally, based on Plaintiff's proposed class definition, Plaintiff estimates that there are approximately 4,622 students included in the Activity Fee Class. Owing to the common issues shared and the large class size, a class action will reduce litigation costs and promote greater efficiency. Therefore, this court finds that Plaintiff has satisfied the predominance and superiority requirement of Rule 23(b)(3) for the

19

Activity Fee Class. Because Plaintiff has satisfied the Rule 23(a)(1-3) requirements and the Rule 23(b)(3) requirement, this court finds that the Activity Fee Class qualifies for certification.

### 3. *The Impact of Non-Student Payors on the Issue of Class Certification*

Defendant argues that the proposed classes should not be certified because assessing performance of the contract by Plaintiff and each class member would require an individualized inquiry. Defendant cites *Evans v. Brigham Young Univ.*, 2022 WL 596862, at *4 (D. Utah Feb. 28, 2022) in support of its argument.

Plaintiff responds that the class in *Evans* was defined differently than the class is defined here. In *Evans*, the proposed class included "all people who paid tuition and/or fees … during the Winter 2020 semester." *Id.* at *3. Here, the proposed class is defined as "all students who paid, or on whose behalf payment was made … for the Spring 2020 semester."

The court finds the class definition here does not present the same issue as the class definition in *Evans*. Here, Plaintiff and other students similarly situated are the parties alleged to have formed a contract with Defendant. The proposed class here does not include unascertainable third-party payors like the proposed class in *Evans*. If Plaintiff and the class were to ultimately obtain a recovery from Defendant, third party payors could potentially seek reimbursement from Plaintiff. But that reality does not hinder this court in certifying these classes.

### 4. *Whether Plaintiff's Unjust Enrichment Claim Survives as to These Classes*

Defendant argues Plaintiff's claim for unjust enrichment should not survive this stage of litigation, even if his breach of contract claim does, because it would require even greater individualized analysis.

Plaintiff responds that federal courts in Illinois have certified unjust enrichment claims, citing *Barnes v. Air Line Pilots Ass'n, Int'l,* 310 F.R.D. 551, 559 (N.D. Ill. 2015). Plaintiff argues that this court's answer to the common question of whether Bradley's chosen course of conduct resulted in unjust enrichment will be the same for all class members.

The court finds that Defendant's arguments as to Plaintiff's unjust enrichment claim bear much more on the merits of Plaintiff's claim than the question of class certification. The court agrees with Plaintiff that the common answer to the question of whether Defendant retained an unjust benefit will apply to the entirety of the two certified classes. The court is confident that, if indeed this claim is found to have merit, it will be able to fashion an appropriate formula for damages.

5. *Whether the Course Surcharge Fee Class Qualifies for Certification*

Plaintiff also seeks to certify the Course Surcharge Fee Class, which Plaintiff defines as "[a]ll students and former students of Bradley University who paid, or on whose behalf payment was made for a Course Surcharge Fee for the Spring 2020 Semester." Unlike the standardized Tuition or Activity Fees, Course Surcharge Fees were not charged for every course offered by Defendant. Instead, the tuition invoices for those students enrolled in qualifying courses reflected a separate charge for the Course Surcharge Fee. These fees varied depending on specific class enrollment, and

21

paid for different supplies depending on course enrollment, including laboratory supplies and art supplies. For example, because Plaintiff was enrolled in the lab classes BIO 250 and BIO 484, his individual tuition invoice reflected Course Surcharge Fees for $50 and $150, which were assessed to pay for lab supplies.

The numerosity requirement of Rule 23(a)(1) provides that the class is required to be so numerous that joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). In *Mulvania v. Sheriff of Rock Island Cty.*, the Seventh Circuit found that a forty-member class is sufficient to meet the numerosity requirement. 850 F.3d at 859.

Here, Plaintiff estimates that there are approximately 2,122 students in the Course Surcharge Fee Class. Defendant does not address Plaintiff's arguments regarding the numerosity requirement.

Owing to the estimated number of individuals included in the Course Surcharge Fee Class, this court finds that the numerosity requirement of Rule 23(a)(1) is satisfied for the Course Surcharge Fee Class.

The commonality requirement of Rule 23(a)(2) requires class members to have common "questions of law or fact." Fed. R. Civ. P. 23(a)(2). According to the Seventh Circuit, "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek, 764 F.3d at 756.*

Plaintiff contends that the Course Surcharge Fee Class satisfies the commonality requirement. Plaintiff states that all proposed class members paid for the full 15 weeks of on-campus services funded by the Course Surcharge Fee, and Plaintiff alleges that

Defendant did not provide those services on-campus for seven of the 15 weeks. As for
Plaintiff's breach of contract claim, Plaintiff argues that Defendant failed to provide
services funded by the Course Surcharge Fee for the one week of canceled classes, and
also alleges that students did not contract for online services funded by the fee for the
remaining weeks of the semester.

In response, Defendant relies on Plaintiff's deposition, where Plaintiff
acknowledged that the purpose of the Course Surcharge Fees differed depending on
course enrollment, "whether it [was] 'paint used in an art class, frogs dissected in a
biology class,' or other equipment or materials used in a particular course."
Additionally, Defendant notes that "Plaintiff admitted he did not 'have enough
information' to determine how the transition to remote learning impacted other
students' courses or use of their Course Surcharge Fees." Further, Defendant argues
that the breach inquiry for the proposed Course Surcharge Class is individualized, as
"whether a student received the benefit of a given Course Surcharge Fee requires
individual inquiry into the use of such fees in each course."

In this case, the Course Surcharge Fee Class members do not all share the same
alleged common injury. The assessment of course surcharge fees was wholly dependent
on individual student enrollment. Only certain classes offered by Defendant required a
course fee, and the amount of the course fees varied considerably. Critically, this court
has no way of determining whether individual students received the benefit of their
paid fees. If students paid a Course Surcharge Fee for computer software or other
programs, and the students were able to use those supplies despite the disruption in

their semester schedule, the students benefitted from their payments. Conversely, if students who paid course surcharge fees for lab or art supplies and were not able to use those supplies when sent home, the students in that case did not benefit from their fee payments. As a result, this court finds that the commonality requirement of Rule 23(a)(2) is not satisfied for the Course Surcharge Fee Class.

Under the typicality requirement of Rule 23(a)(3), "the claims or defenses of the representative parties" are required to be typical "of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

Plaintiff contends that the typicality requirement is satisfied and argues that it is irrelevant that Plaintiff did not pay the same Course Surcharge Fee as every member of the proposed class. Instead, Plaintiff argues that he endured a course of conduct directed against the proposed class. In response, Defendant relies on Plaintiff's deposition, where Plaintiff "admitted that other students' experiences with respect to activities and remote courses would differ from his own and would require individualized assessments."

Here, unlike the standard form tuition fee structure or the standardized Activity Fee employed by Defendant, the Course Surcharge Fees were not standardized. Instead, the fees were highly variable depending on course enrollment. Moreover, the benefit received by students who paid these fees is an individualized assessment that depends on the specific services provided and the student's ability to use these services. Owing to the variable and individualized circumstances of the Course Surcharge Fees, Plaintiff's claims for this proposed class are not typical of the claims of the class.

Therefore, this court finds that the typicality requirement of Rule 23(a)(3) is not satisfied for the Course Surcharge Fee Class.

Next, this court will consider the predominance and superiority requirements of Rule 23(b)(3). Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff argues that the Course Surcharge Fee Class involves a predominant question that turns on common evidence, namely, the determination of whether Defendant "had a legal duty to return the unused portions of Course Surcharges collected for labs or other supplies used in on-campus classes during the Spring 2020 semester." Additionally, Plaintiff cites the estimated 2, 122 Course Surcharge Fee Class members and contends that without a class action, individual actions would be cost-prohibitive and inefficient. In response, Defendant contends that Plaintiff has not met his burden to demonstrate that common questions of law or fact predominate over individual questions for Plaintiff's breach of contract and unjust enrichment claims and contends that Plaintiff has not met his burden on superiority. Neither Plaintiff nor Defendant provides argument regarding the Rule 23(b)(3)(A-D) factors.

In this case, unlike *Little*, common questions do not predominate over individual questions. The Course Surcharge Fees were highly variable depending on course enrollment, and the determination of the benefit received by students who paid the fees

requires an individualized assessment. Additionally, despite the large class size, because there are not common issues, the superiority requirement is not satisfied.

Although Plaintiff has met the numerosity requirement of Rule 23(a)(1), Plaintiff not satisfied the commonality or typicality requirements of Rule 23(a)(2) and 23(a)(3), nor the Rule 23(b)(3) requirements. Owing to the highly individualized circumstances, this court finds that it cannot certify the Course Surcharge Fee Class.

### C.  Plaintiff's Motion to Appoint Plaintiff as Class Representative

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). If the class representative's and the proposed class members' interests are aligned and there are no internal conflicts, the class representative meets the adequacy requirement under Rule 23(a)(4). *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 585 (N.D. Ill. 2018).

Plaintiff was enrolled as an undergraduate student during the Spring 2020 semester. As part of his enrollment, Plaintiff was assessed tuition charges, an Activity Fee, and Course Surcharge Fees. Plaintiff's proposed class definition is limited to students and former students who were enrolled in the Spring 2020 semester and who paid, or on behalf of payment was made, for on-campus Tuition, Activity Fees, and Course Surcharge Fees to Defendant.

Plaintiff contends that he has "no conflicts of interest with absent Class members, and every interest and intention of prosecuting this case vigorously." Further, Plaintiff states that he has "actively participated in this litigation by providing documents in discovery and by sitting for his deposition." In response, Defendant relies on Plaintiff's

deposition to assert that Plaintiff has individual claims that are not representative of the class members.

Because this court is denying certification of the Course Surcharge Fee Class, Plaintiff need only be named class representative for the certified classes. Accordingly, this court finds that because Plaintiff is part of the Tuition Class and Activity Fee Class and possesses the same interest as the class members, he will fairly and adequately protect the interests of the Tuition Class and the Activity Fee Class. Therefore, this court appoints Plaintiff as Class Representative for the Tuition Class and the Activity Fee Class.

D. Plaintiff's Motion to Appoint Counsel as Class Counsel

Under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g). When appointing class counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id*.

Plaintiff's counsel provides that they are "highly qualified . . . with extensive experience conducting class and complex litigation, particularly in breach of contract and consumer protection cases." Additionally, "[c]ounsel have committed significant resources to developing the claims in this case, [and] are committed to continuing to vigorously prosecute this action." Plaintiff's counsel represents that they have "been appointed by many federal and state courts to serve as class counsel in litigation

throughout the nation." Additionally, "[t]here is no conflict of interest between the proposed class" and Plaintiff's counsel, Plaintiff's counsel is "able and willing to litigate this case on behalf of the proposed class," and has the "necessary financial and personnel resources to litigate the case on behalf of the class." Defendant does not respond to Plaintiff's arguments regarding Class Counsel. Therefore, owing to Plaintiff's counsel's work identifying and investigating potential claims, their experience in handling class actions, their knowledge of applicable law, and their available resources, this court finds that Plaintiff's counsel meets the requirements of Rule 23(g) and qualifies to be appointed as Class Counsel.

IT IS THEREFORE ORDERED THAT:

1) Plaintiff's Motion for Class Certification (#41) is GRANTED as to the Tuition Class, GRANTED as to the Activity Fee Class, and DENIED as to the Course Surcharge Fee Class.

2) Plaintiff's Motion to appoint Plaintiff as Class Representative (#41) is GRANTED.

3) Plaintiff's Motion to appoint Plaintiff's counsel as Class Counsel (#41) is GRANTED.

ENTERED this 22nd day of July, 2022.

s/ Michael M. Mihm
MICHAEL M. MIHM
U.S. DISTRICT JUDGE

12,15,REFER

## U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: 1:20−cv−01264−MMM−JEH

Eddlemon v. Bradley University                          Date Filed: 07/14/2020
Assigned to: Judge Michael M. Mihm                     Jury Demand: Both
Referred to: Magistrate Judge Jonathan E. Hawley       Nature of Suit: 190 Contract: Other
Cause: 28:1332 Diversity−Contract Dispute              Jurisdiction: Diversity

**Plaintiff**

**Jane Doe**                          represented by   **Janet R Varnell**
*individually and on behalf of all others*             VARNELL & WARWICK
*similarly situated*                                    Suite 201H, #105
*TERMINATED: 11/19/2021*                                1101 E. Cumberland Ave.
                                                        Tampa, FL 33602
                                                        352−753−8600
                                                        Fax: 352−504−3301
                                                        Email: jvarnell@varnellandwarwick.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Matthew T Peterson**
                                                        VARNELL & WARWICK
                                                        Suite 201H, #105
                                                        1101 E. Cumberland Ave.
                                                        Tampa, FL 33602
                                                        352−753−8600
                                                        Fax: 352−504−3301
                                                        Email: mpeterson@varnellandwarwick.com
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ORION EDDLEMON**                     represented by   **Matthew T Peterson**
*individually and on behalf of others*                 (See above for address)
*similarly situated*                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bradley University**                represented by   **Gregory E Ostfeld**
*an Illinois not−for−profit corporation*               GREENBERG TRAURIG LLP
                                                        Suite 3100
                                                        77 W Wacker Dr
                                                        Chicago, IL 60601
                                                        312−476−5056
                                                        Fax: 312−899−0420
                                                        Email: ostfeldg@gtlaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kara Elizabeth Angeletti**
                                                        GREENBERG TRAURIG LLP
                                                        Suite 3100
                                                        77 W Wacker Dr
                                                        Chicago, IL 60601
                                                        312−456−8400
                                                        Email: angelettik@gtlaw.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tiffany S Fordyce**
                                                        GREENBERG TRAURIG LLP

Suite 3100
77 W Wacker Dr
Chicago, IL 60601
312−456−8400
Email: FordyceT@gtlaw.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2020 | 1 | COMPLAINT *Class Action with Jury Demand* against Bradley University ( Filing fee $ 400 receipt number 0753−3422347.), filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Peterson, Matthew) (Entered: 07/14/2020) |
| 07/14/2020 | 2 | Summons Issued as to Bradley University. (JS, ilcd) (Entered: 07/14/2020) |
| 08/04/2020 | 3 | SUMMONS Returned Executed by Jane Doe. Bradley University served on 7/21/2020, answer due 8/11/2020. (Peterson, Matthew) Modified on 8/4/2020 to correct individual served from Jane Doe to Bradley University. (ME, ilcd). (Entered: 08/04/2020) |
| 08/06/2020 | 4 | NOTICE of Appearance of Attorney by Janet R Varnell on behalf of Jane Doe (Varnell, Janet) (Entered: 08/06/2020) |
| 08/06/2020 | 5 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Jane Doe. (Varnell, Janet) (Entered: 08/06/2020) |
| 08/06/2020 | 6 | NOTICE of Appearance of Attorney by Gregory E Ostfeld on behalf of Bradley University (Ostfeld, Gregory) (Entered: 08/06/2020) |
| 08/06/2020 | 7 | NOTICE of Appearance of Attorney by Kara Elizabeth Angeletti on behalf of Bradley University (Angeletti, Kara) (Entered: 08/06/2020) |
| 08/06/2020 | 8 | MOTION for Extension of Time to File Answer re 1 Complaint − *Unopposed* by Defendant Bradley University. Responses due by 8/20/2020 (Angeletti, Kara) (Entered: 08/06/2020) |
| 08/07/2020 | | TEXT ORDER granting unopposed 8 Motion for Extension of Time to Answer. Bradley University answer due 8/26/20. Entered by Magistrate Judge Jonathan E. Hawley on 8/7/20. (WG, ilcd) (Entered: 08/07/2020) |
| 08/10/2020 | 9 | CERTIFICATE OF SERVICE by Jane Doe re 5 Certificate of Interest, 4 Notice of Appearance of Attorney (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Varnell, Janet) (Entered: 08/10/2020) |
| 08/11/2020 | 10 | NOTICE of Appearance of Attorney by Tiffany S Fordyce on behalf of Bradley University (Fordyce, Tiffany) (Entered: 08/11/2020) |
| 08/26/2020 | 11 | MOTION to Dismiss *Plaintiff's Complaint* by Defendant Bradley University. Responses due by 9/9/2020 (Attachments: # 1 Exhibit A−D)(Ostfeld, Gregory) (Entered: 08/26/2020) |
| 08/26/2020 | 12 | MEMORANDUM in Support re 11 MOTION to Dismiss *Plaintiff's Complaint* filed by Defendant Bradley University. (Attachments: # 1 Exhibit A−D)(Ostfeld, Gregory) (Entered: 08/26/2020) |
| 08/28/2020 | 13 | MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Dismiss *Plaintiff's Complaint Unopposed* by Plaintiff Jane Doe. Responses due by 9/11/2020 (Peterson, Matthew) (Entered: 08/28/2020) |
| 09/04/2020 | | TEXT ONLY ORDER GRANTING 13 . Pending before the court is Plaintiff's unopposed Motion for Extension of Time to respond to Defendant's Motion to Dismiss. For good cause shown, this motion is granted and Plaintiff's time to respond is extended to on or before September 30, 2020. Entered by Judge Michael M. Mihm on 9/4/2020. (AEM, ilcd) (Entered: 09/04/2020) |

| 09/30/2020 | 14 | AMENDED COMPLAINT against Bradley University, filed by Jane Doe. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Peterson, Matthew) (Entered: 09/30/2020) |
| 10/12/2020 | 15 | MOTION for Extension of Time to File Answer re 14 Amended Complaint *(Unopposed)* by Defendant Bradley University. Responses due by 10/26/2020 (Angeletti, Kara) (Entered: 10/12/2020) |
| 10/13/2020 | | TEXT ONLY ORDER GRANTING 15 . Defendant filed an unopposed motion for an extension of time to respond to Plaintiff's Amended Complaint. This motion is granted for good cause shown, and Defendant has until on or before November 6, 2020 to respond to Plaintiffs Amended Complaint. Entered by Judge Michael M. Mihm on 10/13/2020. (JS, ilcd) (Entered: 10/13/2020) |
| 11/06/2020 | 16 | MOTION to Dismiss by Defendant Bradley University. Responses due by 11/20/2020 (Ostfeld, Gregory) (Entered: 11/06/2020) |
| 11/06/2020 | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss filed by Defendant Bradley University. (Attachments: # 1 Exhibit)(Ostfeld, Gregory) (Entered: 11/06/2020) |
| 11/20/2020 | 18 | RESPONSE to Motion re 16 MOTION to Dismiss filed by Plaintiff Jane Doe. (Peterson, Matthew) (Entered: 11/20/2020) |
| 12/22/2020 | 19 | ORDER AND OPINION entered by Judge Michael M. Mihm on 12/22/2020. For the reasons stated above, Defendant's 16 Motion to Dismiss Plaintiff's Amended Complaint is DENIED. Defendant's 11 Motion to Dismiss Plaintiffs complaint is MOOT. SEE FULL WRITTEN ORDER AND OPINION. (JS, ilcd) (Entered: 12/22/2020) |
| 12/23/2020 | 20 | TEXT ORDER: This case is set for a Rule 16 scheduling conference before Magistrate Judge Jonathan E. Hawley on 2/5/2021 at 10:30 AM via telephone. Counsel are to phone into conference by calling 571−353−2300, then enter 287753270#. Please announce your name each time prior to speaking unless the judge asks a question directly to you so that the speaker may be identified by all. A discovery plan pursuant to Fed. R. Civ. P. 26(f)(3) shall be filed on or before 2/2/2021. The parties may, but are not required to, follow the format of the sample discovery plan set forth as Attachment A to the standing order attached to this text order. The Discovery Plan event may be found in the CM/ECF system within the other Documents category. All counsel must read and be familiar with the standing order attached to this text order prior to their Rule 26(f) planning meeting. Entered by Magistrate Judge Jonathan E. Hawley on 12/23/2020. (WG, ilcd) (Entered: 12/23/2020) |
| 01/04/2021 | 21 | MOTION for Extension of Time to File Answer re 14 Amended Complaint *(Unopposed)* by Defendant Bradley University. Responses due by 1/19/2021 (Angeletti, Kara) (Entered: 01/04/2021) |
| 01/05/2021 | | TEXT ORDER granting unopposed 21 Motion for Extension of Time to Answer. Defendant Bradley University to file answer to the 14 Amended Complaint by 1/19/2021. Entered by Magistrate Judge Jonathan E. Hawley on 1/5/21. (WG, ilcd) (Entered: 01/05/2021) |
| 01/19/2021 | 22 | ANSWER to 14 Amended Complaint by Bradley University.(Fordyce, Tiffany) (Entered: 01/19/2021) |
| 02/02/2021 | 23 | Joint MOTION for Order *Entry of Stipulated ESI Order* by Defendant Bradley University. Responses due by 2/16/2021 (Attachments: # 1 Text of Proposed Order Proposed Discovery Plan)(Ostfeld, Gregory) (Entered: 02/02/2021) |
| 02/02/2021 | 24 | DISCOVERY PLAN − PROPOSED/Report of Rule 26(f)Planning Meeting by Bradley University. (Ostfeld, Gregory) (Entered: 02/02/2021) |
| 02/03/2021 | 25 | TEXT ORDER by U.S. Magistrate Judge Jonathan E. Hawley: The Court adopts the Discovery Plan 24 . Discovery due by 12/22/21. Dispositive Motions due by 1/28/22. Final Pretrial Conference set for 3/29/22 at 11:00 AM and Jury Trial set for 4/25/22 at 8:45 AM, BOTH in Courtroom B before District Judge Mihm. Rule 16 conference set 2/5/21 at 10:30 AM is VACATED. Court stresses the importance of adhering to the schedule and procedures for requests to extend the schedule. The parties are expected to review Judge Hawleys Standing Order that was revised on 12/6/2018. Parties are reminded of their option to consent to proceed before US Magistrate Judge. See |

| | | |
|---|---|---|
| | | attached form. Parties are reminded of option of Court sponsored mediation/Settlement Conference. Counsel/Parties are reminded of the importance of appearing for hearings scheduled via telephone. Failure to appear will result in in−person appearances for all further proceedings. Entered: 2/3/2021. (WG, ilcd) (Entered: 02/03/2021) |
| 02/03/2021 | 26 | Stipulated ESI ORDER granting 23 Motion for Order. Entered by Magistrate Judge Jonathan E. Hawley on 2/3/21. (WG, ilcd) (Entered: 02/03/2021) |
| 03/30/2021 | 27 | Joint MOTION for Protective Order by Plaintiff Jane Doe. Responses due by 4/13/2021 (Attachments: # 1 Exhibit 1)(Peterson, Matthew) (Entered: 03/30/2021) |
| 03/31/2021 | 28 | STIPULATED PROTECTIVE ORDER. Entered by Magistrate Judge Jonathan E. Hawley on 3/31/21. (WG) (Entered: 03/31/2021) |
| 09/22/2021 | 29 | Joint MOTION for Extension of Time to Complete Discovery by Plaintiff Jane Doe. Responses due by 10/15/2021 (Peterson, Matthew) (Entered: 09/22/2021) |
| 09/23/2021 | | TEXT ONLY ORDER granting 29 Joint Motion for Extension of Discovery Deadline. Fact discovery deadline is extended to 10/15/21. Entered by Magistrate Judge Jonathan E. Hawley on 9/23/21. (WG) (Entered: 09/23/2021) |
| 09/27/2021 | 30 | MOTION to Compel *Plaintiff to Comply with FRCP 10(a)* by Defendant Bradley University. Responses due by 10/12/2021 (Angeletti, Kara) (Entered: 09/27/2021) |
| 09/27/2021 | 31 | Exhibit re 30 MOTION to Compel *Plaintiff to Comply with FRCP 10(a)* by Bradley University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Angeletti, Kara) (Entered: 09/27/2021) |
| 10/08/2021 | 32 | MOTION to Substitute Party, Jane Doe to be replaced by Orion Eddlemon, by Plaintiff Jane Doe. Responses due by 10/22/2021 (Peterson, Matthew) (Entered: 10/08/2021) |
| 10/08/2021 | 33 | MOTION to Quash by Plaintiff Jane Doe. Responses due by 10/22/2021 (Peterson, Matthew) (Entered: 10/08/2021) |
| 10/08/2021 | 34 | RESPONSE to Motion re 30 MOTION to Compel *Plaintiff to Comply with FRCP 10(a)* filed by Plaintiff Jane Doe. (Peterson, Matthew) (Entered: 10/08/2021) |
| 10/21/2021 | | TEXT ONLY ORDER Setting Motion Hearing in re all pending motions including 33 MOTION to Quash, 32 MOTION to Substitute Party and 30 MOTION to Compel *Plaintiff to Comply with FRCP 10(a)*. Motion Hearing set for 11/4/2021 at 10:00 AM via telephone before Magistrate Judge Jonathan E. Hawley. Counsel are to phone into conference by calling 571−353−2300, then enter 287753270#. Entered by Magistrate Judge Jonathan E. Hawley on 10/21/21. (WG) (Entered: 10/21/2021) |
| 10/22/2021 | 35 | RESPONSE to Motion re 33 MOTION to Quash filed by Defendant Bradley University. (Angeletti, Kara) (Entered: 10/22/2021) |
| 10/22/2021 | 36 | RESPONSE to Motion re 32 MOTION to Substitute Party, Jane Doe to be replaced by Orion Eddlemon, filed by Defendant Bradley University. (Angeletti, Kara) (Entered: 10/22/2021) |
| 10/28/2021 | | TEXT ONLY ORDER: Motion Hearing in re re 33 MOTION to Quash, 32 MOTION to Substitute Party and 30 MOTION to Compel set for 11/4/2021 at 10:00 AM is CHANGED IN TIME ONLY to 4:00 PM via telephone before Magistrate Judge Jonathan E. Hawley. Counsel are to phone into conference by calling 571−353−2300, then enter 287753270#. Entered by Magistrate Judge Jonathan E. Hawley on 10/28/21. (WG) (Entered: 10/28/2021) |
| 11/04/2021 | 37 | 🔊 PDF with attached Audio File. Court Date & Time [ 11/4/2021 3:58:07 PM ]. File Size [ 13989 KB ]. Run Time [ 00:29:09 ]. (admin). (Entered: 11/04/2021) |
| 11/04/2021 | | Minute Entry for proceedings held before Magistrate Judge Jonathan E. Hawley: Parties present via telephone conference by Atty Matthew Peterson for Plaintiffs and Attys Gregory Ostfeld and Tiffany Fordyce for Defendant for Motion Hearing held 11/4/2021. Discussion held regarding pending Motions, 30 Motion to Compel, 32 Motion to Substitute Party and 33 Motion to Quash. Motion to Substitute Party 32 is GRANTED. Plaintiffs are allowed to file Amended Complaint. Motion to Compel 30 is MOOT and Motion to Quash 33 is GRANTED, for reasons stated on the record. The parties are directed to confer and file a proposed Amended Discovery Schedule within |

| | | |
|---|---|---|
| | | 14 days.(Tape #PRC: 3:58 p.m.) (AH) (Entered: 11/04/2021) |
| 11/16/2021 | 38 | NOTICE *of Proposed Amended Case Management Schedule:* (Angeletti, Kara) (Entered: 11/16/2021) |
| 11/17/2021 | | TEXT ORDER by U.S. Magistrate Judge Jonathan E. Hawley: The Court adopts the Discovery Plan 38 . Discovery due by 3/22/2022. Dispositive Motions due by 4/12/2022. Final Pretrial Conference reset for 6/15/2022 at 10:00 AM and Jury Trial set for 7/18/2022 at 8:45 AM, BOTH in Courtroom B before District Judge Michael M. Mihm. Court stresses the importance of adhering to the schedule and procedures for requests to extend the schedule. The parties are expected to review Judge Hawleys Standing Order that was revised on 1/1/2021. Parties are reminded of option of Court sponsored mediation/Settlement Conference. Counsel/Parties are reminded of the importance of appearing for hearings scheduled via telephone. Failure to appear will result in in–person appearances for all further proceedings. Entered: 11/17/2021. (WG) (Entered: 11/17/2021) |
| 11/19/2021 | 39 | AMENDED COMPLAINT *Second* against Bradley University, filed by ORION EDDLEMON.(Peterson, Matthew) (Entered: 11/19/2021) |
| 12/03/2021 | 40 | ANSWER to 39 Amended Complaint by Bradley University.(Ostfeld, Gregory) (Entered: 12/03/2021) |
| 02/04/2022 | 41 | MOTION to Certify Class by Plaintiff ORION EDDLEMON. Responses due by 2/18/2022 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H)(Peterson, Matthew) (Entered: 02/04/2022) |
| 02/08/2022 | 42 | MOTION to Vacate Order,,,, Set/Reset Deadlines/Hearings,,, 41 MOTION to Certify Class by Defendant Bradley University. Responses due by 2/22/2022 (Ostfeld, Gregory) (Entered: 02/08/2022) |
| 02/09/2022 | | TEXT ORDER granting 42 Motion to Vacate automatic motion response date and to confirm amended case management schedule. Response to the 41 MOTION to Certify Class due by 5/12/2022. Replies due by 6/3/2022. Entered by Magistrate Judge Jonathan E. Hawley on 2/9/22. (WG) (Entered: 02/09/2022) |
| 04/12/2022 | 43 | MOTION for Summary Judgment by Defendant Bradley University. Responses due by 5/3/2022 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33)(Ostfeld, Gregory) (Entered: 04/12/2022) |
| 04/12/2022 | 44 | Consent MOTION to Seal *Exhibits* by Defendant Bradley University. Responses due by 4/26/2022 (Ostfeld, Gregory) (Entered: 04/12/2022) |
| 04/12/2022 | 45 | +++ **SEALED DOCUMENT.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Ostfeld, Gregory) (Entered: 04/12/2022)** |
| 04/12/2022 | 46 | NOTICE *of Defendant Bradley Universitys Request for Oral Argument and Hearing* (Ostfeld, Gregory) (Entered: 04/12/2022) |
| 04/18/2022 | 47 | MOTION for Extension of Time to File Response/Reply as to 43 MOTION for Summary Judgment *Unopposed* by Plaintiff ORION EDDLEMON. Responses due by 5/12/2022 (Peterson, Matthew) (Entered: 04/18/2022) |
| 04/28/2022 | | TEXT ONLY ORDER APPROVING 47 . Pending before the Court is Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment. Plaintiff explains that due to scheduling issues, Plaintiff seeks a 15–day extension to file an Opposition to Defendants Motion for Summary Judgment. Plaintiff's deadline is extended from May 12, 2022 to on or before May 27, 2022. Entered by Judge Michael M. Mihm on 4/28/2022. (AH) (Entered: 04/28/2022) |
| 05/12/2022 | 48 | MEMORANDUM in Opposition re 41 MOTION to Certify Class filed by Defendant Bradley University. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 |

| | | |
|---|---|---|
| | | Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14)(Ostfeld, Gregory) (Entered: 05/12/2022) |
| 05/27/2022 | 49 | Consent MOTION for Clarification on the Page Limit for His Reply in Support of Class Certification Brief by Plaintiff ORION EDDLEMON. Responses due by 6/10/2022 (Peterson, Matthew) (Entered: 05/27/2022) |
| 05/27/2022 | 50 | Consent MOTION to Seal *Plaintiff Orion Eddlemons Opposition to Bradleys Motion for Summary Judgment* by Plaintiff ORION EDDLEMON. Responses due by 6/10/2022 (Peterson, Matthew) (Entered: 05/27/2022) |
| 05/27/2022 | 51 | +++ **SEALED DOCUMENT.. (Attachments: # 1 Exhibit A – H, # 2 Exhibit I – T)(Peterson, Matthew) (Entered: 05/27/2022)** |
| 05/31/2022 | | TEXT ONLY ORDER GRANTING 49 . Plaintiff may file up to 20 pages for his Reply in Support of Class Certification. Entered by Judge Michael M. Mihm on 5/31/2022. (AH) (Entered: 05/31/2022) |
| 06/03/2022 | 52 | REPLY to Response to Motion re 43 MOTION for Summary Judgment filed by Defendant Bradley University. (Attachments: # 1 Exhibit 34, # 2 Exhibit 35)(Ostfeld, Gregory) (Entered: 06/03/2022) |
| 06/03/2022 | 53 | MEMORANDUM in Support re 41 MOTION to Certify Class filed by Plaintiff ORION EDDLEMON. (Attachments: # 1 Exhibit A)(Peterson, Matthew) (Entered: 06/03/2022) |
| 06/06/2022 | 54 | ORDER denying 44 Motion to Seal and denying 50 Motion to Seal. Entered by Judge Michael M. Mihm on 6/6/2022. Pursuant to Local Rule 5.10(4) The documents will remain under seal and [they] will not be considered by the presiding judge for any purpose. Accordingly, it is further ORDERED that the parties re–file the documents in the normal fashion as an unsealed document on or before June 13, 2022 if they wish the document to be considered by the Court. (AH) (Entered: 06/06/2022) |
| 06/06/2022 | 55 | TEXT ORDER Entered by Judge Michael M. Mihm on 6/6/2022. Due to the time needed to rule on pending class certification and summary judgment motions, the Final Pretrial Conference set 6/15/2022 and the Jury Trial set 7/18/2022 are VACATED.<br><br>This matter is set for a Motion Hearing on Plaintiffs Motion for Class Certification 41 on 7/6/2022 at 10:00 a.m. via Zoom. Judge Mihms Zoom instructions are attached to this Text Order.(AEM) (Entered: 06/06/2022) |
| 06/13/2022 | 56 | Exhibit re 43 MOTION for Summary Judgment by Bradley University. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Exhibit 13, # 4 Exhibit 30, # 5 Exhibit 32)(Angeletti, Kara) (Entered: 06/13/2022) |
| 06/13/2022 | 57 | RESPONSE to Motion re 43 MOTION for Summary Judgment filed by Plaintiff ORION EDDLEMON. (Attachments: # 1 Exhibit A – H, # 2 Exhibit I – T)(Peterson, Matthew) (Entered: 06/13/2022) |
| 07/05/2022 | 58 | RESPONSE for Class Certification by Defendant Bradley University. Responses due by 7/19/2022 (Attachments: # 1 Exhibit part 2)(Ostfeld, Gregory) Modified on 7/5/2022 per attys request (AEM). (Entered: 07/05/2022) |
| 07/05/2022 | 59 | NOTICE *OF ADDITIONAL EXHIBITS FOR CLASS CERTIFICATION HEARING* re 55 Terminate Deadlines and Hearings,, Set/Reset Deadlines/Hearings,, Order, (Attachments: # 1 Exhibit A–D)(Peterson, Matthew) (Entered: 07/05/2022) |
| 07/06/2022 | 60 | Minute Entry for proceedings held before Judge Michael M. Mihm: Parties present via telephone conference by Atty Matthew Peterson for Plaintiffs and Attys Gregory Ostfeld and Tiffany Fordyce for Defendant for Motion Hearing held 7/6/2022. Arguments heard from both sides. 41 Motion to Certify Class is GRANTED in part and DENIED in part for reasons stated on the record, contingent upon entry of a subsequent written order. This Minute Entry does not constitute an order granting or denying class–action certification under Fed. R. Civ. P. 23(f) until entry of the subsequent written order. Counsel has 14 days from 7/6/2022 to submit a proposed notice to the class. Status Conference is set for 7/21/2022 at 10:00am via Zoom. Judge Mihm's Zoom instructions are attached to this Minute Entry. (Court Reporter NM.) |

| | | |
|---|---|---|
| | | (AEM) Modified on 7/15/2022 to correct minute entry pursuant to Text Order entered 7/15/2022 and correct typographical errors (AH). (Entered: 07/06/2022) |
| 07/13/2022 | 61 | MOTION to Modify Minute Entry to Confirm Non−Finality of Class Certification Ruling re 60 Order on Motion to Certify Class,,, Set/Reset Deadlines/Hearings,,, Motion Hearing,, by Defendant Bradley University. Responses due by 7/27/2022 (Ostfeld, Gregory) (Entered: 07/13/2022) |
| 07/15/2022 | | TEXT ONLY ORDER entered 7/15/2022 by Judge Michael M. Mihm. Defendant's Motion to Modify Minute Entry 61 is GRANTED. The Clerk is directed to modify the 7/6/22 minute entry as requested in Paragraph 2 of the Motion 61 . (AH) (Entered: 07/15/2022) |
| 07/18/2022 | 62 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Motion Hearing Proceedings (virtual courtroom) held on 7/6/2022, before Judge Michael M. Mihm. Court Reporter/Transcriber N. Mersot, Telephone number 309−671−4244. Transcript purchased by:Gregory Ostfeld.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/8/2022. Redacted Transcript Deadline set for 8/18/2022. Release of Transcript Restriction set for 10/17/2022. (TK) (Entered: 07/18/2022) |
| 07/20/2022 | 63 | NOTICE of Filing a Proposed Notice to the Class re 60 Order on Motion to Certify Class,,,, Set/Reset Deadlines/Hearings,,,, Motion Hearing,,, (Peterson, Matthew) (Entered: 07/20/2022) |
| 07/20/2022 | | TEXT ONLY ORDER: The Status Conference set for 7/21/2022 at 10:00 AM is VACATED and RESET to 7/26/2022 02:00 PM via Zoom before Judge Michael M. Mihm. Judge Mihm's Zoom instructions are attached at 60 . Entered by Judge Michael M. Mihm on 7/20/2022. (MDB) (Entered: 07/20/2022) |
| 07/22/2022 | 64 | ORDER Entered by Judge Michael M. Mihm on 7/22/22: IT IS THEREFORE ORDERED THAT 1) Plaintiff's Motion for Class Certification 41 is GRANTED as to the Tuition Class, GRANTED as to the Activity Fee Class, and DENIED as to the Course Surcharge Fee Class. 2) Plaintiff's Motion to Appoint Plaintiff as Class Representative 41 is GRANTED. 3) Plaintiff's Motion to Appoint Plaintiff's counsel as Class Counsel 41 is GRANTED. (See written order). (TK) (Entered: 07/22/2022) |
| 07/26/2022 | | Minute Entry for proceedings held before Judge Michael M. Mihm: Parties present via video conference with Attorney Matthew Peterson on behalf of Plaintiffs and Attorneys Gregory Ostfeld and Tiffany Fordyce on behalf of Defendant for Status Conference held 7/26/2022. Discussion held regarding the Proposed Notice to the Class. Counsel for Defendant indicated they may file a request for leave to Appeal on or before August 5, 2022. The court will set a status conference promptly once the issue of Defendants potential appeal is resolved. (Court Reporter NM.) (AH) (Entered: 07/27/2022) |