1:20-cv-01264-MMM-JEH   # 70-1   Filed: 05/04/23   Page 1 of 10
Case: 22-2560   Document: 00714189348   Filed: 05/04/2023   Pages: 10

E-FILED
Thursday, 04 May, 2023  11:02:37 AM
Clerk, U.S. District Court, ILCD

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
# For the Seventh Circuit

No. 22-2560

ORION EDDLEMON,

*Plaintiff-Appellee,*

v.

BRADLEY UNIVERSITY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 20-cv-01264 — **Michael M. Mihm**, *Judge*.

_____

ARGUED FEBRUARY 8, 2023 — DECIDED APRIL 12, 2023

_____

Before FLAUM, SCUDDER, and ST. EVE, *Circuit Judges*.

FLAUM, *Circuit Judge*. In spring 2020, Orion Eddlemon was an undergraduate student at Bradley University. The COVID-19 pandemic and related government orders forced Bradley to adapt in March of that year; the University closed its campus, canceled one week of classes, and conducted the remainder of the semester's classes virtually. In response, Eddlemon brought a putative class action lawsuit against Bradley, alleging these changes resulted in a breach of contract and unjust

1:20-cv-01264-MMM-JEH   # 70-1   Filed: 05/04/23   Page 2 of 10
Case: 22-2560     Document: 00714189348     Filed: 05/04/2023     Pages: 10

2                                                                    No. 22-2560

enrichment. The district court certified two classes for Eddlemon's claims, and Bradley now appeals those certifications. For the following reasons, we vacate the district court's class certifications and remand for further proceedings.

## I. Background

### A. Factual Background

In March 2020, Bradley closed its campus and canceled in-person activities in response to the COVID-19 pandemic. The University also canceled one week of classes as it migrated to a remote learning format. While Bradley resumed classes virtually and began offering remote activities, events, and resources, the campus remained closed for the rest of the semester.

The University never rescheduled the week of canceled classes. As a result, the Spring 2020 Semester was only fourteen weeks instead of the planned fifteen weeks of classes listed in Bradley's 2019–2020 Academic Catalog. The Academic Catalog also stated: "This catalog serves as a contract between a student and Bradley University." For the Spring 2020 Semester, Bradley charged all full-time, on-campus students $17,100 in tuition and an $85 activity fee. While the University provided pro-rata refunds for room and board to students who were forced to leave their on-campus housing, it did not provide refunds for tuition or activity fees.

### B. Procedural Background

Eddlemon alleges, on his own behalf and on behalf of those similarly situated, that Bradley breached an implied contract to provide fifteen weeks of classes in exchange for $17,100 in tuition and fifteen weeks of on-campus activities in exchange for an $85 activity fee. Alternatively, Eddlemon

No. 22-2560 3

alleges that the University's retention of tuition and activity fees constitutes unjust enrichment.

On Eddlemon's motion, the district court certified two classes of all students during the Spring 2020 Semester "who paid, or on whose behalf payment was made," for tuition (the "Tuition Class") and activity fees (the "Activity Fee Class").[1] Bradley timely filed an interlocutory appeal of the court's certifications.

## II. Discussion

We review the district court's class certifications "for an abuse of discretion, which can occur when [the] district court commits legal error." *Santiago v. City of Chicago*, 19 F.4th 1010, 1016 (7th Cir. 2021) (citation and internal quotation marks omitted). "[T]his is a deferential standard, [but] it must also be exacting because a decision regarding certification can have a considerable impact on the playing field of litigation." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020) (citation and internal quotation marks omitted).

To certify a class under Federal Rule of Civil Procedure 23, plaintiffs must first meet the following four requirements: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Then, "[w]here, as here, certification is sought under Rule 23(b)(3), common questions of law or fact must predominate over individual inquiries, and class treatment must be the superior method of resolving the controversy." *Santiago*, 19 F.4th at 1016 (citation omitted).

---

[1] Eddlemon also moved to certify a third class: students who paid fees for course supplies, such as laboratory equipment, during the Spring 2020 Semester. The district court denied certification for that class, and Eddlemon did not appeal that decision.

Eddlemon "bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Gorss Motels, Inc. v. Brigadoon Fitness, Inc.*, 29 F.4th 839, 843 (7th Cir. 2022). If he meets this threshold, "the class *must* be certified, even if it is sure to fail on the merits." *Simpson v. Dart*, 23 F.4th 706, 711 (7th Cir. 2022).

Here, Bradley challenges the district court's analysis of the commonality and predominance requirements. To satisfy commonality, a "claim must 'depend on a common contention' and '[t]hat common contention … must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Ross v. Gossett*, 33 F.4th 433, 437 (7th Cir. 2022) (alterations in original) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Predominance "builds on commonality; whereas Rule 23(a)(2) requires the existence of a common question, Rule 23(b)(3) requires the common question(s) to 'predominate' over the individual ones." *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 607 (7th Cir. 2021).

## A. Rigorous Analysis

Bradley argues that the district court did not conduct the required rigorous analysis when certifying the Tuition Class and the Activity Fee Class. It is correct that "[a] district court *must* rigorously analyze the requirements of Rule 23." *Id.* at 598 (emphasis added) (citation and internal quotation marks

No. 22-2560 5

omitted). Indeed, certification is appropriate only if the district court does so. *Wal-Mart*, 564 U.S. at 350–51.

   1. *Reliance on Pleadings*

At the outset, Bradley contends that the district court erred by relying solely on Eddlemon's allegations, without assessing the record. To be sure, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 350; *see also Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (emphasizing that parties seeking class certification may "not simply plead … that their proposed class satisfies each requirement of Rule 23"). In particular, the predominance inquiry requires a court to "understand what the plaintiffs will need to prove and … evaluate the extent to which they can prove their case with common evidence." *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 603 (7th Cir. 2020).

The district court's certification order does not reveal whether the court examined the record. What is evident, however, is that the district court repeatedly referred to Eddlemon's allegations without addressing his proffered evidence (*e.g.*, the Academic Catalog) or examining how he would prove his allegations with common evidence. For example, the court concluded that the commonality requirement was satisfied simply because "all class members allegedly suffered a common injury." Similarly, the court's predominance analysis merely accepted Eddlemon's proffered common questions without referring to the common evidence presented to answer those questions. As such, the court's certifications rest

6                                                                    No. 22-2560

on an error of law and amount to an abuse of discretion. *See Howard*, 989 F.3d at 597 ("[I]n evaluating the Rule 23 factors, a court does not take the plaintiffs' allegations at face value. Instead, the court *must* go beyond the pleadings …." (emphasis added) (citation and internal quotation marks omitted)); *United States v. Shelton*, 997 F.3d 749, 757 (7th Cir. 2021) ("A decision that rests on an error of law is always an abuse of discretion.").

### 2. *No Consideration of the Individual Claims or Questions*

Bradley also points out that the district court did not identify or separately analyze the elements of Eddlemon's claims, which the University argues was critical to the court's predominance analysis. The predominance inquiry "calls upon courts to give careful scrutiny to the relation between common and individual questions in a case." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). In other words, determining whether predominance is satisfied "requires more than a tally of common questions; the district court must consider their relative importance." *Santiago*, 19 F.4th at 1016 (citation omitted). This is because, at bottom, "the predominance requirement is [only] met when common questions represent a *significant* aspect of a case." *Ross*, 33 F.4th at 439 (emphasis added) (citation and internal quotation marks omitted).

To determine "which issues are common, individual, and predominant," the court must "circumscrib[e] the claims and break[] them down into their constituent elements." *Santiago*, 19 F.4th at 1018; *see also Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) ("Analysis of predominance under Rule 23(b)(3) begins, of course, with the elements of the underlying cause of action." (citation and internal quotation marks omitted)). As a result, we have explicitly

No. 22-2560                                                                 7

instructed district courts to "begin [the class certification anaylsis] by identifying the elements of the plaintiff's various claims." *Simpson*, 23 F.4th at 713.

The district court did not address this instruction; in fact, it never noted the elements of Eddlemon's claims. The court should have identified the elements of Eddlemon's two claims and separately analyzed them to better understand the relationship between each claim's common and individual questions. Instead, it listed one common question for each *class* without explaining that question's "relative importance" to each *claim*, whether any individual questions exist, or *how* the common question predominates over individual ones. *Santiago*, 19 F.4th at 1016 (citation omitted). That proved fatal to the court's certification analysis.

Rather than conducting the required analysis, the district court repeatedly and heavily relied on a non-precedential opinion, *Little v. Grand Canyon Univ.*, No. CV-20-00795, 2022 WL 266726 (D. Ariz. Jan. 28, 2022), to summarily conclude that "common questions predominate over individual questions." In doing so, the court did not confront Bradley's key arguments. It did not address the University's assertion that Eddlemon's breach of contract claim would lead to many individual questions regarding damages, and it dismissed Bradley's related arguments regarding Eddlemon's unjust enrichment claim by stating, without explanation: "The court is confident that … it will be able to fashion an appropriate formula for damages."[2]

---

[2] On appeal, Bradley raises many arguments regarding the adequacy of Eddlemon's damages models. However, these arguments are best

This Circuit has found abuses of discretion based on similarly scant analyses. For example, in *Santiago*, this Court concluded that "an abuse of discretion occurred" because "the district court did not engage in the detailed analysis that a Rule 23 decision requires." 19 F.4th at 1018. Like in this case, the district court's order in *Santiago* "d[id] not discuss any of the elements of the underlying causes of action" and "appear[ed] to have organized its analysis around potential common questions rather than the claims at issue." *Id.* at 1017. We made clear that "the district court should have begun its analysis with the elements of the[] claims." *Id.* at 1018.

We reiterated this point in *Simpson*, where the district court also did "not separat[e] its analysis" of the plaintiff's claims. 23 F.4th at 713. There, we stated: "A one size (or one claim) approach is at odds with the 'rigorous analysis' required at the class certification stage. Instead, … a district court should begin by identifying the elements of the plaintiff's various claims …." *Id.* at 712 (citation omitted). The district court's class certification analysis here was similarly incomplete.[3]

---

understood as challenges to whether common questions predominate over individual ones.

[3] Eddlemon submits that *Ross v. Gossett* supports that a district court need not individually examine each element of each claim when evaluating predominance. 33 F.4th at 441–42. But *Ross* is not instructive. In that case, we rejected the appellant's argument that "the district court failed to … discuss the elements of the claims and apply the inquiry to those elements." *Id.* at 441. However, we did so because the district court appropriately addressed the only arguments raised by the parties. *Id.* at 441–42. By contrast, here, the district court did not address Bradley's arguments

No. 22-2560 9

In sum, the district court did not conduct the rigorous analysis required by Rule 23. As such, the court abused its discretion in certifying the Tuition and Activity Fee Classes. *See Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018) ("A district court may abuse its discretion by omitting key factual and legal analysis."); *United States v. Doe Corp.*, 59 F.4th 301, 304 (7th Cir. 2023) ("A court abuses its discretion when it bases its decision on a legal error."). Accordingly, we vacate the class certifications and remand so that the district court may apply the appropriate legal framework to the existing record.

### B. Merits Arguments

Bradley also contends that the district court inappropriately rejected its arguments regarding the adequacy of Eddlemon's proof as "more closely related to the merits" of Eddlemon's claims. While we disagree with Bradley's position, to help inform the court's analysis on remand, we take this opportunity to clarify the interplay between class certification and the merits of a plaintiff's case.

It is true that a district court's analysis of the Rule 23 requirements will often "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351. Yet, the court may only consider the merits of a claim to the extent "they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). At the class certification stage, therefore, the court "must walk a balance between *evaluating* evidence to determine whether a

---

related to each element of Eddlemon's claims and inadequately supported its conclusions regarding commonality and predominance.

common question exists and predominates, *without weighing that evidence to determine whether the plaintiff class will ultimately prevail on the merits.*" *Ross*, 33 F.4th at 442 (citation omitted).

Bradley acknowledges that Eddlemon submitted the 2020 Academic Catalog and the Student Activities Budget Review Committee Articles as support for the alleged contract between Bradley and its students but argues that these documents cannot prove the existence of a contract. However, any attempt to cast doubt upon the sufficiency of these documents to prove the alleged contractual promises goes to the merits of Eddlemon's claims, not to whether common questions exist and predominate. *See Simpson*, 23 F.4th at 712 ("These considerations go not to commonality but instead to whether the … subclasses can ultimately succeed on the merits. We cannot know at this stage. But … as to each subclass, the answer seems likely to be the same for each class member. That is all that Rule 23(a)(2) requires."); *Allstate*, 966 F.3d at 604 ("At class certification, the issue is not whether plaintiffs will be able to prove the[] elements on the merits, but only whether their proof will be common for all plaintiffs, win or lose."). So, the district court did not err by rejecting Bradley's arguments regarding the sufficiency of Eddlemon's evidence.

### III. Conclusion

For the foregoing reasons, we VACATE the district court's certifications of the Tuition and Activity Fee Classes and REMAND for further proceedings consistent with this opinion.