IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **ORION EDDLEMON**, individually and on behalf of all others similarly situated,<br><br>**Plaintiff**,<br><br>v.<br><br>**BRADLEY UNIVERSITY**, an Illinois not-for-profit corporation,<br><br>**Defendant**. | Case No. 1:20-cv-01264-MMM-JEH<br><br>Hon. Michael M. Mihm<br>Hon. Mag. Jonathan E. Hawley |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

Defendant, Bradley University (the "University"), pursuant to this Court's May 25, 2023 Minute Entry, respectfully requests this Court take notice of supplemental authority in support of the University's Opposition to Class Certification [Doc. 48]. In support, the University states:

### INTRODUCTION

This case is set for a class certification hearing on July 27, 2023, at which this Court will undertake a rigorous analysis of Plaintiff's Motion for Class Certification [Doc. 41], with specific attention to the issues identified by the Seventh Circuit for further scrutiny. *See Eddlemon v. Bradley Univ.*, 65 F.4th 335 (7th Cir. 2023). This Court asked counsel for Plaintiff Orion Eddlemon ("Plaintiff") at a status conference on May 25, 2023, whether Plaintiff wished to amend his previous briefs and submissions on class certification in light of the Seventh Circuit's ruling. Plaintiff's counsel declined, stating that Plaintiff would proceed on the existing briefs.[1] At the

---

[1] The existing briefs are comprised of: (1) Plaintiff's Motion for Class Certification [Doc. 41] (the "Class Cert. Motion"); (2) the University's Opposition to Class Certification [Doc. 48] (the "Class Cert. Opp."); and (3) Plaintiff's Reply in Support of Class Certification [Doc. 53] (the "Class Cert. Reply").

1

University's request, however, the Court directed in its May 25, 2023 Minute Entry that the parties "file supplemental briefs highlighting recent case law on the issue of class certification[.]"

Numerous relevant cases have considered and rejected class certification on the same or similar theories to those at issue here since this Court's prior ruling on class certification on July 22, 2022 [Doc. 64]. These cases address, among other issues: the evidentiary burden required to certify a class of students similar to the Tuition and Activity Fee Classes that Plaintiff seeks to certify in this case; the degree of common evidence necessary to assert classwide injury on behalf of a class of students; the rejection of Plaintiff's position that the closure of a campus automatically establishes classwide injury; and the absence of viable classwide damages models to calculate the same types of damages Plaintiff claims in this case. The University requests that the Court take notice of these cases to aid its rigorous analysis at the July 27th class certification hearing.

## SUPPLEMENTAL AUTHORITY

### I. Six Ohio Court of Appeals Decisions Have Rejected Certification of Tuition and Fee Classes, Including the Reversal of One of Plaintiff's Key Authorities

Plaintiff previously relied heavily on the class certification ruling of the Ohio Court of Claims in *Cross v. University of Toledo*, calling it "the only known COVID-19 college tuition and fee refund case alleging breach of contract and unjust enrichment claims that has issued a final order for a contested motion for class certification[.]" Doc. 41 at 6. Since then, the Ohio Court of Appeals has reversed *Cross* and five other lower court decisions certifying similar classes. Its decisions in these cases are persuasive and directly applicable to this Court's analysis.

### A. *Cross v. University of Toledo*

The Ohio Court of Appeals reversed the Court of Claims' certification order in *Cross v. University of Toledo*. 199 N.E.3d 699 (Ohio Ct. App. 2022), attached as Ex. 1. The court held that commonality was not satisfied where the only "common" contention identified was whether the

2

class was entitled to remediation for tuition and fees based on the university's actions. *Id.* at 711. This contention is inadequate to satisfy commonality because it "merely identifies an element common to all litigation: whether the plaintiff is entitled to a remedy." *Id.* Similarly, predominance cannot be satisfied without assessing the individual questions and related evidence compared to the purportedly common ones. *Id.* at 712. In addition, the court held that "a proposed class action requiring the court to determine individualized *fact* of damages does not meet the predominance standards of Rule 23(b)(3)." *Id.* at 712 (citations omitted) (emphasis in original). Because these standards had not been adhered to, the appellate court reversed class certification. *Id.* at 715.

### B. *Duke v. Ohio University*

In *Duke v. Ohio University*, the Ohio Court of Appeals reversed a lower court's order granting class certification for a similar class of students after the trial court ignored the university's argument that the student "could not rely on the complaint allegations or a theory put forward but rather had to have an evidentiary burden at the class action certification stage." 204 N.E.3d 752, 758 (Ohio Ct. App. 2022), attached as Ex. 2. The court also found that the trial court had improperly analyzed the plaintiffs' classwide damages models by accepting the plaintiff's allegations. *Id.* The appellate court confirmed that, at the class certification stage, "a court should not review a motion for class certification under a pleading standard or grant the motion for simply raising a colorable claim[;]" instead, the plaintiff must meet their evidentiary burden of proof by a preponderance of the evidence. *Id.* at 764 (citations omitted). To this end, the court noted:

> Moreover, perhaps the most basic requirement to bringing a lawsuit is that the plaintiff suffer some injury. . . . Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, they must adduce common evidence that shows *all* class members suffered *some* injury. If the class plaintiff fails to establish that *all* of the class members were damaged . . ., there is no showing of predominance under Civ. R. 23(b)(3).

3

*Id.* at 764-65 (internal quotations and citations omitted) (emphasis added). Finding that the trial court erroneously "assumed an economic injury occurred based on the fact of closure of campus and the switch to online classes without considering whether [the plaintiff] presented sufficient evidence[,]" the appellate court held that the trial court abused its discretion. *Id.* at 765. The appellate court likewise held that the trial court's decision to avoid difficult contested merits issues in assessing class certification was an abuse of discretion. *Id.*

### C. *Smith v. Ohio State University*

In *Smith v. Ohio State University*, the Ohio Court of Appeals found the lower court had abused its discretion by certifying a class whose members allegedly did not receive the benefit of their bargain because the court did not adequately assess whether common evidence supported a classwide injury. 200 N.E.3d 1249, 1261 (Ohio Ct. App. 2022), attached as Ex. 3. Similar to *Duke*, the *Smith* trial court improperly "treated the fact of closure of the campus and the cessation of in-person classes as dispositive to establishing an injury on behalf of [the named plaintiff] and the class." *Id.* at 1263-64. The appellate court noted that the trial court could not avoid difficult contested merits issues in order to expedite the class certification stage. *Id.* at 1264-65. In addition, the appellate court held that a class certification decision for different claims, *i.e.*, breach of contract and unjust enrichment, could not be assessed under the "same generalized injury analysis without providing any individualized consideration of those issues." *Id.* at 1265 (citation omitted).

### D. *Weiman v. Miami University*

In *Weiman v. Miami University*, the Ohio Court of Appeals reversed the certification of a class of "[a]ll undergraduate students enrolled in classes . . . during the Spring 2020 semester who paid the Instructional Fee and/or the Non-Resident Surcharge, and who were not given a full refund of those fees[.]" No. 22AP-36, 22AP-37, 2022 WL 17348853, *1 (Ohio Ct. App. Dec. 1, 2022),

attached as Ex. 4. Because the plaintiffs' proposed damages model "raise[d] significant questions with respect to the commonality and predominance requirements for class certification," the appellate court reversed the class certification order. *Id.* at *4-5. In particular, the court found it unclear from the methodology whether all putative class members had even been injured, which was sufficient to reverse class certification. *Id.*

### E. *Waitt v. Kent State University*

Assessing a class defined similarly to the *Weiman* class, the Ohio Court of Appeals in *Waitt v. Kent State University* also reversed class certification. No. 22AP-167, 2022 WL 17986762, *2 (Ohio Ct. App. Dec. 29, 2022), attached as Ex. 5. Because the matter of classwide damages had not been resolved at the class certification stage, and instead had been "relegated" to "future merits ruling[s]," the class certification order was not appropriate. *Id.* at *7. The court also held that a class cannot proceed on a faulty damages model. *Id.* at *7-8.

### F. *Keba v. Bowling Green State University*

In *Keba v. Bowling Green State University*, the Ohio Court of Appeals once more reversed certification of a similar student class. No. 22AP-226, 2022 WL 1781150, *5-6 (Ohio Ct. App. Dec. 20, 2022), attached as Ex. 6. The court reiterated that a plaintiff seeking class certification "must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Id.* at *5 (internal citations and quotations omitted). To that end, a damages theory that relies on individualized proof does not meet the burden for class certification under the commonality or predominance requirements. *Id.* at *5-6.

5

## II.     Federal Court Cases

Multiple federal courts have also weighed in since this Court's prior ruling and have determined that class certification of student refund classes is inappropriate.

### A.  *Evans v. Brigham Young University* (Tenth Circuit)

In opposing class certification, the University cited *Evans v. Brigham Young University*, No. 1:20-CV-100-TS, 2022 U.S. Dist. LEXIS 36190 (D. Utah Feb. 28, 2022), in which the district court denied class certification because resolving the student-plaintiff's claims would require assessing each individual student's circumstances, including each source of payment for each student's tuition. *See* Class Cert. Opp. at 12, 14, 21. The Tenth Circuit recently affirmed this decision in *Evans v. Brigham Young Univ.*, No. 22-4050, 2023 WL 3262012 (10th Cir. May 5, 2023), attached as Ex. 7. There, as here, the defendant university noted that students receive tuition payments "from a variety of sources," including "family members, individual students, loans, grants, and scholarships," and because records reflecting these payment sources were lacking in the record, class certification was inappropriate. *Id*. at *2. There, as here, the plaintiff argued that the payment sources were irrelevant, because "[t]he students were the obligors of the payment of tuition and fees." *Id*. The district court denied class certification because plaintiff had not met his burden of demonstrating "who paid tuition to attend in-person classes." *Id*. at *3 (citation omitted). The Tenth Circuit agreed that the class could not be certified because it required the court to "identify[] all third-party payment sources for tuition[,]" and there are "no records to answer this question." *Id.* at *6. Because the court would have to "individually inquire" into all student class members "to determine who paid tuition—the student or a third party," it was not possible to determine class membership without unmanageable individualized inquiries. *Id.*

### B. *Garcia de Leon v. New York University* (Southern District of New York)

In *Garcia de Leon v. New York University*, the Southern District of New York denied plaintiff's motion to certify a similar class of students because she failed to meet the Rule 23 prerequisites. No. 21-Civ-05005, 2022 WL 2237452 (S.D.N.Y. Jun. 22, 2022), attached as Ex. 8. The court found plaintiff failed to meet her burden of demonstrating that all class members suffered the same injury and were "uniformly impacted," because the evidence presented did not support this conclusion. *Id.* at *11. There was evidence, for example, that the plaintiff had not previously attempted to utilize the services for which she claimed she should be refunded—much like Plaintiff in this case opted not to participate in remote activities. *Id.* The court also noted that a defense specific to the plaintiff's ability to recover the fees she sought—such as Plaintiff's reliance on his individual course syllabi to establish the terms of his contract with the University in this case—precluded class certification as well. *Id.* at *12 (noting plaintiff's failure to return items funded by fee received called into question her entitlement to a refund of that fee), *13 (noting issues if plaintiff cannot establish she suffered an injury).

In addition, the fact that the university continued to provide certain services that the plaintiff claims to have not received raised another important individualized issue defeating commonality and typicality because there was no evidence in the record that any other students failed to receive these same services. *Id.* at *13 ("[I]n order to establish that others suffered the same injury, we would have to undertake a searching inquiry into what each of approximately 55,000 students did or did not do during the first months of the pandemic[.]"). Notably, the court determined that the plaintiff's claims would turn on individual contract language that precludes

7

class certification. *Id.* at *18 (citations omitted). For these reasons, the court denied class certification.[2]

### C. *In re Suffolk University COVID Refund Litigation* (District of Massachusetts)

The District of Massachusetts denied a similarly defined student class in *In re Suffolk University COVID Refund Litigation*. No. 20-10985-WGY, 2022 WL 6819485 (D. Mass. Oct. 11, 2022), attached as Ex. 10. Noting that Rule 23 "impose[s]" the "requirement" of drawing all reasonable inferences in the plaintiff's favor, the court nevertheless determined that a class action was not the superior method of trying these claims. *Id.* at *3. Because the plaintiff's "likelihood of proving damages [was] vanishingly small," and the case turned on students' individual experiences—much as Plaintiff in this case testified that each class member's damages should turn on their individual class experiences and individual activities—class certification was impractical. *Id.* The court found various other possibilities that may ensue if class certification were denied would ultimately be more "'efficient' in terms of the aggregate costs imposed on these litigants" as compared to proceeding with the case as a class action. *Id.* at *4.

### D. *Omori v. Brandeis University* (District of Massachusetts)

Lastly, in *Omori v. Brandeis University*, the student-plaintiffs sought refunds of tuition and fees based on the university's alleged breach of implied contract for transitioning to remote instruction during the Spring 2020 semester. No. 20-11021-NMG, 2023 WL 3511341, *1 (D. Mass. May 16, 2023), attached as Ex. 11. Noting that the plaintiffs' damages models were critical to determining whether the class could be certified, the *Omori* court considered the individual issues that would permeate those models. *Id.* at *4, *6 (noting "it is apparent that separate

---

[2] Although it did not formally reach the class certification issue, the Second Circuit also recently criticized the viability of a refund class at New York University when assessing a similar case at the motion to dismiss stage. *See Rynasko v. New York Univ.*, 63 F.4th 186, 205 n. 2 (2d Cir. 2023) (noting certification would be "implausible" due to commonality and predominance issues), attached as Ex. 9.

8

calculations would be necessary to determine which individuals sustained any damage at all"). The court also criticized the plaintiffs' "generic commitment to determining individual damages at a future point" because, although they acknowledged they would account for scholarships and individual payments received by students at some point later in the case, they had applied their model to a named plaintiff by excluding that very information—as did Plaintiff in this case. *Id.* at *6.

The court further rejected the plaintiffs' attempt to rely on rulings that implied a viable damages model may exist at the motion to dismiss stage. *Id.* at *6 (citations omitted) ("Although that principle is consistent with this Court's prior decisions, it does not suggest a finding that plaintiffs' proposed damages model and classwide theories are suitable for certification here."). Because the plaintiffs had put forth faulty damages models that could not be applied on a classwide basis, the court determined that certification "would not be a more fair and efficient method of adjudicating this controversy." *Id.* at *7.

Dated: June 16, 2023

Respectfully submitted,

**BRADLEY UNIVERSITY**

By: /s/ *Gregory E. Ostfeld*
Gregory E. Ostfeld (Attorney No. 6257163)
ostfeldg@gtlaw.com
Tiffany S. Fordyce (Attorney No. 235063)
fordycet@gtlaw.com
Kara E. Angeletti (Attorney No. 6329388)
angelettik@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

*Attorneys for Bradley University*

## CERTIFICATE OF SERVICE

I, Kara E. Angeletti, certify that on June 16, 2023, a true and correct copy of the **Notice of Supplemental Authority in Support of Defendant's Opposition to Class Certification** was served electronically through the Central District of Illinois CM/ECF electronic filing on all counsel of record.

/s/ *Kara E. Angeletti*

One of Defendant's Attorneys

ACTIVE 688152481v2