# Exhibit 4

2022 WL 17348853

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.
Court of Appeals of Ohio, Tenth District, Franklin County.

Mackenzie WEIMAN, Plaintiff-Appellee,
v.
MIAMI UNIVERSITY, Defendant-Appellant.
Sarah Baumgartner, Plaintiff-Appellee,
v.
Miami University, Defendant-Appellant.

No. 22AP-36, No. 22AP-37
|
Rendered on December 1, 2022

APPEALS from the Court of Claims of Ohio, (Ct. of Cl. No. 2020-00614JD), (Ct. of Cl. No. 2020-00644JD).

**Attorneys and Law Firms**

On brief: Climaco Wilcox Peca & Garofoli Co., LPA, Scott D. Simpkins; Bursor & Fisher, P.A., Joshua D. Arisohn; Francis Mailman Soumilas, P.C., and James A. Francis, for appellees. Argued: Joshua D. Arisohn.

On brief: Ice Miller LLP, Diane Menashe, and Alexandra Petrillo, for appellant. Argued: Diane Menashe.

DECISION

KLATT, J.

 *1 {¶ 1} Defendant-appellant, Miami University ("Miami"), appeals from a decision and judgment of the Court of Claims of Ohio granting the motion for class certification filed by plaintiffs-appellees, Mackenzie Weiman and Sarah Baumgartner. Because the trial court failed to conduct a rigorous analysis of the Civ.R. 23(A)(2) and 23(B)(3) factors for class certification, we reverse the judgment.

**I. Facts and Procedural History**

{¶ 2} In March 2020, in response to the Ohio governor's declaration of a state of emergency (Executive Order 2020-01D) and to protect the health and safety of its students, faculty, and staff, Miami converted its in-person classes to remote-learning classes. The governor's executive order was issued in response to the COVID-19 global pandemic. Miami issued refunds to students for room and board, parking, some course fees, a portion of the general fee, and other miscellaneous fees on a pro rata basis for the weeks remaining in the spring semester. Miami did not refund the instructional fee and out-of-state surcharge. Classes by remote learning continued for the remaining portion of the spring semester, and students received academic credits for successful completion of those courses, and the credits counted toward earning a diploma. Miami's failure to refund any portion of the instructional fee and out-of-state surcharge for the spring 2020 semester is the subject of this litigation.

{¶ 3} Appellees Weiman and Baumgartner were undergraduate students at Miami during the Spring 2020 semester. On October 22 and November 6, 2020, respectively, Weiman and Baumgartner filed suit against Miami asserting claims for breach of contract and unjust enrichment. These cases were later consolidated by the trial court. Appellees alleged that they paid for a full semester of in-person classes with access to Miami's campus, but that Miami instead provided them with online classes without access to the campus. Appellees sought damages predicated on the alleged difference in market value between in-person classes with access to Miami's campus, and online classes without access to the campus.

{¶ 4} On October 1, 2021, appellees filed a motion for class certification. Miami opposed the motion. The trial court held an oral, nonevidentiary hearing on the motion on November 19, 2021. During the hearing, the trial court indicated that it wanted the definition of the proposed class narrowed. It also stated during the hearing that it intended to certify the class. (Tr. at 61.) On November 29, 2021, appellees submitted an amended class definition as follows:

> All undergraduate students enrolled in classes at the Oxford campus of Miami University during the Spring 2020 semester who paid the Instructional Fee and/or the Non-

Daniels, Rachel 6/12/2023
For Educational Use Only

**Weiman v. Miami University, Slip Copy (2022)**
2022 WL 17348853, 2022-Ohio-4294

Resident Surcharge, and who were not given a full refund of those fees (pro-rated for the number of days remaining in the semester from when classes transitioned online to the last day of exams).

(Nov. 29, 2021 Am. Class Definition Submission.) [1]

[1] Miami did not object to the amended class definition assuming the trial court intended to certify the class. However, Miami expressly preserved its arguments against class certification and its right to appeal an adverse ruling on that issue.

 *2  {¶ 5} In a decision filed December 13, 2021, the trial court found that appellees' amended class definition satisfied the requirements for class certification by a preponderance of the evidence. Therefore, the trial court granted appellees' motion for class certification. [2]

[2] By entry dated January 10, 2022, the trial court dismissed the Baumgartner case (case No. 2020-00644JD) without prejudice, incorporated the findings from that case into the Weiman case, and ordered that both appellees would become named plaintiffs in the Weiman case.

{¶ 6} Miami appeals that determination and assigns the following error:

> The trial court erred by granting Appellees' Motions for Class Certification.

## II. Legal Analysis

### A. Standard of review

{¶ 7} A trial court has broad discretion in determining whether to certify a class action, and an appellate court should not disturb that determination absent an abuse of discretion. *Marks v. C.P. Chemical Co.*, 31 Ohio St.3d 200 (1987), syllabus. An abuse of discretion connotes more than error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Id.* at 201. However, the trial court's discretion in deciding whether to certify a class action is not without limits and must be exercised within the framework of Civ.R. 23. *Egbert v. Shamrock Towing, Inc.*, 10th Dist. No. 20AP-266, 2022-Ohio-474, ¶ 15, citing *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 70 (1998). In addition, as a trial court "does not have discretion to apply the law incorrectly[,] * * * courts apply a de novo standard when reviewing issues of law." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 38; *State v. Spirnak*, 10th Dist. No. 19AP-261, 2020-Ohio-6838, ¶ 16 (no court has the authority within its discretion to commit an error of law).

### B. Miami's Argument

{¶ 8} In support of its sole assignment of error, Miami makes a number of interrelated arguments. Its first argument is that the trial court abused its discretion in certifying the class because it failed to conduct the required rigorous analysis of the commonality and predominance factors set forth in Civ.R. 23(A)(2) and 23(B)(3). More specifically, Miami contends the trial court erred when it failed to rigorously analyze the appellees' theory of damages and their experts' proposed market analysis before certifying the class. We agree.

### C. Class Actions Generally

{¶ 9} "[C]lass-action suits are the exception to the usual rule that litigation is conducted by and on behalf of only the individually named parties." *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, ¶ 25. "To fall within that exception, the party bringing the class action must affirmatively demonstrate compliance with the procedural rules governing class actions." *Id.* Specifically, the party seeking class action certification must prove, by a preponderance of the evidence, that the proposed class meets the requirements. *Egbert* at ¶ 17. The trial court must carefully apply the requirements for class certification and conduct a "rigorous analysis" into whether those requirements have been satisfied. *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. No. 20AP-17, 2021-Ohio-956, ¶ 10, citing *Hamilton* at 70. A "rigorous analysis" often requires the trial court to " 'look[ ] into enmeshed legal and factual issues that are part

Daniels, Rachel 6/12/2023
For Educational Use Only

**Weiman v. Miami University, Slip Copy (2022)**
2022 WL 17348853, 2022-Ohio-4294

of the merits of the plaintiff's underlying claims' * * * and 'consider what will have to be proved at trial and whether those matters can be presented by common proof.' " *Madyda* at ¶ 10, quoting *Felix* at ¶ 26, and *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶ 17, citing 7AA Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1785 (3d Ed.2005). However, the trial court may consider the underlying merits of plaintiff's claims only to the extent necessary to determine whether the plaintiff has satisfied the requirements for class certification. *Felix* at ¶ 26; *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 44. In explaining a trial court's duty to conduct a rigorous analysis prior to certifying a class for litigation, the Supreme Court of Ohio has emphasized that the requirements are not "a mere pleading standard." *Felix* at ¶ 26, quoting *WalMart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). It is not sufficient for class certification purposes that the plaintiff's allegations merely raise "a colorable claim." *Madyda* at ¶ 15, quoting *Cullen* at ¶ 34. Rather, the court must determine whether the party seeking class certification affirmatively demonstrated compliance with the requirements for certification. *Felix* at ¶ 26.

D. Requirements for Class Certification

*3 {¶ 10} "The procedural aspects of class-action litigation in Ohio are controlled by Fed.R.Civ.P. 23 and Civ.R. 23, depending on whether the matter proceeds in a federal or state court in Ohio." *Felix* at ¶ 24. The Supreme Court of Ohio has endorsed consulting "federal law interpreting the federal rule" as "appropriate and persuasive authority in interpreting" Civ.R. 23. *Felix* at ¶ 24. Under Civ.R. 23(A), there are four requirements to certify a class:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

(4) the representative parties will fairly and adequately protect the interests of the class.

{¶ 11} In addition, the movant must show that the purported class action satisfies at least one of the three requirements set forth in Civ.R. 23(B). In this case, the appellees sought certification of their proposed class under Civ.R. 23(B)(3), which sets forth the "predominance" and "superiority" requirements. Specifically, Civ.R. 23(B)(3) states that:

"[a] class action may be maintained if Civ.R. 23(A) is satisfied, and if:

* * *

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(a) the class members' interests in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d) the likely difficulties in managing a class action.

{¶ 12} Although Civ.R. 23(B)(3) sets forth a list of factors pertinent to both the predominance and superiority findings, the list is not exhaustive, and other relevant factors can be considered. *Madyda*, 10th Dist. No. 20AP-17, 2021-Ohio-956, at ¶ 17, citing *State ex rel. Davis v. Pub. Employees Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, ¶ 28, citing 7AA Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1777, 118 (3d Ed.2005).

{¶ 13} Summarizing the Civ.R. 23 requirements, the Supreme Court of Ohio articulated the following seven prerequisites for certification of a class action pursuant to Civ.R. 23:

(1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named plaintiff representatives must be members of

the class, (3) the class must be so numerous that joinder of all the members is impracticable, (4) there must be questions of law or fact common to the class, (5) the claims or defenses of the representatives must be typical of the claims or defenses of the class, (6) the representative parties must fairly and adequately protect the interests of the class, and (7) one of the three requirements for certification set forth in Civ.R. 23(B) must be met.

*Egbert*, 10th Dist. No. 20AP-266, 2022-Ohio-474, at ¶ 16, citing *Hamilton* at 71, citing *Warner v. Waste Mgt.*, 36 Ohio St.3d 91, 96 (1988); Civ.R. 23. The first two prerequisites are implicitly required while the remaining five are explicitly set forth in Civ.R. 23. *Warner* at 94.

**\*4** {¶ 14} Miami has conceded that appellees satisfied four of the seven prerequisites for class certification. (Tr. at 15-16.) However, it contested the first prerequisite, arguing that the proposed class is unidentifiable and overly broad. It contested the sixth prerequisite, arguing that the representative parties did not fairly and adequately protect the interests of the class. Lastly, Miami contested the fourth prerequisite, arguing that the appellees failed to meet their burden on the question of commonality (Civ.R. 23(A)(2)), and implicitly the predominance and superiority requirements contained in Civ.R. 23(B)(3). The trial court's analysis of the commonality and predominance factors contained in Civ.R. 23(B)(3) is the main focus of Miami's first argument.

{¶ 15} "For a class action to be certified under Civ.R. 23(B)(3), the trial court must affirmatively find that: (1) 'the questions of law or fact common to class members predominant over any questions affecting only individual members'; and (2) 'a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.' " *Madyda*, 10th Dist. No. 20AP-217, 2021-Ohio-956, at ¶ 14, quoting Civ.R. 23(B)(3). A key purpose of the predominance requirement is to test whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Madyda* at ¶ 14, citing *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, at ¶ 35. For common questions of law or fact to predominant, it is not sufficient that such questions merely exist; rather, they must represent a significant aspect of the case. *Id.*, citing *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, at ¶ 30, quoting *Marks*, 31 Ohio St.3d at 204. Additionally, they must be capable of repetition for all members in a single adjudication. *Id.*

{¶ 16} Moreover, it is not sufficient for class certification under Civ.R. 23(B)(3) that the allegations of the complaint merely raise " 'a colorable claim.' " *Madyda*, at ¶ 15, quoting *Cullen* at ¶ 34. Rather, the plaintiff must demonstrate the questions common to the class, in fact, predominate over individual ones. " ' "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." ' " *Madyda* at ¶ 15, quoting *Cullen* at ¶ 34, quoting *Randleman v. Fid. Natl. Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011).

{¶ 17} As for the superiority requirement, the determination of whether a class action is the superior method of adjudication requires that the trial court " ' "make a comparative evaluation of the other procedures available to determine whether class action is sufficiently effective to justify the expenditure of judicial time and energy involved there." ' " *Madyda* at ¶ 16, quoting *Davis* at ¶ 28, quoting *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 313 (1984).

{¶ 18} In this case, the appellees' market-based damage theory and their experts' proposed analysis raises significant questions with respect to the commonality and predominance requirements for class certification. " 'Perhaps the most basic requirement to bringing a lawsuit is that the plaintiff suffer some injury.' " *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, at ¶ 36, quoting Schwartz & Silverman, *Common Sense Construction of Consumer Protection Acts*, 54 U.Kan.L.Rev. 1, 50 (2005). "Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered some injury." (Emphasis omitted.) *Id.* at ¶ 33. "If the class plaintiff fails to establish that all of the class members were damaged (notwithstanding questions regarding the individual damage calculations for each class member), there is no showing of preponderance under Civ.R. 23(B)(3)." *Id.* at ¶ 35; see also *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, at ¶ 15 (stating that, as part of a proper

Daniels, Rachel 6/12/2023
For Educational Use Only

**Weiman v. Miami University, Slip Copy (2022)**
2022 WL 17348853, 2022-Ohio-4294

rigorous analysis, the trial court must determine whether the party satisfied "through evidentiary proof at least one of the provisions of Rule 23(b)").

E. The Hearing on Class Certification

 *5  {¶ 19} Here, Miami contested whether appellees presented sufficient proof of actual injury amenable to resolution on a class-wide basis. Therefore, it was incumbent on the trial court to rigorously analyze at the class certification stage the validity of appellees' theory of damage and their experts' proposed analysis, even though that analysis would overlap in part with the merits of appellees' claims. The transcript of the nonevidentiary oral hearing on class certification reflects that the trial court did not conduct the required rigorous analysis of appellees' theory of damages to determine if all class members suffered some injury.

{¶ 20} Shortly after the commencement of the hearing, the trial court made the following statements:

But for those people who are not lawyers and may be clients, let me just explain to you exactly what this proceeding is all about. We are not here to try the merits, the factual issues of this case. That would happen at a later point in time. We are here for the sole purpose of determining whether the plaintiffs' proposed class should be certified by this court, and thus whether this action should proceed to the next step, which would be dealing with the merits should it proceed as a class action.

So I am going to be hearing oral arguments. I have received the briefs of the parties, and I have had an opportunity to, you know, review basically all the issues, the legal issues, that have been presented. The attorneys, especially for defense counsel, and not just defense counsel in this particular case -- this case deals with Miami University in Oxford, Ohio -- but I have cases dealing with Ohio State, Toledo University, Cincinnati, Case, I don't know, almost every state university in the state of Ohio is a defendant in one more of these cases.

So the issues involved in this case, which the Plaintiffs have identified, are relatively simplistic. The student body in these universities paid tuition to have in-person college experience during the spring of 2020, and that's not just the experience of the education, but the experience of the college atmosphere. They paid for in-person college training and they received online training, and they believe that there is a breach of what we called an implied contract.

And for those non-lawyers, an implied contract is one that isn't written. It is one that is understood between the parties because of different things that the parties have done during the creation of that agreement that implies a certain promise on behalf of the parties.

So the claim is that the students believe that they paid tuition for an in-college/in-person training and college experience, they got an online experience, and they believe that that was not what they paid for and they are suing the college for the difference in what they received and what they believe that they had agreed to buy in the legal concept of an implied contract.

(Tr. at 5-7.)

{¶ 21} After making some general comments about the doctrine of stare decisis and the impact of the pandemic on our society, the trial court further stated:

But, you know, now that we have some unique situations before us, we're going to create what we call precedent. I'm going to have to make a decision of whether a class should be certified under these circumstances, and that calls for probably just general precedent. But we're also going to have to decide some of the legal issues involved in this case. *I can tell the lawyers the most difficult part of this case is the alleged damages that the Plaintiffs have claimed.*

But with that in mind, I am required to try to figure out exactly where we should proceed from this point and this point going forward. So I'm going to have an opportunity to hear the arguments with respect to the University of Miami, *but I've got 12 other cases, and I can tell the parties and the lawyers who are listening in, I'm not going to rule any differently on this case than I am on the other 12 cases. Law firms keep telling me, oh, my case is different, you know, Ohio State's different than Ohio University, it's different from Miami, and the answer is, no, it isn't. It is not different [at] all.* The issues are did the students get what they paid for. I don't care what school they went to, that's the issue that's going to be presented.

 *6  *Now, the legal issues with respect to the damages are totally separate, and I don't want discussions about that*

*today. I don't want you arguing the merits of the case.* I can tell Defense Counsel, in your brief you argued the merits of the case in half of your brief, and that's interesting, but that's not what we're here for. We're here to decide whether the Rules of Civil Procedure, Rule 23, are applicable to a -- this case and whether a class should be certified.

(Emphasis added.) *Id.* at 8-9.

{¶ 22} These statements indicate that the trial court believed all the university cases were the same and that it was not going to rule any differently on class certification in this case than it would in the other cases. In fact, the transcript of the hearing suggests that Miami was aware that the trial court had already certified the class in the case against the University of Toledo. (Tr. at 17, 47.) [3] Most significantly, the trial court made it clear it wanted no discussion of damages at the class certification hearing.

[3] The plaintiffs in the University of Toledo case presented a different damage theory and relied on a different proposed expert analysis in their motion for class certification than the appellees presented here. *Cross v. Univ. of Toledo*, 10th Dist. No. 21AP-279, 2022-Ohio-3825.

{¶ 23} Later in the hearing, the trial court again expressed that "I have a real problem with the damage aspect of this case," but indicated that it would consider appellees' damage theory during the merits phase of the case. (Tr. at 59-61.) These comments indicate that the trial court was unaware that a rigorous analysis of the requirements for class certification often require a court to "look[ ] into enmeshed legal and factual issues that are part of the merits of the plaintiff's underlying claims." *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, at ¶ 26. Whether or not every member of appellees' proposed class suffered some injury under appellees' theory of damages was at the core of Miami's argument contesting the commonality and predominance requirements of Civ.R. 23(B)(3). The trial court needed to rigorously analyze the appellees' theory of damages to determine if these requirements were met before certifying the class.

{¶ 24} Although the trial court clearly recognized that the issue of damages was the most difficult part of the case, it relegated that issue to its future merits ruling and expressly refused to consider it in determining whether to certify the class. It refused to evaluate appellees' damage theory even though Miami argued that appellees' damage theory was fundamentally flawed and did not support appellees' claim that all class members suffered injury. Therefore, even though the trial court's decision expressly found that appellees satisfied all the Civ.R. 23 requirements, the transcript of the hearing demonstrates that the trial court did not conduct a rigorous analysis of the commonality and predominance factors. The trial court failed to rigorously analyze whether appellees' theory of damages established that all members of the proposed class suffered some injury as required by *Felix*, and whether common issues predominate over individual issues.

{¶ 25} Because the trial court failed to conduct a rigorous analysis of the Civ.R. 23 requirements for class certification, we sustain Miami's sole assignment of error and reverse the judgment of the Court of Claims of Ohio.

**\*7** *Judgment reversed; cause remanded.*

SADLER and McGRATH, JJ., concur.

**All Citations**

Slip Copy, 2022 WL 17348853, 2022-Ohio-4294