# Exhibit 6

2022 WL 17821150

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Tenth District, Franklin County.

Lawrence KEBA, Plaintiff-Appellee,
v.
BOWLING GREEN STATE UNIVERSITY, Defendant-Appellant.

No. 22AP-226
|
Rendered on December 20, 2022

APPEAL from the Court of Claims of Ohio, (Ct. of Cl. No. 2020-00639JD).

**Attorneys and Law Firms**

On brief: Climaco Wilcox Peca & Garofoli Co., LPA, Scott D. Simpkins; Bursor & Fisher, P.A., and Joshua D. Arisohn, for appellee. Argued: Joshua D. Arisohn.

On brief: Eastman & Smith LTD, Stephen E. Chappelear, Jared J. Lefevre, and Nicholas W. Bartlett, for appellant. Argued: Jared J. Lefevre.

DECISION

KLATT, J.

 *1 {¶ 1} Defendant-appellant, Bowling Green State University ("BG"), appeals from a decision and judgment of the Court of Claims of Ohio granting the motion for class certification filed by plaintiff-appellee, Lawrence Keba. Because the trial court failed to conduct a rigorous analysis of the Civ.R. 23(A)(2) and 23(B)(3) factors for class certification, we reverse the judgment.

**I. Facts and Procedural History**

{¶ 2} In March 2020, due to various governmental orders issued in response to the COVID-19 global pandemic, BG converted its 2020 spring semester in-person classes to remote-learning classes for the remainder of the semester. Keba was an undergraduate student at BG enrolled in one on-line class and several in-person classes for the 2020 spring semester. As a result of BG's decision, Keba's in-person classes switched to on-line learning for the remaining portion of the semester. BG refunded housing, dining, and parking fees to students on a pro rata basis for the weeks remaining in the 2020 spring semester. BG's failure to refund any portion of tuition and other fees for the 2020 spring semester is the subject of this litigation.

{¶ 3} On November 4, 2020, Keba, on behalf of himself and others similarly situated, filed suit against BG alleging breach of contract, unjust enrichment, and conversion claims.[1] Specifically, Keba alleged that he paid for a full semester of in-person classes with access to BG's campus, but that, for approximately half of the 2020 spring semester, BG instead provided him with on-line classes without access to the campus. Keba sought damages predicated on the alleged difference in market value between in-person classes with access to BG's campus and on-line classes without access to the campus.

[1] Keba's conversion claim was dismissed by the trial court on March 10, 2021 pursuant to Civ.R. 12(B)(6).

{¶ 4} On October 1, 2021, Keba filed a motion for class certification. BG opposed the motion. Keba proposed the following class:

> All undergraduate students enrolled in classes at the Main Campus of Bowling Green State University during the Spring 2020 semester who paid tuition and/or fees.

(Oct. 1, 2021 Mot. for Class Certification at 6.)

{¶ 5} The trial court held a hearing on Keba's motion for class certification on March 11, 2022. The hearing did not involve the presentation of any evidence. During the hearing, the court indicated it was going to certify the class, but the trial court asked the parties to file a proposed redefined class on which

Daniels, Rachel 6/12/2023
For Educational Use Only

**Keba v. Bowling Green State University, Slip Copy (2022)**
2022 WL 17821150, 2022-Ohio-4592

they could agree. (Tr. at 23-24.) Thereafter, the parties jointly submitted the following amended class definition:

> All undergraduate students enrolled in classes at Bowling Green State University during the Spring 2020 semester who paid tuition and/or fees who: (a) paid tuition and fees, but only to the extent they were not refunded; and (b) did not withdraw from classes before March 13, 2020.[2]

(Mar. 17, 2022 Am. Class Definition at 1.)

[2] BG expressly preserved its arguments against class certification and its right to appeal an adverse ruling on that issue.

 *2  {¶ 6} In a decision filed March 30, 2022, the trial court found that Keba had satisfied the requirements for class certification by a preponderance of the evidence. However, the trial court modified the parties proposed amended class definition as follows:

> All undergraduate students enrolled in classes at the Main Campus of Bowling Green State University during the Spring 2020 semester who (a) paid tuition or fees, or both, but only to the extent that such tuition or fees, or both, were not refunded, and who (b) did not withdraw from classes before March 13, 2020.

( Mar. 30, 2022 Decision at 6.) With this modification to the class definition, the trial court granted Keba's motion for class certification.

{¶7} BG appeals that determination and assigns the following errors:

I. The trial court erred in holding that the defense of impossibility does not bar Plaintiff-Appellee's claims.

II. The trial court erred in granting Plaintiff-Appellee's motion for class certification.

**II. Legal Analysis**

A. Standard of Review

{¶ 8} A trial court has broad discretion in determining whether to certify a class action, and an appellate court should not disturb that determination absent an abuse of discretion. *Marks v. C.P. Chemical Co.*, 31 Ohio St.3d 200 (1987), syllabus. An abuse of discretion connotes more than error an of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Id.* at 201. However, the trial court's discretion in deciding whether to certify a class action is not without limits and must be exercised within the framework of Civ.R. 23. *Egbert v. Shamrock Towing, Inc.*, 10th Dist. No. 20AP-266, 2022-Ohio-474, ¶ 15, citing *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 70 (1998). In addition, as a trial court "does not have discretion to apply the law incorrectly[,] * * * courts apply a de novo standard when reviewing issues of law." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 38; *State v. Spirnak*, 10th Dist. No. 19AP-261, 2020-Ohio-6838, ¶ 16 (no court has the authority within its discretion to commit an error of law).

B. Class Actions Generally

{¶ 9} "[C]lass-action suits are the exception to the usual rule that litigation is conducted by and on behalf of only the individually named parties." *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, ¶ 25. "To fall within that exception, the party bringing the class action must affirmatively demonstrate compliance with the procedural rules governing class actions." *Id.* Specifically, the party seeking class action certification must prove, by a preponderance of the evidence, that the proposed class meets the requirements. *Egbert* at ¶ 17. The trial court must carefully apply the requirements for class certification and conduct a "rigorous analysis" into whether those requirements have been satisfied. *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. No. 20AP-17, 2021-Ohio-956, ¶ 10, citing *Hamilton* at 70. A "rigorous analysis" often requires the trial court to "

Daniels, Rachel 6/12/2023
For Educational Use Only

**Keba v. Bowling Green State University, Slip Copy (2022)**
2022 WL 17821150, 2022-Ohio-4592

'look[ ] into enmeshed legal and factual issues that are part of the merits of the plaintiff's underlying claims' * * * and 'consider what will have to be proved at trial and whether those matters can be presented by common proof.' " *Madyda* at ¶ 10, quoting *Felix* at ¶ 26, and *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶ 17, citing 7AA Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1785 (3d Ed.2005). However, the trial court may consider the underlying merits of plaintiff's claims only to the extent necessary to determine whether the plaintiff has satisfied the requirements for class certification. *Felix* at ¶ 26; *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 44. In explaining a trial court's duty to conduct a rigorous analysis prior to certifying a class for litigation, the Supreme Court of Ohio has emphasized that the requirements are not "a mere pleading standard." *Felix* at ¶ 26, quoting *WalMart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). It is not sufficient for class certification purposes that the plaintiff's allegations merely raise "a colorable claim." *Madyda* at ¶ 15, quoting *Cullen* at ¶ 34. Rather, the court must determine whether the party seeking class certification affirmatively demonstrated compliance with the requirements for certification. *Felix* at ¶ 26.

### C. Requirements for Class Certification

*3 {¶ 10} "The procedural aspects of class-action litigation in Ohio are controlled by Fed.R.Civ.P. 23 and Civ.R. 23, depending on whether the matter proceeds in a federal or state court in Ohio." *Felix* at ¶ 24. The Supreme Court of Ohio has endorsed consulting "federal law interpreting the federal rule" as "appropriate and persuasive authority in interpreting" Civ.R. 23. *Felix* at ¶ 24. Under Civ.R. 23(A), there are four requirements to certify a class:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

(4) the representative parties will fairly and adequately protect the interests of the class.

{¶ 11} In addition, the movant must show that the purported class action satisfies at least one of the three requirements set forth in Civ.R. 23(B). In this case, the appellees sought certification of their proposed class under Civ.R. 23(B)(3), which sets forth the "predominance" and "superiority" requirements. Specifically, Civ.R. 23(B)(3) states that:

"[a] class action may be maintained if Civ.R. 23(A) is satisfied, and if:

* * *

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(a) the class members' interests in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d) the likely difficulties in managing a class action.

{¶ 12} Although Civ.R. 23(B)(3) sets forth a list of factors pertinent to both the predominance and superiority findings, the list is not exhaustive, and other relevant factors can be considered. *Madyda*, 10th Dist. No. 20AP-17, 2021-Ohio-956, at ¶ 17, citing *State ex rel. Davis v. Pub. Employees Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, ¶ 28, citing 7AA Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1777, 118 (3d Ed.2005).

{¶ 13} Summarizing the Civ.R. 23 requirements, the Supreme Court of Ohio articulated the following seven prerequisites for certification of a class action pursuant to Civ.R. 23:

(1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named plaintiff

representatives must be members of the class, (3) the class must be so numerous that joinder of all the members is impracticable, (4) there must be questions of law or fact common to the class, (5) the claims or defenses of the representatives must be typical of the claims or defenses of the class, (6) the representative parties must fairly and adequately protect the interests of the class, and (7) one of the three requirements for certification set forth in Civ.R. 23(B) must be met.

*Egbert*, 10th Dist. No. 20AP-266, 2022-Ohio-474, at ¶ 16, citing *Hamilton* at 71, citing *Warner v. Waste Mgt.*, 36 Ohio St.3d 91, 96 (1988); Civ.R. 23. The first two prerequisites are implicitly required while the remaining five are explicitly set forth in Civ.R. 23. *Warner* at 94.

D. BG's Arguments

**\*4** {¶ 14} In its first assignment of error, BG asserts that the trial court erred in holding the defense of impossibility does not bar Keba's claims. This assignment of error mischaracterizes the trial court's decision on class certification. Although the trial court did reject BG's argument that the defense of impossibility precluded certification of the proposed class, it made no ruling on whether the doctrine of impossibility would ultimately be a complete defense to Keba's breach of contract and unjust enrichment claims. Rather, the trial court indicated during the hearing that it would address the defense of impossibility during the merits phase of the case. (Tr. at 11-12.)

{¶ 15} In support of this assignment of error, BG also argues that because it has a legal defense to Keba's claims, there can be no class-wide recovery, and therefore, the court should not certify the class. This argument improperly merges the class action determination with the merits determination. Under BG's rationale, a party opposing class certification could always argue that because it believes it has a legal defense to the underlying claims, no class should be certified. However, the existence of a possible legal defense to a plaintiff's underlying claim is relevant to the Civ.R. 23 analysis only to the extent that the alleged defense can or cannot be resolved on a class-wide basis. The ultimate success or failure of the defense goes to the merits of the claim, not certification of the class.

{¶ 16} Although a rigorous analysis often requires a trial court to " 'look[ ] into enmeshed legal and factual issues that are part of the merits of the plaintiff's underlying claims,' it should do so only to 'consider what will have to be proved at trial and whether those matters can be presented by common proof.' " *Madyda* at ¶ 10, quoting *Felix* at ¶ 26, and *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶ 17, citing 7AA Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1785 (3d Ed.2005). Stated another way, the trial court may consider the underlying merits of plaintiff's claims only to the extent necessary to determine whether the plaintiff has satisfied the requirements for class certification. *Felix* at ¶ 26; *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 44. Here, as Keba points out, what matters for purposes of class certification is that the impossibility defense will be decided the same way for the entire class. (Keba's Brief at 5-6.) *Cantlin v. Smythe Cramer Co.*, 8th Dist. No. 106697, 2018-Ohio-4607, ¶ 30 (affirmative defense of release of claims goes to the merits and should not defeat class certification); *Bentley v. Honeywell Internatl., Inc.*, 223 F.R.D. 471, 485 (S.D. Ohio 2004) (" 'an inquiry into a claimed affirmative defense [of] impermissibility allows an issue going to the merits of the litigation to intrude upon the class certification analysis required by Rule 23,' " quoting *Cook v. Rockwell Internatl. Corp.* 151 F.R.D. 378, 386 (D. Colo. 1993)).

{¶ 17} This was precisely the point the trial court made during the hearing when it noted that impossibility was a defense to failure to perform that could be raised later, but it was not relevant to determining if purported class members suffered common or individualized damages. (Tr. at 12.) For these reasons, we overrule BG's first assignment of error.

{¶ 18} In its second assignment of error, BG argues that the trial court erred in granting Keba's motion for class certification. In support of this assignment of error, BG makes a number of arguments, including an argument that the trial court failed to conduct a rigorous analysis of the Civ.R. 23 requirements. More specifically, BG contends that the trial court did not rigorously analyze whether the damages alleged by Keba are ascertainable on a class-wide basis. We agree.

Daniels, Rachel 6/12/2023
For Educational Use Only

**Keba v. Bowling Green State University, Slip Copy (2022)**
2022 WL 17821150, 2022-Ohio-4592

**\*5** {¶ 19} "For a class action to be certified under Civ.R. 23(B)(3), the trial court must affirmatively find that: (1) 'the questions of law or fact common to class members predominant over any questions affecting only individual members'; and (2) 'a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.' " *Madyda*, 10th Dist. No. 20AP-217, 2021-Ohio-956, at ¶ 14, quoting Civ.R. 23(B)(3). A key purpose of the predominance requirement is to test whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Madyda* at ¶ 14, citing *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, at ¶ 35. For common questions of law or fact to predominate, it is not sufficient that such questions merely exist; rather, they must represent a significant aspect of the case. *Id.*, citing *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, at ¶ 30, quoting *Marks*, 31 Ohio St.3d at 204. Additionally, they must be capable of repetition for all members in a single adjudication. *Id.*

{¶ 20} Moreover, it is not sufficient for class certification under Civ.R. 23(B)(3) that the allegations of the complaint merely raise " 'a colorable claim.' " *Madyda*, at ¶ 15, quoting *Cullen* at ¶ 34. Rather, the plaintiff must demonstrate the questions common to the class, in fact, predominate over individual ones. " ' "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." ' " *Madyda* at ¶ 15, quoting *Cullen* at ¶ 34, quoting *Randleman v. Fid. Natl. Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011).

{¶ 21} As for the superiority requirement, the determination of whether a class action is the superior method of adjudication requires that the trial court " ' "make a comparative evaluation of the other procedures available to determine whether class action is sufficiently effective to justify the expenditure of judicial time and energy involved there." ' " *Madyda* at ¶ 16, quoting *Davis* at ¶ 28, quoting *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 313 (1984).

{¶ 22} In this case, Keba's market-based damage theory and his expert's proposed analysis raises significant questions regarding the commonality and predominance requirements for class certification. Perhaps the most basic requirement for bringing a lawsuit is that the plaintiff suffer some quantifiable injury. *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, at ¶ 36. "Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered some injury." (Citations omitted.) *Id.* at ¶ 33. "If the class plaintiff fails to establish that all of the class members were damaged (notwithstanding questions regarding the individual damage calculation for each class members), there is no showing of predominance under Civ.R. 23(B)(3)." *Id.* at ¶ 35; *see also Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, at ¶ 15 (stating that, as part of a proper rigorous analysis, the trial court must determine whether the party satisfied "through evidentiary proof at least one of the provisions of Rule 23(b)").

{¶ 23} Here, BG contested whether Keba presented sufficient proof of actual injury amenable to resolution on a class-wide basis. BG argued that Keba's proposed damage theory (conjoint analysis) was fundamentally flawed because it ignored a number of important factors that could impact the market value of a collegiate educational experience. Therefore, it was incumbent on the trial court to rigorously analyze at the class certification stage the validity of Keba's theory of damage and his expert's proposed analysis, even though that analysis would overlap in part with the merits of Keba's claims. The trial court's decision makes no mention of this fundamental issue and the transcript of the hearing suggests that the trial court deferred the issue of damages to a future merits determination. The trial court stated:

> **\*6** I don't know how many cases the defense has in this case, you know, it appears that we have different defense counsel on all of these cases for some reason. But anyway, you know, we're going to get down to a point in which our Ohio Supreme Court is going to get all these cases and the Supreme Court's going to make a decision of whether I should go forward or somebody else should go forward and *try the case on the merits and get to the very, very difficult issue of damages. And everybody knows that that's my*

Daniels, Rachel 6/12/2023
For Educational Use Only

**Keba v. Bowling Green State University, Slip Copy (2022)**
2022 WL 17821150, 2022-Ohio-4592

*difficult issue with respect to this case is the damages.*

(Emphasis added.) (Tr. at 13.)

{¶ 24} These comments indicate that the trial court did not analyze the issue of damages in the context of class certification, even though it considered the issue of damages to be "very, very difficult." A rigorous analysis of the requirements for class certification often require a court to "look[ ] into enmeshed legal and factual issues that are part of the merits of the plaintiff's underlying claims." *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, at ¶ 26. Whether or not every member, or any member, of Keba's proposed class suffered some quantifiable injury under Keba's theory of damages was part of BG's argument contesting the commonality and predominance requirements of Civ.R. 23(B)(3). The trial court needed to rigorously analyze Keba's theory of damages to determine if these requirements were met before certifying the class.

{¶ 25} Although the trial court clearly recognized that the issue of damages was "very, very difficult," it deferred that issue to a future merits ruling and did not confront it in certifying the class, despite the fact that BG argued that Keba's theory of damages was fundamentally flawed and did not support Keba's claim that all class members suffered injury. Therefore, even though the trial court's decision expressly found that Keba satisfied all of the Civ.R. 23 requirements, the transcript demonstrates that the trial court did not conduct a rigorous analysis of the commonality and predominance factors in the context of damages. The trial court failed to rigorously analyze whether Keba's theory of damages established that all members, or any members, of the proposed class suffered quantifiable damages and whether common issues predominate over individual issues.

{¶ 26} Therefore, we sustain BG's second assignment of error, overrule the first assignment of error, and reverse the judgment of the Court of Claims of Ohio.

*Judgment reversed; cause remanded.*

LUPER SCHUSTER, P.J., and McGRATH, J., concur.

**All Citations**

Slip Copy, 2022 WL 17821150, 2022-Ohio-4592

---

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.