IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **ORION EDDLEMON**, individually and on behalf of all others similarly situated, | ) ) ) | |
| **Plaintiff**, | ) ) | Case No. 1:20-cv-01264-MMM-JEH |
| v. | ) ) | Hon. Colleen R. Lawless |
| | ) | Hon. Mag. Jonathan E. Hawley |
| **BRADLEY UNIVERSITY**, an Illinois not-for-profit corporation, | ) ) ) | |
| | ) | |
| **Defendant**. | ) | |

### SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION

Defendant, Bradley University (the "University"), respectfully requests this Court take notice of supplemental authority in support of the University's Opposition to Plaintiff's Second Motion for Class Certification. Doc. 84. In support, the University states:

### INTRODUCTION

Since this Court heard oral argument on Plaintiff Orion Eddlemon's Second Motion for Class Certification on September 27, 2023, additional authority relevant to this Court's analysis has issued, *Student A v. Liberty University*, No. 6:20-cv-00023, 2023 U.S. Dist. LEXIS 182018 (W.D. Va. Oct. 10, 2023), a copy of which accompanies this notice as Ex. A. The University submits this notice to advise the Court of this new, relevant authority. The *Student A* ruling denying class certification applies directly to Plaintiff's pending motion. Among other things, it demonstrates the importance of different student experiences (both academically and financially) with respect to the class certification requirements of commonality, typicality, predominance, and superiority; the necessity of evaluating plaintiff's theory of the case as part of the class certification determination; and the unsuitability of a simple damages model that fails to account for the factual

1

variations of the case between different class members. The University requests that this Court take notice of this case to aid its rigorous analysis of class certification here.

## SUPPLEMENTAL AUTHORITY

### I. *Student A v. Liberty University*

In *Student A v. Liberty University*, No. 6:20-cv-00023, 2023 U.S. Dist. LEXIS 182018 (W.D. Va. Oct. 10, 2023), the student-plaintiffs filed a putative class action alleging breach of contract and unjust enrichment, the same theories asserted in this case, and requested refunds for various fees paid during the Spring 2020 semester after the defendant-university closed its campus in response to the COVID-19 pandemic, just as Plaintiff seeks here. *Id.* at *1-2. The plaintiffs sought to certify a class of students who paid fees, including activity fees, "in connection with enrollment in live, on-campus classes at [the university] for the Spring 2020 semester." *See id.* at *7, 15. The university moved to dismiss, while the plaintiffs moved for class certification. *Id.* at *2-3. The court addressed both motions. *See generally id.*

The court first determined that the case should be dismissed because the plaintiffs lacked Article III standing due to the COVID relief grants from the university, which subsumed the plaintiffs' alleged damages. *Id.* at *17-37. Despite this ruling, the court still chose to analyze the plaintiffs' motion for class certification and determined that the motion "fail[ed] on the merits." *Id.* at *37-38.

The court first held that the plaintiffs failed to establish commonality, determining that the class definition encompassing students in the university's seventeen different colleges and schools necessitated individual questions. *Id.* at *44-46. The court also aptly noted that despite seeking recovery for all students at the university, none of the named plaintiffs were graduate students, who were subjected to different fee schedules. *Id.* at *45-46. Even where certain fees were

uniformly charged to the student body (like the activity fee), the court still rejected class certification. Highlighting the "main[] problem," the *Student A* court held that even for standardized fees:

> Whether and to what extent the named Plaintiffs and any other putative class member was actually deprived of the benefit of such services depends upon the highly individualized circumstances unique to that student—such as whether and to what extent the student *did in fact* use the service, *could have* done so, or was *unable* to do so. In other words, underlying each fee is the individualized issue, requiring individualized proof, whether and to what extent the student 'lost the benefits of the services and activities for which their fees were paid.' 'The highly individualized character the proof of injury and damages would assume,' is yet another reason the proposed class is not suitable for certification.

*Id.* at *48-49 (emphases in original) (internal quotations and citation omitted).

Because of these commonality issues, the *Student A* court held that "[p]laintiffs' argument that calculating damages here would be nothing more than a 'mechanical task,' ignores the broad and multifaceted scope of the proposed class." *Id.* at *50. This "hopelessly individualized inquiry" impacts both damages and liability. *Id.* at *51 Indeed, the court noted that accounting for each student's individual financial circumstances—such as loans, grants, scholarships, and COVID-19 relief awards—also defeats commonality. *Id.* at *50-51.

The court outright rejected the plaintiffs' attempt to make the university's purported misconduct the lynchpin of commonality, instead confirming that commonality must be assessed based on the plaintiffs' own theory of the case – which in *Student A*, as here, was predicated on the fees assessed and the related benefits of those fees. *Id.* at *51-52. Consequently:

> Whether students were able to, or did, take advantage of the services and activities for which students paid fees, is not merely some 'merits issue that is not appropriate for determination at this stage,' or a question about individualized damages. . . . Rather, the issue underlies whether each student suffered harm, whether [the university] is liable, and to what extent.

*Id.* at *53 (citation omitted). Because the injury was individualized, the plaintiffs could not establish commonality.[1] *Id.*

The *Student A* court also rejected the plaintiffs' proposed damages formula. *Id.* at *60. Although acknowledging that the formula was "simple," the court held that it was an inappropriate calculation for the plaintiffs' own theory of their case. *Id.* Declining the plaintiffs' contention that all individualized issues pertained strictly to damages, the court held that these individualized inquiries, which related to both the fees at issue and the payments received, directly impacted the substantive elements of both the plaintiffs' breach of contract claim and their unjust enrichment claim. *Id.* at *62-64.

Even if the plaintiffs' contention were correct and the individual questions related only to damages, "[c]laims for damages that are too 'dependent upon consideration of the unique circumstances pertinent to each class member'—as here—are not 'natural candidates for class-wide resolution." *Id.* at *64 (citation omitted). Relying in part on *Eddlemon v. Bradley University*, 65 F.4th 335 (7th Cir. 2023), the *Student A* court held that an independent rigorous analysis confirms that common issues did not predominate. *Id.* at *65-66. As a result of these individualized inquiries, the case was not manageable as a class action, and the plaintiffs failed to establish superiority. *Id.* at *66-67.

These rulings, as well as the *Student A* court's finding that plaintiffs' claims also fell short on the elements of typicality, predominance, and superiority for similar reasons, are relevant to Plaintiff's pending motion in the present case. The University has raised very similar objections to Plaintiff's motion, including Plaintiff's failure to account for students' individual circumstances, Plaintiff's failure to account for variances in the benefits students derived from their tuition and

---

[1] For largely these same reasons, the court also held that the named plaintiffs failed to establish that their claims were typical of the class. *Id.* at *53-55.

4

fees, and the failure of Plaintiff's damages model to account at all for variances in student tuition, scholarships, grants, aid, and COVID-19 relief. Accordingly, *Student A* is directly applicable as persuasive authority to the present case and Plaintiff's pending motion.

## CONCLUSION

The *Student A* opinion discussed above, which was issued after both briefing and oral argument on the Second Class Certification Motion, addresses central issues to that Motion and demonstrates numerous parallels to the class certification issue pending before this Court.

WHEREFORE, the University respectfully requests this Court take notice of this supplemental authority in ruling on Plaintiff's Second Class Certification Motion, and for any other relief this Court deems equitable and just.

Dated: December 5, 2023                                     Respectfully submitted,

**BRADLEY UNIVERSITY**

By: /s/ *Kara E. Angeletti*
Gregory E. Ostfeld (Attorney No. 6257163)
ostfeldg@gtlaw.com
Tiffany S. Fordyce (Attorney No. 235063)
fordycet@gtlaw.com
Kara E. Angeletti (Attorney No. 6329388)
angelettik@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

*Attorneys for Bradley University*

**CERTIFICATE OF SERVICE**

  I, Kara E. Angeletti, certify that on December 5, 2023, a true and correct copy of **Second Notice of Supplemental Authority in Support of Defendant's Opposition to Plaintiff's Second Motion for Class Certification** was served electronically through the Central District of Illinois CM/ECF electronic filing on all counsel of record.

                /s/ *Kara E. Angeletti*

                One of Defendant's Attorneys