**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| **ORION EDDLEMON,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**BRADLEY UNIVERSITY,** an Illinois not-for-profit corporation,<br><br>**Defendant.** | **Case No: 1:20-cv-01264-CRL-JEH** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Orion Eddlemon ("Eddlemon") does not oppose Defendant Bradley University's ("Bradley") Motion to File its Notice of Supplemental Authority (Doc. 94), but disagrees with its characterization that the numerous cases it proffers in its Exhibit 1, Notice of Supplemental Authority (Doc. 95) (the "Notice") support its position. These cases are clearly distinguishable from the instant case. Unfortunately, that has not stopped Bradley from using its Notice to argue what is essentially an impermissible sur-reply replete with unsupported and conclusory factual assertions. Actually, in the time since the Motion for Summary Judgment (the "Motion") was fully briefed in June of 2022, there have been numerous

settlements of college covid cases and several more cases filed.[1] But the cases Bradley submits – both federal and state cases – are from other jurisdictions, and do not follow 7th circuit or Illinois law. Bradley has previously argued that any out-of-circuit decisions would not include the same law or factual record and therefore would not provide for a rigorous analysis under 7th circuit and Illinois law. *See* Bradley appellate brief, 22-2560, Doc. 10, p. 21 (filed, Nov. 16, 2022). Indeed, Bradley took issue with this Court's reliance on an earlier decision from the same Arizona district court case Bradley now asks this Court to consider, *Little v. Grand Canyon University*, No. CV-20-00795-PHX-SMB, 2022 WL 266726 (D. Ariz. Jan. 28, 2022).[2]

All but one of the cases Bradley submits are notably distinct in one very important way from the instant case. They all rely on a theory of breach of contract and/or unjust enrichment based on the alleged difference in value between an on-line and an on-campus class experience. In this case, Plaintiff does not argue for a pro rata refund based on the difference in value between on-line and on-campus

---

[1] *See e.g. Jade D'Amario et al v. The University of Tampa*, No. 7:20-cv-03744-CS, Dkt. No. 76 (S.D.N.Y. Oct. 18, 2022) (final approval of $3.4 common fund for students' tuition and fee refunds); and *Arredondo v. University of La Verne*, No. 2:20-cv-07665-MCS-RAO, (C.D. Cal December 12, 2022) (preliminarily approval hearing held for $8,895,000 settlement of tuition and fee refunds). *See also*, pp. 13-15, *supra*.

[2] Although Bradley would now like the Court to consider the *Little* court's decision on summary judgment, *see* Notice, p. 7-8, it is nevertheless inapposite. *Little*, *supra*, p. 9.

2

classes. The theory of Plaintiff's case is different, *i.e.*, that by cancelling classes entirely for one week, Bradley breached the implied contract for 15 weeks of classes and owes Plaintiff and the putative class for that cancelled week. As for fees, Plaintiff argues that Bradley owes students a pro rata refund of fees for the several weeks that all activities were discontinued and facilities were closed with campus access unavailable.

The cases Bradley submits actually highlight the reason that Eddlemon's Motion for Class Certification (Doc. 83) should be granted and summary judgment for the Defendants (Doc. 43) should be denied. Moreover, in many of the cases submitted by Bradley, the universities actually offered pro rata refunds to students for the transition to on-line classes, even though there was no interruption in the class curriculum schedule as there was in this case. By contrast, Bradley refuses to offer any pro rata refund to students who lost an entire week of classes, whether on-campus or on-line, as well as their access to activities during that week and through nearly half of the semester.

Plaintiff sets forth below some of the ways in which Bradley's submitted cases are inapposite to the instant case.

1.   *In re University of Miami Covid-19 Tuition & Fee Refund Litigation*

In this Southern District of Florida case, the court held that there was neither an implied nor express contract based on the university website, academic bulletin

and student handbook to provide in-person classes. 649 F. Supp. 3d 1245, 1253 (S.D. Fla. 2022). Of course, in contrast to the claims in this case, Plaintiff does not make a claim that Bradley breached its contract by transitioning to on-line classes, but that it breached its contract by cancelling one of fifteen weeks of promised classes and failed to provide half of a semester's worth of activities. Importantly, the University of Miami actually did pay a pro rata refund to students for student facilities and services that were unavailable while the school was in remote-learning mode. *Id*., at 1254 ("UM is entitled to summary judgment because the undisputed facts establish that UM made a pro rata refund of the fees."). The UM students argued that the University had not paid *enough* of a pro rata amount, but the court found no factual support for their desired *increased* pro rata amount. *Id*. Bradley has not made any pro rata refund for fees of any kind. The 11th Circuit decision affirmed the district court, but in part based its affirmation on the language of the school's disclaimer language, that reserved the right to at any time deny, revoke, or modify authorization to use the university facilities or premises because of potential danger. *Dixon v. Univ. of Miami*, 75 F.4th 1204, 1209 (11th Cir. 2023). No equivalent language permitted Bradley to cancel classes entirely for a week or deny access to school facilities for approximately half of the semester. Bradley has argued that its disclaimer about the academic calendars being "subject to revision" should permit a similar analysis, but because the meaning and intention behind "subject to revision" is ambiguous and

4

therefore a factual dispute, this falls into the jury's realm and summary judgment must be denied. *Cf.* Doc. 43, p. 18 (arguing that contractual promise to proceed on schedule is disclaimed by "[t]he academic calendars are subject to revision"); Doc. 57, pp. 16-17 (arguing why phrase "subject to revision" raises issue of disputed fact).

**2.   *Burt v. Bd. of Trs. of the Univ. of R.I.***

Under Rhode Island law, a contract exists between a student and her university based on the "reasonable expectations" created by the language found in documents like the student handbook. 654 F. Supp. 3d 103, at 108. The court in this District Court of Rhode Island case found that there were genuine issues of material fact as to whether plaintiffs could have reasonably expected in-person use of facilities on campus in exchange for activities fees. *Id.*, at 111 (D.R.I. Jan. 31, 2023). Nevertheless, the court found the purpose of the contract frustrated and the university's performance impossible, and on that basis granted summary judgment. The 1st Circuit held that plaintiffs had made an adequate showing of an implied contract for certain portions of their student fees claims. *Burt v. Board of Trustees of Univ. of Rhode Isl.*, 84 F. 4th 42, 57 (1st Cir. 2023). But the court affirmed summary judgment because it found that the school was discharged of any duty because of the doctrine of frustration of purpose. *Id.*, at 58. However, Bradley has made no arguments of frustration of purpose or impossibility of performance in its summary judgment motion.

Moreover, Illinois law differs from Rhode Island law in that in Illinois, an implied-in-fact contract "is one in which a contractual duty is imposed by a promissory expression which may be inferred from the facts and circumstances and the expressions [on] the part of the promisor which show an intention to be bound." *Gociman v. Loyola Univ. of Chicago*, 41 f. 4th 873, 883 (7th Cir. 2022) (citing *Marcatante v. City of Chicago*, Ill., 657 F.3d 433, 440 (7th Cir. 2011) (quoting *Estate of Jesmer v. Rohlev*, 241 Ill.App.3d 798, 182 Ill. Dec. 282, 609 N.E.2d 816, 820 (1993)); *see also Matthews v. Chicago Transit Auth.*, 2016 IL 117638, ¶ 93, 402 Ill. Dec. 1, 51 N.E.3d 753 (citations omitted). Certainly, under the Illinois standard for implied contracts (and even under the Rhode Island standard), Bradley's motion for summary judgment should be denied on the basis of any failure on Plaintiff's part to establish an implied in fact contract.

As for the decision on unjust enrichment, a Rhode Island court's finding that the evidence showed the university there did not pocket the funds from students' fees should have no bearing on the decision in the instant case, particularly where Bradley makes the unsupported claim that it is "undisputed that the University did not benefit from the changes it was forced to make in the Spring 2020 semester." (Doc. 95, Exh. 1, p. 4). Simply making a conclusory statement that something is undisputed does not make it so. Plaintiff clearly disputed this in his Opposition to Bradley's Motion for Summary Judgment and must be permitted to prove his

6

position at trial. (Doc. 57, at pp. 33-34) ("A reasonable jury could find that there was a detriment to Plaintiff and a benefit to Bradley because the campus was closed completely for an entire week for services that were paid for 15 weeks. Bradley did not make up that one week at any point in time, but kept Plaintiff's monies. Clearly, Bradley benefitted by not refunding Plaintiff's tuition, activity fees, and course surcharge fees and was able to use those monies to cover COVID-19 related expenses to the detriment of Plaintiff."; "A reasonable jury could find that Bradley benefited from not having spent any of the 6 funds from the activity fee at all for one week.")

3.  *Bergeron v. Rochester Institute of Technology*

Although the district court in this New York case held that a Student Financial Responsibility Agreement ("SFRA") governed the student-university relationship and did not include an express promise of on-campus or in-person classes, and alternatively that students did not identify an express promise to make out an implied contract claim sufficient to withstand summary judgment, in the instant case, Plaintiff has identified specific promises and an implied contract. 2023 WL 1767157, *6 (W.D.N.Y. Feb. 3, 2023); *Cf.* Doc. 57, at p. 19-20 ("When the Course Catalog is read in conjunction with (a) Bradley's online bulletin/circular and (b) Bradley's Student Activities Budget Review Committee ("SABRC") Articles, it is clear that a reasonable jury could find such a promise to exist for the following

7

reasons.") Moreover, the court in *Bergeron* pointed to specific disclaimer language stating that the university bulletins did not assume a contractual obligation, in direct contrast to the instant case where Plaintiff has identified the course catalog that expressly declares a contractual obligation. *Cf. Id.*, at *7 with Doc. 57, at p. 8 ("This catalog serves as a contract between a student and Bradley University.").

The court in *Bergeron* likewise rejected the unjust enrichment claim based on the specific facts of that case, namely an express contract that did not include a promise of in-person, on-campus instruction, and a failure to establish that equity and good conscience required allowing the unjust enrichment claim to move forward. *Id.*, at *11. Here, Bradley's self-serving and conclusory comments about acting out of the interest of protecting public health are unsupported by any citation to record evidence. (Doc. 95, p. 6). The *Bergeron* case is currently on appeal.

**4.    *Randall v. University of the Pacific***

Like the *Bergeron* court, the Northern District of California held that the SFRA governed the student-university relationship, and that an implied contract did not exist. 2022 WL 1720085, *5 (N.D. Ca. May 28, 2022). Alternatively, the court held that the plaintiff failed to point to a specific or identifiable promise in the university's promotional materials adequate to support breach of an implied contract. *Id.*, *6. In the instant case, by contrast, Plaintiff has pointed to numerous specific promises made in Bradley's course catalog, online bulletin/circulars and

SABRC articles that, when taken together, create an implied contract to provide 15 weeks of instruction and on-campus access to facilities.

**5.     *Beck v. Manhattan College***

This New York district court case, like most others submitted, considered the value of on-line classes as compared to in-person classes in the context of the Covid-19 shut-down. 2023 WL 4266015, *2 (S.D. N.Y. June 29, 2023). The court granted summary judgment on the remaining unjust enrichment claim based on the New York law standard of equity and good conscience militating against the plaintiff, and the lack of any dispute that the college lost over $2 million as a result of the pandemic. *Id*., at *3. While there are important differences between New York and Illinois law for an unjust enrichment claim (particularly related to what damages a plaintiff can seek and whether unjust enrichment can be a standalone claim) the important point here is that Plaintiff seeks recovery for the loss of a week of classes and access for half a semester to the school's facilities and activities, not for the difference in value between the on-line and on-campus class experience. Moreover, though Bradley claims in its Motion for Summary Judgment that like Manhattan College, it "received no financial benefit from the transition," there was undisputed evidence in *Beck;* there is no evidence in the record for Bradley's conclusory assertion, and there is evidence to the contrary. (*See e.g*., Doc. 57, at p. 4, No. 12) (activity fees collected are split into six funds with Special Events Reserve Fund

9

Bradley relied on being only fund permitting rollover unlike other five funds that required exhaustion each semester).

### 6. *Little v. Grand Canyon*

This Arizona district court case was, like all of the cases Bradley submits, dependent on specific facts that differ from the facts in the instant case. 2023 WL 5348566 *2 (D. Ariz. Aug. 21, 2023). As noted, Bradley previously argued that an earlier decision in this case should not have informed this Court on its class certification decision *because* the facts and jurisdiction differed from the instant case. *See* Bradley appellate brief, 22-2560, Doc. 10, p. 21 (filed, Nov. 16, 2022). In this decision, although plaintiff's claim was for a larger refund of housing, meals, and fees, the evidence showed that students were not required to leave campus, and residence halls and food service continued to be available. 2023 WL 5348566 at *3. And though the court found that the school either provided services in exchange for certain fees or the shutdown was irrelevant to those fees, it did find that with regard to student activity fees for the funding of student activities such as "clubs, intramural sports, fine arts productions and other activities," there were genuine disputes of fact as to whether the school breached its obligations associated with the fees. *Id.*, at *4. The court also noted that the defense of impossibility or impracticability of performance (not argued by Bradley) does not foreclose a plaintiff from seeking appropriate restitution. *Id.*, at *5.

**7.    State cases**

Bradley includes two state cases in its Notice, one California case and one South Carolina case. The claims in both cases concerned the difference in value between in-person and on-line classes, not the issue in the instant case.

**a.    *Berlanga v. University of San Francisco***

This California Court of Appeal case involved claims by students of the university for tuition refunds based on an alleged breach of promises to provide in-person classes during the pandemic. 100 Cal. App. 5th 75, 318 Cal. Rptr. 3d 782 (1st Dist. 2024). In its ruling, the court granted summary judgment because plaintiffs failed to identify specific promises about in-person classes. Importantly, however, the court noted that "[c]ourts have, however, not been hesitant to apply contract law when the educational institution makes a specific promise to provide an educational service, **such as a failure to offer any classes or a failure to deliver a promised number of hours of instruction**." *Id*., at 83, 789. (citation omitted and cleaned up) (emphasis added). Of course, those are the exact claims Plaintiff asserts, *i.e.,* that Bradley failed to offer any classes for a full week and did not deliver a promised number of hours of instruction (and failed to offer activities and access to labs and other facilities for which students paid fees).

11

    **b.**    *Bunch v. University of South Carolina*

This unpublished South Carolina case, like most of the other cases Bradley submits, considered whether students were harmed by the university's decision to provide on-line instead of in-person classes during the pandemic. No. 2020-CP-40-02330 at 1 (S.C. Ct. Common Pleas), attached as Ex. J to Notice. It was decided on May 20, 2024, so it is too early to know if it will be appealed. Nevertheless, the court held that the claims for a difference in value between remote and in-person learning amounted to claims for injuries for educational malpractice, which are not cognizable in South Carolina. *Id*., p. 5. The educational malpractice defense has been rejected by the 7th Circuit and its district courts in the Covid-19 college refund context. *See e.g., Gociman v. Loyola Univ. of Chicago*, 41 F. 4th 873, 882 (7th Cir. 2022) (concluding students' claims speak to existence of purported implied contract and damages from alleged breach, and thus not educational malpractice claim); *Delisle v. McKendree Univ.*, 73 F. 4th 523, 525 (7th Cir. 2023) (plaintiff made out valid breach of contract claim where she identified contractual promise and not implied promise of educational quality); *Hernandez v. Illinois Institute of Tech.,* 63 F. 4th 661, 670 (deference accorded to university's academic decisions plays no necessary part in claim of contract breach for providing materially different product than what was bargained for); *Troia v. North Central College*, 2023 WL 6065346, *4 (N.D. Ill. Sept. 18, 2023) (rejecting defendant's argument that breach of contract

claim should be construed as one for educational malpractice). Plaintiff's claims are not educational malpractice claims but claims of alleged breach of an implied contract. Moreover, the *Bunch* court pointed out that it was undisputed that the university did not stop instruction or cease operations, merely shifted to an online platform. *Id*. Bradley stopped instruction and ceased providing any classes for one week and closed or cancelled access to facilities on campus and most activities.

**8.      Relevant Case Activity Since Summary Judgment Briefing**

By the end of May, 2020, there were over 160 class action cases filed against universities and colleges throughout the United States arising from Covid-19 tuition and fees refund claims. Many more cases were filed after May of 2020. Numerous settlements have been reached in the last two years. There are far too many cases throughout the United States to make meaningful any continued filings of supplemental authority to this Court if the facts and the law significantly differ from this case. However, to the extent it might be useful to the Court, noted below are a small sample of college covid refund cases where courts certified classes and where class actions were settled since summary judgment briefing was complete in the instant case:

- *Schultz v. Emory University*, 2023 WL4030184, *12 (N.D. Ga. June 15, 2023) (class certified for plaintiffs' implied contract claim);

- *In re University of So. Cal. Tuition and Fees Covid-19 Refund Litigation,* 2023 WL 6453814, *22 (C.D. Cal. Sept. 29, 2023) (class certified for plaintiffs' quasi-contract (unjust enrichment) and Unfair Competition Law claims);

- *Ninivaggi v. Univ. of Delaware*, 2023 WL 2734343, *7 (D. Del. Mar. 31, 2023), (class certified as to plaintiffs' breach of contract and unjust enrichment claims);

- *In re Pepperdine Univ. Tuition and Fees Covid-19 Refund Litigation,* 2023 WL 6373845, *11 (C.D. Cal. Sept. 26, 2023) (class certified for plaintiffs' quasi-contract (unjust enrichment) and Unfair Competition Law claims) (following denial in part of Pepperdine's Motion for Summary Judgment);

- *Moore v. The University of South Florida Board of Trustees,* Case No.: 21-CA-2445, Circuit Court, Hillsborough Co., Florida (class certified for plaintiffs' breach of contract claims);

- *Pfeifer v. Loyola Univ. of Chicago*, Case No. 1:20-cv-03116 (previously *Gociman v. Loyola Univ. of Chi.*, Case No. 20-cv-03116-RWG (N.D. Ill.), settlement: $1.3 million, 8/2/23;

- *Kincheloe v. University of Chicago,* Case No. 20-cv-03015, settlement: $4.95 million, 5/23/24;

- *Smith v. University of Pennsylvania*, Case No. 20-2086, settlement: $4.5 million, 7/19/23;

- *Levin v. Board of Regents of the University of Colorado*, Case No. 2020-cv-31409, settlement: $5 million, 12/6/22;

- *Qureshi v. American University,* Case No. 1:20-cv-01141-CRC, settlement: $5.439 million, 5/7/24;

- *Choi v. Brown University*, Docket No. 1:20-cv-00191JJM-LDA, settlement: $1.5 million, 7/15/22;

- *Shaffer v. George Washington University,* Case No. 1:20-cv-01145, settlement: $5.4 million 5/13/24;

- *Metzner v. Quinnipiac Univ*, Case No. 3:20-cv-00784, settlement: $2.5 million, 4/10/23;

- *Ninivaggi v. University of Delaware*, Case No. 20-cv-1478, (*including Russo v. University of Delaware*, 1:20-cv-01693, consolidated therein) and *Griffin v. University of Delaware*, 1:23-cv-00385, settlement: $6.3 million, 10/23/23.

Respectfully submitted,

Dated: June 3, 2024

**VARNELL & WARWICK, P.A.**

/s/ Brian Warwick
Brian W. Warwick; Florida Bar: 0605573
Matthew T. Peterson, ARDC: 6321290
Janet R. Varnell, Florida Bar: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
T: 352-753-8600
F: 352-504-3301
bwarwick@vandwlaw.com

*mpeterson@vandwlaw.com*
*jvarnell@vandwlaw.com*
*ckoerner@vandwlaw.com*

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2024, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Brian Warwick
Brian W. Warwick