# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–01264–CRL</u>

Eddlemon v. Bradley University
Assigned to: Judge Colleen R. Lawless
Case in other court:  CA7, 22–02560
                            Seventh Circuit, 22–08010
Cause: 28:1332 Diversity–Contract Dispute

Date Filed: 07/14/2020
Date Terminated: 03/31/2025
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**Jane Doe**
*individually and on behalf of all others
similarly situated*
*TERMINATED: 11/19/2021*

represented by **Janet R Varnell**
VARNELL & WARWICK PA
Suite 1900
400 N. Ashley Drive
Tampa, FL 33602
352–753–8600
Fax: 352–504–3301
Email: jvarnell@vandwlaw.com
*ATTORNEY TO BE NOTICED*

**Matthew T Peterson**
CONSUMER LAW ADVOCATE, PLLC
Suite 715
1000 Brickell Ave.
Miami, FL 33131
786–843–1933
Email: mtp@lawsforconsumers.com
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**ORION EDDLEMON**
*individually and on behalf of others
similarly situated*

represented by **Brian Warwick**
VARNELL & WARWICK PA
Suite 1900
400 N. Ashley Drive
Tampa, FL 33602
352–753–8600
Fax: 352–504–3301
Email: bwarwick@vandwlaw.com
*ATTORNEY TO BE NOTICED*

**Janet R Varnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew T Peterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
_____

**Bradley University**                        represented by    **Gregory E Ostfeld**
*an Illinois not−for−profit corporation*                       GREENBERG TRAURIG LLP
                                                                Suite 3100
                                                                77 W Wacker Dr
                                                                Chicago, IL 60601
                                                                312−476−5056
                                                                Fax: 312−899−0420
                                                                Email: ostfeldg@gtlaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kara Elizabeth Angeletti**
                                                                GREENBERG TRAURIG LLP
                                                                Suite 3100
                                                                77 W Wacker Dr
                                                                Chicago, IL 60601
                                                                312−456−8400
                                                                Email: angelettik@gtlaw.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Tiffany S Fordyce**
                                                                GREENBERG TRAURIG LLP
                                                                Suite 3100
                                                                77 W Wacker Dr
                                                                Chicago, IL 60601
                                                                312−456−8400
                                                                Email: FordyceT@gtlaw.com
                                                                *ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2020 | 1 | COMPLAINT *Class Action with Jury Demand* against Bradley University ( Filing fee $ 400 receipt number 0753−3422347.), filed by Jane. Doe. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Peterson, Matthew) (Entered: 07/14/2020) |
| 07/14/2020 | 2 | Summons Issued as to Bradley University. (JS, ilcd) (Entered: 07/14/2020) |
| 08/04/2020 | 3 | SUMMONS Returned Executed by Jane Doe. Bradley University served on 7/21/2020, answer due 8/11/2020. (Peterson, Matthew) Modified on 8/4/2020 to correct individual served from Jane Doe to Bradley University. (ME, ilcd). (Entered: 08/04/2020) |
| 08/06/2020 | 4 | NOTICE of Appearance of Attorney by Janet R Varnell on behalf of Jane Doe (Varnell, Janet) (Entered: 08/06/2020) |
| 08/06/2020 | 5 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Jane Doe. (Varnell, Janet) (Entered: 08/06/2020) |
| 08/06/2020 | 6 | NOTICE of Appearance of Attorney by Gregory E Ostfeld on behalf of Bradley University (Ostfeld, Gregory) (Entered: 08/06/2020) |
| 08/06/2020 | 7 | NOTICE of Appearance of Attorney by Kara Elizabeth Angeletti on behalf of Bradley University (Angeletti, Kara) (Entered: 08/06/2020) |
| 08/06/2020 | 8 | MOTION for Extension of Time to File Answer re 1 Complaint – *Unopposed* by Defendant Bradley University. Responses due by 8/20/2020 (Angeletti, Kara) (Entered: 08/06/2020) |
| 08/07/2020 | | TEXT ORDER granting unopposed 8 Motion for Extension of Time to Answer. Bradley University answer due 8/26/20. Entered by Magistrate Judge Jonathan E. Hawley on 8/7/20. (WG, ilcd) (Entered: 08/07/2020) |
| 08/10/2020 | 9 | CERTIFICATE OF SERVICE by Jane Doe re 5 Certificate of Interest, 4 Notice of Appearance of Attorney (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Varnell, Janet) (Entered: 08/10/2020) |
| 08/11/2020 | 10 | NOTICE of Appearance of Attorney by Tiffany S Fordyce on behalf of Bradley University (Fordyce, Tiffany) (Entered: 08/11/2020) |
| 08/26/2020 | 11 | MOTION to Dismiss *Plaintiff's Complaint* by Defendant Bradley University. Responses due by 9/9/2020 (Attachments: # 1 Exhibit A–D)(Ostfeld, Gregory) (Entered: 08/26/2020) |
| 08/26/2020 | 12 | MEMORANDUM in Support re 11 MOTION to Dismiss *Plaintiff's Complaint* filed by Defendant Bradley University. (Attachments: # 1 Exhibit A–D)(Ostfeld, Gregory) (Entered: 08/26/2020) |
| 08/28/2020 | 13 | MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Dismiss *Plaintiff's Complaint Unopposed* by Plaintiff Jane Doe. Responses due by 9/11/2020 (Peterson, Matthew) (Entered: 08/28/2020) |
| 09/04/2020 | | TEXT ONLY ORDER GRANTING 13 . Pending before the court is Plaintiff's unopposed Motion for Extension of Time to respond to Defendant's Motion to Dismiss. For good cause shown, this motion is granted and Plaintiff's time to respond is extended to on or before September 30, 2020. Entered by Judge Michael M. Mihm on 9/4/2020. (AEM, ilcd) (Entered: 09/04/2020) |
| 09/30/2020 | 14 | AMENDED COMPLAINT against Bradley University, filed by Jane Doe. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Peterson, Matthew) (Entered: 09/30/2020) |
| 10/12/2020 | 15 | MOTION for Extension of Time to File Answer re 14 Amended Complaint *(Unopposed)* by Defendant Bradley University. Responses due by 10/26/2020 (Angeletti, Kara) (Entered: 10/12/2020) |
| 10/13/2020 | | TEXT ONLY ORDER GRANTING 15 . Defendant filed an unopposed motion for an extension of time to respond to Plaintiff's Amended Complaint. This motion is granted for good cause shown, and Defendant has until on or before November 6, 2020 to respond to Plaintiffs Amended Complaint. Entered by Judge Michael M. Mihm on 10/13/2020. (JS, ilcd) (Entered: 10/13/2020) |
| 11/06/2020 | 16 | MOTION to Dismiss by Defendant Bradley University. Responses due by 11/20/2020 (Ostfeld, Gregory) (Entered: 11/06/2020) |

| 11/06/2020 | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss filed by Defendant Bradley University. (Attachments: # 1 Exhibit)(Ostfeld, Gregory) (Entered: 11/06/2020) |
|---|---|---|
| 11/20/2020 | 18 | RESPONSE to Motion re 16 MOTION to Dismiss filed by Plaintiff Jane Doe. (Peterson, Matthew) (Entered: 11/20/2020) |
| 12/22/2020 | 19 | ORDER AND OPINION entered by Judge Michael M. Mihm on 12/22/2020. For the reasons stated above, Defendant's 16 Motion to Dismiss Plaintiff's Amended Complaint is DENIED. Defendant's 11 Motion to Dismiss Plaintiffs complaint is MOOT. SEE FULL WRITTEN ORDER AND OPINION. (JS, ilcd) (Entered: 12/22/2020) |
| 12/23/2020 | 20 | TEXT ORDER: This case is set for a Rule 16 scheduling conference before Magistrate Judge Jonathan E. Hawley on 2/5/2021 at 10:30 AM via telephone. Counsel are to phone into conference by calling 571–353–2300, then enter 287753270#. Please announce your name each time prior to speaking unless the judge asks a question directly to you so that the speaker may be identified by all. A discovery plan pursuant to Fed. R. Civ. P. 26(f)(3) shall be filed on or before 2/2/2021. The parties may, but are not required to, follow the format of the sample discovery plan set forth as Attachment A to the standing order attached to this text order. The Discovery Plan event may be found in the CM/ECF system within the other Documents category. All counsel must read and be familiar with the standing order attached to this text order prior to their Rule 26(f) planning meeting. Entered by Magistrate Judge Jonathan E. Hawley on 12/23/2020. (WG, ilcd) (Entered: 12/23/2020) |
| 01/04/2021 | 21 | MOTION for Extension of Time to File Answer re 14 Amended Complaint *(Unopposed)* by Defendant Bradley University. Responses due by 1/19/2021 (Angeletti, Kara) (Entered: 01/04/2021) |
| 01/05/2021 | | TEXT ORDER granting unopposed 21 Motion for Extension of Time to Answer. Defendant Bradley University to file answer to the 14 Amended Complaint by 1/19/2021. Entered by Magistrate Judge Jonathan E. Hawley on 1/5/21. (WG, ilcd) (Entered: 01/05/2021) |
| 01/19/2021 | 22 | ANSWER to 14 Amended Complaint by Bradley University.(Fordyce, Tiffany) (Entered: 01/19/2021) |
| 02/02/2021 | 23 | Joint MOTION for Order *Entry of Stipulated ESI Order* by Defendant Bradley University. Responses due by 2/16/2021 (Attachments: # 1 Text of Proposed Order Proposed Discovery Plan)(Ostfeld, Gregory) (Entered: 02/02/2021) |
| 02/02/2021 | 24 | DISCOVERY PLAN – PROPOSED/Report of Rule 26(f)Planning Meeting by Bradley University. (Ostfeld, Gregory) (Entered: 02/02/2021) |
| 02/03/2021 | 25 | TEXT ORDER by U.S. Magistrate Judge Jonathan E. Hawley: The Court adopts the Discovery Plan 24 . Discovery due by 12/22/21. Dispositive Motions due by 1/28/22. Final Pretrial Conference set for 3/29/22 at 11:00 AM and Jury Trial set for 4/25/22 at 8:45 AM, BOTH in Courtroom B before District Judge Mihm. Rule 16 conference set 2/5/21 at 10:30 AM is VACATED. Court stresses the importance of adhering to the schedule and procedures for requests to extend the schedule. The parties are expected to review Judge Hawleys Standing Order that was revised on 12/6/2018. Parties are reminded of their option to consent to proceed before US Magistrate Judge. See attached form. Parties are reminded of option of Court sponsored mediation/Settlement Conference. Counsel/Parties are reminded of the importance of |

| | | |
|---|---|---|
| | | appearing for hearings scheduled via telephone. Failure to appear will result in in–person appearances for all further proceedings. Entered: 2/3/2021. (WG, ilcd) (Entered: 02/03/2021) |
| 02/03/2021 | 26 | Stipulated ESI ORDER granting 23 Motion for Order. Entered by Magistrate Judge Jonathan E. Hawley on 2/3/21. (WG, ilcd) (Entered: 02/03/2021) |
| 03/30/2021 | 27 | Joint MOTION for Protective Order by Plaintiff Jane Doe. Responses due by 4/13/2021 (Attachments: # 1 Exhibit 1)(Peterson, Matthew) (Entered: 03/30/2021) |
| 03/31/2021 | 28 | STIPULATED PROTECTIVE ORDER. Entered by Magistrate Judge Jonathan E. Hawley on 3/31/21. (WG) (Entered: 03/31/2021) |
| 09/22/2021 | 29 | Joint MOTION for Extension of Time to Complete Discovery by Plaintiff Jane Doe. Responses due by 10/15/2021 (Peterson, Matthew) (Entered: 09/22/2021) |
| 09/23/2021 | | TEXT ONLY ORDER granting 29 Joint Motion for Extension of Discovery Deadline. Fact discovery deadline is extended to 10/15/21. Entered by Magistrate Judge Jonathan E. Hawley on 9/23/21. (WG) (Entered: 09/23/2021) |
| 09/27/2021 | 30 | MOTION to Compel *Plaintiff to Comply with FRCP 10(a)* by Defendant Bradley University. Responses due by 10/12/2021 (Angeletti, Kara) (Entered: 09/27/2021) |
| 09/27/2021 | 31 | Exhibit re 30 MOTION to Compel *Plaintiff to Comply with FRCP 10(a)* by Bradley University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Angeletti, Kara) (Entered: 09/27/2021) |
| 10/08/2021 | 32 | MOTION to Substitute Party, Jane Doe to be replaced by Orion Eddlemon, by Plaintiff Jane Doe. Responses due by 10/22/2021 (Peterson, Matthew) (Entered: 10/08/2021) |
| 10/08/2021 | 33 | MOTION to Quash by Plaintiff Jane Doe. Responses due by 10/22/2021 (Peterson, Matthew) (Entered: 10/08/2021) |
| 10/08/2021 | 34 | RESPONSE to Motion re 30 MOTION to Compel *Plaintiff to Comply with FRCP 10(a)* filed by Plaintiff Jane Doe. (Peterson, Matthew) (Entered: 10/08/2021) |
| 10/21/2021 | | TEXT ONLY ORDER Setting Motion Hearing in re all pending motions including 33 MOTION to Quash, 32 MOTION to Substitute Party and 30 MOTION to Compel *Plaintiff to Comply with FRCP 10(a)*. Motion Hearing set for 11/4/2021 at 10:00 AM via telephone before Magistrate Judge Jonathan E. Hawley. Counsel are to phone into conference by calling 571–353–2300, then enter 287753270#. Entered by Magistrate Judge Jonathan E. Hawley on 10/21/21. (WG) (Entered: 10/21/2021) |
| 10/22/2021 | 35 | RESPONSE to Motion re 33 MOTION to Quash filed by Defendant Bradley University. (Angeletti, Kara) (Entered: 10/22/2021) |
| 10/22/2021 | 36 | RESPONSE to Motion re 32 MOTION to Substitute Party, Jane Doe to be replaced by Orion Eddlemon, filed by Defendant Bradley University. (Angeletti, Kara) (Entered: 10/22/2021) |
| 10/28/2021 | | TEXT ONLY ORDER: Motion Hearing in re re 33 MOTION to Quash, 32 MOTION to Substitute Party and 30 MOTION to Compel set for 11/4/2021 at 10:00 AM is CHANGED IN TIME ONLY to 4:00 PM via telephone before Magistrate Judge Jonathan E. Hawley. Counsel are to phone into conference by calling 571–353–2300, then enter 287753270#. Entered by Magistrate Judge Jonathan E. Hawley on 10/28/21. (WG) (Entered: 10/28/2021) |

| 11/04/2021 | 37 | PDF with attached Audio File. Court Date & Time [ 11/4/2021 3:58:07 PM ]. File Size [ 13989 KB ]. Run Time [ 00:29:09 ]. (admin). (Entered: 11/04/2021) |
|---|---|---|
| 11/04/2021 | | Minute Entry for proceedings held before Magistrate Judge Jonathan E. Hawley: Parties present via telephone conference by Atty Matthew Peterson for Plaintiffs and Attys Gregory Ostfeld and Tiffany Fordyce for Defendant for Motion Hearing held 11/4/2021. Discussion held regarding pending Motions, 30 Motion to Compel, 32 Motion to Substitute Party and 33 Motion to Quash. Motion to Substitute Party 32 is GRANTED. Plaintiffs are allowed to file Amended Complaint. Motion to Compel 30 is MOOT and Motion to Quash 33 is GRANTED, for reasons stated on the record. The parties are directed to confer and file a proposed Amended Discovery Schedule within 14 days.(Tape #PRC: 3:58 p.m.) (AH) (Entered: 11/04/2021) |
| 11/16/2021 | 38 | NOTICE *of Proposed Amended Case Management Schedule:* (Angeletti, Kara) (Entered: 11/16/2021) |
| 11/17/2021 | | TEXT ORDER by U.S. Magistrate Judge Jonathan E. Hawley: The Court adopts the Discovery Plan 38 . Discovery due by 3/22/2022. Dispositive Motions due by 4/12/2022. Final Pretrial Conference reset for 6/15/2022 at 10:00 AM and Jury Trial set for 7/18/2022 at 8:45 AM, BOTH in Courtroom B before District Judge Michael M. Mihm. Court stresses the importance of adhering to the schedule and procedures for requests to extend the schedule. The parties are expected to review Judge Hawleys Standing Order that was revised on 1/1/2021. Parties are reminded of option of Court sponsored mediation/Settlement Conference. Counsel/Parties are reminded of the importance of appearing for hearings scheduled via telephone. Failure to appear will result in in−person appearances for all further proceedings. Entered: 11/17/2021. (WG) (Entered: 11/17/2021) |
| 11/19/2021 | 39 | AMENDED COMPLAINT *Second* against Bradley University, filed by ORION EDDLEMON.(Peterson, Matthew) (Entered: 11/19/2021) |
| 12/03/2021 | 40 | ANSWER to 39 Amended Complaint by Bradley University.(Ostfeld, Gregory) (Entered: 12/03/2021) |
| 02/04/2022 | 41 | MOTION to Certify Class by Plaintiff ORION EDDLEMON. Responses due by 2/18/2022 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H)(Peterson, Matthew) (Entered: 02/04/2022) |
| 02/08/2022 | 42 | MOTION to Vacate Order,,,, Set/Reset Deadlines/Hearings,,, 41 MOTION to Certify Class by Defendant Bradley University. Responses due by 2/22/2022 (Ostfeld, Gregory) (Entered: 02/08/2022) |
| 02/09/2022 | | TEXT ORDER granting 42 Motion to Vacate automatic motion response date and to confirm amended case management schedule. Response to the 41 MOTION to Certify Class due by 5/12/2022. Replies due by 6/3/2022. Entered by Magistrate Judge Jonathan E. Hawley on 2/9/22. (WG) (Entered: 02/09/2022) |
| 04/12/2022 | 43 | MOTION for Summary Judgment by Defendant Bradley University. Responses due by 5/3/2022 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 |

| | | Exhibit 31, # <u>32</u> Exhibit 32, # <u>33</u> Exhibit 33)(Ostfeld, Gregory) (Entered: 04/12/2022) |
|---|---|---|
| 04/12/2022 | <u>44</u> | Consent MOTION to Seal *Exhibits* by Defendant Bradley University. Responses due by 4/26/2022 (Ostfeld, Gregory) (Entered: 04/12/2022) |
| 04/12/2022 | <u>45</u> | **+++ SEALED DOCUMENT.. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit)(Ostfeld, Gregory) (Entered: 04/12/2022)** |
| 04/12/2022 | <u>46</u> | NOTICE *of Defendant Bradley Universitys Request for Oral Argument and Hearing* (Ostfeld, Gregory) (Entered: 04/12/2022) |
| 04/18/2022 | <u>47</u> | MOTION for Extension of Time to File Response/Reply as to <u>43</u> MOTION for Summary Judgment *Unopposed* by Plaintiff ORION EDDLEMON. Responses due by 5/12/2022 (Peterson, Matthew) (Entered: 04/18/2022) |
| 04/28/2022 | | TEXT ONLY ORDER APPROVING <u>47</u> . Pending before the Court is Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment. Plaintiff explains that due to scheduling issues, Plaintiff seeks a 15–day extension to file an Opposition to Defendants Motion for Summary Judgment. Plaintiff's deadline is extended from May 12, 2022 to on or before May 27, 2022. Entered by Judge Michael M. Mihm on 4/28/2022. (AH) (Entered: 04/28/2022) |
| 05/12/2022 | <u>48</u> | MEMORANDUM in Opposition re <u>41</u> MOTION to Certify Class filed by Defendant Bradley University. (Attachments: # <u>1</u> Exhibit List, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14)(Ostfeld, Gregory) (Entered: 05/12/2022) |
| 05/27/2022 | <u>49</u> | Consent MOTION for Clarification on the Page Limit for His Reply in Support of Class Certification Brief by Plaintiff ORION EDDLEMON. Responses due by 6/10/2022 (Peterson, Matthew) (Entered: 05/27/2022) |
| 05/27/2022 | <u>50</u> | Consent MOTION to Seal *Plaintiff Orion Eddlemons Opposition to Bradleys Motion for Summary Judgment* by Plaintiff ORION EDDLEMON. Responses due by 6/10/2022 (Peterson, Matthew) (Entered: 05/27/2022) |
| 05/27/2022 | <u>51</u> | **+++ SEALED DOCUMENT.. (Attachments: # <u>1</u> Exhibit A – H, # <u>2</u> Exhibit I – T)(Peterson, Matthew) (Entered: 05/27/2022)** |
| 05/31/2022 | | TEXT ONLY ORDER GRANTING <u>49</u> . Plaintiff may file up to 20 pages for his Reply in Support of Class Certification. Entered by Judge Michael M. Mihm on 5/31/2022. (AH) (Entered: 05/31/2022) |
| 06/03/2022 | <u>52</u> | REPLY to Response to Motion re <u>43</u> MOTION for Summary Judgment filed by Defendant Bradley University. (Attachments: # <u>1</u> Exhibit 34, # <u>2</u> Exhibit 35)(Ostfeld, Gregory) (Entered: 06/03/2022) |
| 06/03/2022 | <u>53</u> | MEMORANDUM in Support re <u>41</u> MOTION to Certify Class filed by Plaintiff ORION EDDLEMON. (Attachments: # <u>1</u> Exhibit A)(Peterson, Matthew) (Entered: 06/03/2022) |
| 06/06/2022 | <u>54</u> | ORDER denying <u>44</u> Motion to Seal and denying <u>50</u> Motion to Seal. Entered by Judge Michael M. Mihm on 6/6/2022. Pursuant to Local Rule 5.10(4) The documents will remain under seal and [they] will not be considered by the presiding judge for any purpose. Accordingly, it is further ORDERED that the parties re–file the documents in the normal fashion as an unsealed document on or before June 13, 2022 if they |

| | | |
|---|---|---|
| | | wish the document to be considered by the Court. (AH) (Entered: 06/06/2022) |
| 06/06/2022 | 55 | TEXT ORDER Entered by Judge Michael M. Mihm on 6/6/2022. Due to the time needed to rule on pending class certification and summary judgment motions, the Final Pretrial Conference set 6/15/2022 and the Jury Trial set 7/18/2022 are VACATED.<br><br>This matter is set for a Motion Hearing on Plaintiffs Motion for Class Certification 41 on 7/6/2022 at 10:00 a.m. via Zoom. Judge Mihms Zoom instructions are attached to this Text Order.(AEM) (Entered: 06/06/2022) |
| 06/13/2022 | 56 | Exhibit re 43 MOTION for Summary Judgment by Bradley University. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Exhibit 13, # 4 Exhibit 30, # 5 Exhibit 32)(Angeletti, Kara) (Entered: 06/13/2022) |
| 06/13/2022 | 57 | RESPONSE to Motion re 43 MOTION for Summary Judgment filed by Plaintiff ORION EDDLEMON. (Attachments: # 1 Exhibit A – H, # 2 Exhibit I – T)(Peterson, Matthew) (Entered: 06/13/2022) |
| 07/05/2022 | 58 | RESPONSE for Class Certification by Defendant Bradley University. Responses due by 7/19/2022 (Attachments: # 1 Exhibit part 2)(Ostfeld, Gregory) Modified on 7/5/2022 per attys request (AEM). (Entered: 07/05/2022) |
| 07/05/2022 | 59 | NOTICE *OF ADDITIONAL EXHIBITS FOR CLASS CERTIFICATION HEARING* re 55 Terminate Deadlines and Hearings,, Set/Reset Deadlines/Hearings,, Order, (Attachments: # 1 Exhibit A–D)(Peterson, Matthew) (Entered: 07/05/2022) |
| 07/06/2022 | 60 | Minute Entry for proceedings held before Judge Michael M. Mihm: Parties present via telephone conference by Atty Matthew Peterson for Plaintiffs and Attys Gregory Ostfeld and Tiffany Fordyce for Defendant for Motion Hearing held 7/6/2022. Arguments heard from both sides. 41 Motion to Certify Class is GRANTED in part and DENIED in part for reasons stated on the record, contingent upon entry of a subsequent written order. This Minute Entry does not constitute an order granting or denying class–action certification under Fed. R. Civ. P. 23(f) until entry of the subsequent written order. Counsel has 14 days from 7/6/2022 to submit a proposed notice to the class. Status Conference is set for 7/21/2022 at 10:00am via Zoom. Judge Mihm's Zoom instructions are attached to this Minute Entry. (Court Reporter NM.) (AEM) Modified on 7/15/2022 to correct minute entry pursuant to Text Order entered 7/15/2022 and correct typographical errors (AH). (Entered: 07/06/2022) |
| 07/13/2022 | 61 | MOTION to Modify Minute Entry to Confirm Non–Finality of Class Certification Ruling re 60 Order on Motion to Certify Class,,, Set/Reset Deadlines/Hearings,,, Motion Hearing,, by Defendant Bradley University. Responses due by 7/27/2022 (Ostfeld, Gregory) (Entered: 07/13/2022) |
| 07/15/2022 | | TEXT ONLY ORDER entered 7/15/2022 by Judge Michael M. Mihm. Defendant's Motion to Modify Minute Entry 61 is GRANTED. The Clerk is directed to modify the 7/6/22 minute entry as requested in Paragraph 2 of the Motion 61 . (AH) (Entered: 07/15/2022) |
| 07/18/2022 | 62 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Motion Hearing Proceedings (virtual courtroom) held on 7/6/2022, before Judge Michael M. Mihm. Court Reporter/Transcriber N. Mersot, Telephone number 309–671–4244. Transcript purchased by:Gregory Ostfeld. |

| | | |
|---|---|---|
| | | **IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e–filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/8/2022. Redacted Transcript Deadline set for 8/18/2022. Release of Transcript Restriction set for 10/17/2022. (TK) (Entered: 07/18/2022) |
| 07/20/2022 | 63 | NOTICE *of Filing a Proposed Notice to the Class* re 60 Order on Motion to Certify Class,,,, Set/Reset Deadlines/Hearings,,,, Motion Hearing,,, (Peterson, Matthew) (Entered: 07/20/2022) |
| 07/20/2022 | | TEXT ONLY ORDER: The Status Conference set for 7/21/2022 at 10:00 AM is VACATED and RESET to 7/26/2022 02:00 PM via Zoom before Judge Michael M. Mihm. Judge Mihm's Zoom instructions are attached at 60 . Entered by Judge Michael M. Mihm on 7/20/2022. (MDB) (Entered: 07/20/2022) |
| 07/22/2022 | 64 | ORDER Entered by Judge Michael M. Mihm on 7/22/22: IT IS THEREFORE ORDERED THAT 1) Plaintiff's Motion for Class Certification 41 is GRANTED as to the Tuition Class, GRANTED as to the Activity Fee Class, and DENIED as to the Course Surcharge Fee Class. 2) Plaintiff's Motion to Appoint Plaintiff as Class Representative 41 is GRANTED. 3) Plaintiff's Motion to Appoint Plaintiff's counsel as Class Counsel 41 is GRANTED. (See written order). (TK) (Entered: 07/22/2022) |
| 07/26/2022 | | Minute Entry for proceedings held before Judge Michael M. Mihm: Parties present via video conference with Attorney Matthew Peterson on behalf of Plaintiffs and Attorneys Gregory Ostfeld and Tiffany Fordyce on behalf of Defendant for Status Conference held 7/26/2022. Discussion held regarding the Proposed Notice to the Class. Counsel for Defendant indicated they may file a request for leave to Appeal on or before August 5, 2022. The court will set a status conference promptly once the issue of Defendants potential appeal is resolved. (Court Reporter NM.) (AH) (Entered: 07/27/2022) |
| 08/05/2022 | 65 | NOTICE FROM USCA: Petition for Permission to Appeal as to 64 Order by Bradley University. (AH) Modified on 8/11/2022 to correct docket text (JRK). (Entered: 08/05/2022) |
| 08/05/2022 | 66 | Docket Sheet Sent to US Court of Appeals re 65 Notice of Interlocutory Appeal. (AH) Modified on 8/11/2022 to correct docket text(JRK). (Entered: 08/05/2022) |
| 08/11/2022 | | |

| | | |
|---|---|---|
| | | Notice of Docket Text or Event Modification re 65 Notice from USCA and 66 Docket Sheet sent to USCA. Clerk has corrected docket entries 65 & 66 . (JRK) (Entered: 08/11/2022) |
| 08/30/2022 | 67 | ORDER of USCA (Certified Order) as to 65 Notice of Petition for Permission to Appeal filed by Bradley University. IT IS ORDERED that the Petition for Permission to Appeal is GRANTED. Petitioner shall pay the required docket fees to the Clerk of the District Court within 14 days from the entry of this Order pursuant to Federal Rule of Appellate Procedure 5(d)(1). Once the District Courtnotifies this Court that the fees have been paid, the appeal will be entered on this Court's general docket. (AH) (Entered: 08/30/2022) |
| 09/06/2022 | | USCA Appeal Fees received $ 505.00 receipt number 100000736 re 65 Notice of Interlocutory Appeal filed by Bradley University (FDS) (Entered: 09/06/2022) |
| 09/08/2022 | 68 | NOTICE of Docketing Record on Appeal from USCA re 65 Notice of Interlocutory Appeal filed by Bradley University. USCA Case Number 22–2560. (AEM) (Entered: 09/08/2022) |
| 09/21/2022 | 69 | TRANSCRIPT INFORMATION SHEET by Bradley University. (AH) (Entered: 09/21/2022) |
| 05/04/2023 | 70 | MANDATE of USCA as to 65 Notice of Interlocutory Appeal filed by Bradley University. The judgment of the District Court is VACATED and this case is REMANDED inaccordance with the decision of this court entered on this date. Each side to bear theirown costs. (Attachments: # 1 Certified Opinion, # 2 Certified Judgment)(AH) (Entered: 05/04/2023) |
| 05/16/2023 | | TEXT ONLY ORDER: By agreement of the parties, Status Conference is set for 5/25/2023 at 10:00 AM via telephone before Judge Michael M. Mihm. The parties are directed to dial 551–285–1373 and then enter 16057196032#. Entered by Judge Michael M. Mihm on 5/16/2023. (NL) (Entered: 05/16/2023) |
| 05/25/2023 | | Minute Entry for proceedings held before Judge Michael M. Mihm: Parties present by phone, Attorney Matthew Peterson on behalf of Plaintiffs and Attorney Gregory Ostfeld on behalf of Defendant, for Status Conference held 5/25/2023. Discussion held regarding Court of Appeals Order and class certification. Parties are ORDERED to file supplemental briefs highlighting recent case law on the issue of class certification by or before 6/16/2023. Parties to confer on the issue of class certification discovery and must notify the Court by or before 6/2/2023 if they are unable to come to an agreement regarding additional class certification discovery. Hearing on Motion to Certify Class set for 7/27/2023 at 10:00 AM in Courtroom B, in Peoria, IL before Judge Michael M. Mihm. Discussion held regarding Class Certification Hearing. Court directs parties to make witness disclosures to the Court and opposing counsel prior to the hearing. Plaintiff states they do not plan on calling any witnesses. (Court Reporter Debra Thornburg.) (AEM) (Entered: 05/25/2023) |
| 06/01/2023 | 71 | STATUS REPORT *JOINT* by ORION EDDLEMON. (Peterson, Matthew) (Entered: 06/01/2023) |
| 06/08/2023 | | TEXT ONLY ORDER RE Briefing Schedule. The Parties have conferred and are unable to come to an agreement regarding additional class certification discovery. The Parties propose that this Court enter a briefing schedule to address this issue, with both Parties to submit their respective positions on June 15, 2023. The Court agrees and briefs are due June 15, 2023 and the parties' are limited to 10 pages. No responses |

| | | |
|---|---|---|
| | | briefs will be permitted. Entered by Judge Michael M. Mihm on 6/8/2023. (TK) (Entered: 06/08/2023) |
| 06/15/2023 | 72 | BRIEF *In Opposition to Additional Class Certification Discovery* by Bradley University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Ostfeld, Gregory) (Entered: 06/15/2023) |
| 06/15/2023 | 73 | BRIEF *in Support of Class Certification Discovery* by ORION EDDLEMON. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Peterson, Matthew) (Entered: 06/15/2023) |
| 06/16/2023 | 74 | NOTICE *of Supplemental Authority in Support of Defendant's Opposition to Class Certification* re 48 Memorandum in Opposition to Motion/Petition, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Ostfeld, Gregory) (Entered: 06/16/2023) |
| 06/16/2023 | 75 | NOTICE *of Supplemental Authority in Support of Plaintiff's Motion for Class Certification* (Peterson, Matthew) (Entered: 06/16/2023) |
| 06/22/2023 | | TEXT ONLY ORDER: Setting Motions Hearing in re 72 , 73 Parties motions on additional class certification discovery. Motions hearing set for 06/29/2023 at 2:00 PM by telephone before Judge Michael M. Mihm. The Parties are directed to dial 551−285−1373 and then enter 16057196032#. Entered by Judge Michael M. Mihm on 6/22/2023.(NL) (Entered: 06/22/2023) |
| 06/22/2023 | | Set/Reset Hearings: Motion Hearing set for 7/27/2023 at 10:00 AM in Courtroom B in Peoria before Judge Michael M. Mihm. (AEM) (Entered: 06/22/2023) |
| 06/22/2023 | | TEXT ONLY ORDER: Motion Hearing set for 6/29/2023 at 2:00 PM in via telephone before Judge Michael M. Mihm. Entered by Judge Michael M. Mihm on 6/22/2023. (VH) (Entered: 06/22/2023) |
| 06/22/2023 | 76 | NOTICE of Appearance of Attorney by Brian Warwick on behalf of ORION EDDLEMON (Warwick, Brian) (Entered: 06/22/2023) |
| 06/23/2023 | | TEXT ONLY ORDER: On the Court's own motion, and by agreement of the parties, Status Conference is set for 6/23/2023 at 2:30 PM via telephone before Judge Michael M. Mihm. The parties are directed to dial 551−285−1373 and then enter 16057196032#. Entered by Judge Michael M. Mihm on 6/23/2023. (NL) (Entered: 06/23/2023) |
| 06/23/2023 | | Minute Entry for proceedings held before Judge Michael M. Mihm: Parties present by phone, Attorney Matthew Peterson and Brian Warwick on behalf of Plaintiffs and Attorney Gregory Ostfeld on behalf of Defendant, for Status Conference held 6/23/2023. Discussion held regarding conflict of interest regarding the Court. Judge Michael M. Mihm recuses himself from the case and refers it to Chief Judge Sara Darrow for reassignment. (Court Reporter JJ.) (AEM) (Entered: 06/23/2023) |
| 06/23/2023 | | TEXT ORDER OF RECUSAL entered by Judge Michael M. Mihm on 06/23/2023. Judge Mihm recuses himself from participation in this matter pursuant to 28 U.S.C. 455(a). This matter is referred to Chief Judge Sara Darrow for reassignment.(AEM) (Entered: 06/23/2023) |
| 06/23/2023 | | TEXT ORDER OF REASSIGNMENT.This case and the corresponding hearings are reassigned to Chief Judge Sara Darrow pending reassignment., ( Motion Hearing set |

| | | |
|---|---|---|
| | | for 6/29/2023 at 02:00 PM in via telephone before Chief Judge Sara Darrow., Motion Hearing set for 7/27/2023 at 10:00 AM in U.S. Courthouse, 100 N.E. Monroe St., Peoria, IL, 61602 before Chief Judge Sara Darrow.) Entered by Chief Judge Sara Darrow on 6/23/2023. (AEM) Modified on 6/26/2023 (AEM). Modified on 6/26/2023 (AEM). (Entered: 06/23/2023) |
| 06/26/2023 | | Case Reassigned to Judge Colleen R. Lawless. Chief Judge Sara Darrow no longer assigned to the case. (AEM) (Entered: 06/26/2023) |
| 06/26/2023 | | TEXT ORDER OF REASSIGNMENT Entered by Chief Judge Sara Darrow on 6/26/2023. This case and the corresponding hearings are reassigned to Judge Colleen R. Lawless for further proceedings. (TK) (Entered: 06/26/2023) |
| 06/29/2023 | 77 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 5/25/2023, before Judge Michael M. Mihm. Court Reporter/Transcriber D. Thornburg, Telephone number 309–793–5778. Transcript purchased by:Gregory Ostfeld.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e–filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/20/2023. Redacted Transcript Deadline set for 7/31/2023. Release of Transcript Restriction set for 9/27/2023. (TK) (Entered: 06/29/2023) |
| 06/29/2023 | | Minute Entry for proceedings held before Judge Colleen R. Lawless: Motion Hearing held via VIDEO on 6/29/2023. Attorneys Brian Warwick and Matthew Peterson present on behalf of the Plaintiff. Attorneys Tiffany Fordyce, Gregory Ostfeld and Kara Angeletti present on behalf of Defendant. Arguments heard as to class certification discovery. Order to be entered within 14 days. The Motion hearing set for 7/27/2023 is VACATED. Hearing adjourned. (Tape #SP–1 2:01 PM) (MJC) (Entered: 06/30/2023) |
| 07/12/2023 | 78 | TEXT ORDER entered by Judge Colleen R. Lawless on 7/12/2023: Before this Court is Plaintiff's Brief in Support of Class Certification Discovery 73 , to which Defendant has responded 72 . District courts have broad discretion in denying or granting discovery requests, including the discretion to grant or deny requests to reopen discovery. Carpenter v. Scott, No. 14–3047, 2016 WL 11729684, at *1 (C.D. Ill. Dec. 2, 2016). While a district court has considerable discretion, the Seventh Circuit has made clear that discovery must have an endpoint and that deadlines must be enforced. |

| | | |
|---|---|---|
| | | Flint v. City of Belvidere, 791 F.3d 764, 768 (7th Cir. 2015); Fed. R. Civ. P. 16(b)(4) ("A [discovery] schedule may be modified only for good cause and with the judge's consent."). When the Seventh Circuit remanded this case, it expressly directed that "the district court may apply the appropriate legal framework to the existing record." Eddlemon v. Bradley University, 65 F.4th 335, 341 (7th Cir. 2023). Moreover, upon review of the Minute Entry from 5/25/2023, it appears that Judge Mihm did not order additional limited discovery, and only directed the parties to confer on the issue of discovery. (d/e 5/25/2023). In light of those directives and the Plaintiff's failure to demonstrate good cause on the extent of the additional discovery, Plaintiff's request for additional discovery is DENIED in part and GRANTED in part. Defendant shall provide Plaintiff with interrogatory answers on the number of students receiving full or partial scholarships and the formula used to determine student refunds within 21 days. Plaintiff's remaining discovery requests are denied. The parties are directed to file additional briefing on the issue of class certification in light of the Seventh Circuit's decision. Plaintiff's brief is due within 35 days of the entry of this order and Defendant's response is due within 14 days of the filing of Plaintiff's brief. The Motion Hearing currently set for 7/27/2023 at 10:00 AM via video conference is cancelled and reset for 9/26/2023 at 1:00 PM via video conference. Video conference instructions are attached. (MJC) (Entered: 07/12/2023) |
| 07/25/2023 | 79 | NOTICE of Change of Address by Matthew T Peterson (Peterson, Matthew) (Entered: 07/25/2023) |
| 07/25/2023 | 80 | NOTICE of Change of Address by Brian Warwick (Warwick, Brian) (Entered: 07/25/2023) |
| 08/14/2023 | 81 | MOTION TO EXTEND LOCAL RULE 7.1S WORD COUNT FOR PLAINTIFFS MOTION FOR CLASS CERTIFICATION by Plaintiff ORION EDDLEMON. Responses due by 8/28/2023 (Peterson, Matthew) (Entered: 08/14/2023) |
| 08/14/2023 | 82 | MEMORANDUM in Opposition re 81 MOTION TO EXTEND LOCAL RULE 7.1S WORD COUNT FOR PLAINTIFFS MOTION FOR CLASS CERTIFICATION filed by Defendant Bradley University. (Ostfeld, Gregory) (Entered: 08/14/2023) |
| 08/16/2023 | | TEXT ORDER entered by Judge Colleen R. Lawless on 8/16/2023: Before this Court is Plaintiff's Motion to Extend Local Rule 7.1's Word Count for Plaintiff's Motion for Class Certification 81 , to which the Defendant has filed a memorandum in opposition 82 . For the reasons stated therein, Plaintiff's Motion is GRANTED. Plaintiff's Motion for Class Certification shall not exceed 10,000 words. Defendant's request to exceed the word limit is also GRANTED. Defendant's responsive motion shall not exceed 10,000 words. (BL) (Entered: 08/16/2023) |
| 08/16/2023 | 83 | MOTION to Certify Class by Plaintiff ORION EDDLEMON. Responses due by 8/30/2023 (Attachments: # 1 Exhibit 1 – Part 1, # 2 Exhibit 1 – Part 2, # 3 Exhibit 1 – Part 3, # 4 Exhibit 1 – Part 4, # 5 Exhibit 1 – Part 5, # 6 Exhibit 1 – Part 6, # 7 Exhibit 1 – Part 7, # 8 Exhibit 1 – Part 8, # 9 Exhibit 1 – Part 9, # 10 Exhibit 1 – Part 10, # 11 *STRICKEN* Exhibit 1 – Part 11, # 12 Exhibit 1 – Part 12, # 13 Exhibit 1 – Part 13, # 14 Exhibit 1 – Part 14, # 15 Exhibit 2, # 16 Exhibit 3, # 17 *STRICKEN* Exhibit 4, # 18 *STRICKEN* Exhibit 5, # 19 *STRICKEN* Exhibit 6, # 20 *STRICKEN* Exhibit 7, # 21 *STRICKEN* Exhibit 8, # 22 Exhibit 9, # 23 Exhibit 10, # 24 Exhibit 11, # 25 Exhibit 12, # 26 Exhibit 13, # 27 Exhibit 14, # 28 Exhibit 15, # 29 Exhibit 16, # 30 Exhibit 17, # 31 Exhibit 18, # 32 Exhibit 19, # 33 Exhibit 20, # 34 Exhibit 21, # 35 Exhibit 22, # 36 Exhibit 23, # 37 Exhibit 24, # 38 Exhibit 25, # 39 Exhibit 26, # 40 Exhibit 27, # 41 Exhibit 28, # 42 Exhibit 29, # 43 Exhibit |

| | | |
|---|---|---|
| | | 30, # <u>44</u> Exhibit 31, # <u>45</u> Exhibit 32, # <u>46</u> Exhibit 33, # <u>47</u> Exhibit 34)(Peterson, Matthew) Modified on 9/30/2024 to STRIKE documents pursuant to text order(BMG). (Entered: 08/16/2023) |
| 08/30/2023 | 84 | MEMORANDUM in Opposition re <u>83</u> MOTION to Certify Class filed by Defendant Bradley University. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15)(Ostfeld, Gregory) (Entered: 08/30/2023) |
| 08/31/2023 | 85 | MOTION for Leave to File *a Reply Brief in Support of Plaintiffs Motion for Class Certification* by Plaintiff ORION EDDLEMON. Responses due by 9/14/2023 (Peterson, Matthew) (Entered: 08/31/2023) |
| 09/08/2023 | | TEXT ORDER entered by Judge Colleen R. Lawless on 9/8/2023: Before this Court is Plaintiff's Motion for Leave to file a Reply Brief in Support of Plaintiff's Motion for Class Certification. (Doc. <u>85</u> ). However, Plaintiff has failed to attach the proposed reply to his request in accordance with Local Rule 7.1. Plaintiff is directed to file a Motion for Leave to File a Reply Brief with a proposed reply brief within seven days of the entry of this order. Defendants shall have three days from the filing of plaintiffs motion to respond.(BL) (Entered: 09/08/2023) |
| 09/13/2023 | 86 | MOTION to Strike *Exhibits from Plaintiffs Motion for Class Certification and Supporting Memorandum of Law* by Defendant Bradley University. Responses due by 9/27/2023 (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Angeletti, Kara) (Entered: 09/13/2023) |
| 09/15/2023 | 87 | MOTION for Leave to File *a Reply Brief in Support of Plaintiffs Motion for Class Certification* by Plaintiff ORION EDDLEMON. Responses due by 9/29/2023 (Attachments: # <u>1</u> Exhibit A – Reply in Support of Class Certification)(Warwick, Brian) (Entered: 09/15/2023) |
| 09/18/2023 | 88 | RESPONSE to Motion re <u>87</u> MOTION for Leave to File *a Reply Brief in Support of Plaintiffs Motion for Class Certification* filed by Defendant Bradley University. (Angeletti, Kara) (Entered: 09/18/2023) |
| 09/26/2023 | 89 | REPLY to Response to Motion re <u>83</u> MOTION to Certify Class filed by Plaintiff ORION EDDLEMON. (Warwick, Brian) (Entered: 09/26/2023) |
| 09/27/2023 | | Minute Entry for proceedings held before Judge Colleen R. Lawless: Motion Hearing held via VIDEO on 9/27/2023 re <u>83</u> MOTION to Certify Class filed by ORION EDDLEMON. Attorneys Brian Warwick, Janet Varnell, and Matthew Peterson present on behalf of the Plaintiff. Attorneys Gregory Ostfeld, Tiffany Fordyce, and Kara Angeletti present on behalf of Defendant. Plaintiff's Motion for Leave to File Reply <u>87</u> is GRANTED over Defendant's objection. Plaintiff to file Reply. Arguments heard as to <u>83</u> Motion to Certify Class. Parties directed to file Reply. Hearing adjourned. (Tape #SP−1 1:06 PM) (MJC) (Entered: 09/27/2023) |
| 09/27/2023 | 90 | RESPONSE to Motion re <u>86</u> MOTION to Strike *Exhibits from Plaintiffs Motion for Class Certification and Supporting Memorandum of Law* filed by Plaintiff ORION EDDLEMON. (Warwick, Brian) (Entered: 09/27/2023) |
| 12/05/2023 | 91 | MOTION for Leave to File *Second Notice of Supplement Authority in Support of its Opposition to Plaintiffs Second Motion for Class Certification* by Defendant Bradley University. Responses due by 12/19/2023 (Attachments: # <u>1</u> Exhibit 1)(Angeletti, |

| | | |
|---|---|---|
| | | Kara) (Entered: 12/05/2023) |
| 12/14/2023 | 92 | RESPONSE to Motion re 91 MOTION for Leave to File *Second Notice of Supplement Authority in Support of its Opposition to Plaintiffs Second Motion for Class Certification* filed by Plaintiff ORION EDDLEMON. (Warwick, Brian) (Entered: 12/14/2023) |
| 12/27/2023 | | TEXT ORDER entered by Judge Colleen R. Lawless on 12/27/2023: Before this Court is Defendant's Motion for Leave to file Second Notice of Supplemental Authority in Support of Defendant's Opposition to Plaintiffs Second Motion for Class Certification 91 , to which Plaintiff has responded. In its Motion, Defendant asks this Court to take notice of Student A v. Liberty University, No. 6:20–cv–00023, 2023 U.S. Dist. LEXIS 182018 (W.D. Va. Oct. 10, 2023), which involved a denial of a motion for class certification for students seeking reimbursement of their course fees. For the reasons stated therein, Defendant's Motion for Leave to file Second Notice of Supplemental Authority in Support of Defendant's Opposition to Plaintiff's Second Motion for Class Certification 91 is GRANTED. The Clerk is directed to file the second notice of supplemental authority along with its exhibit. (BL) (Entered: 12/27/2023) |
| 12/27/2023 | 93 | Second Notice of Supplemental Authority in Support of Defendant's Opposition to Plaintiff's Second motion for Class Certification by Defendant Bradley University. (Attachments: # 1 Exhibit A)(BL) (Entered: 12/27/2023) |
| 05/20/2024 | 94 | MOTION for Leave to File *Notice of Supplemental Authority in Support of Defendant's Motion for Summary Judgment* by Defendant Bradley University. Responses due by 6/3/2024 (Angeletti, Kara) (Entered: 05/20/2024) |
| 05/20/2024 | 95 | Exhibit re 94 MOTION for Leave to File *Notice of Supplemental Authority in Support of Defendant's Motion for Summary Judgment (Exhibit 1)* by Bradley University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Angeletti, Kara) (Entered: 05/20/2024) |
| 06/03/2024 | 96 | RESPONSE to Motion re 94 MOTION for Leave to File *Notice of Supplemental Authority in Support of Defendant's Motion for Summary Judgment* filed by Plaintiff ORION EDDLEMON. (Warwick, Brian) (Entered: 06/03/2024) |
| 07/30/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 7/30/2024: Before this Court is Defendant's Motion for Leave to file Notice of Supplemental Authority in Support of Defendants Motion for Summary Judgment 94 , to which Plaintiff has responded. For the reasons stated therein, Defendant's Motion for Leave to file Notice of Supplemental Authority in Support of Defendant's Motion for Summary Judgment 94 is GRANTED. The Clerk is directed to file the Notice of Supplemental Authority 95 along with its exhibits. (BMG) (Entered: 07/30/2024) |
| 07/30/2024 | 97 | NOTICE of Supplemental Authority in Support re 43 Defendant's MOTION for Summary Judgment by defendant Bradley University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(BMG) (Entered: 07/30/2024) |
| 09/30/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 9/30/2024: Before this Court is Defendant's Motion to Strike Exhibits from Plaintiff's Motion for Class Certification 86 , to which Plaintiff has responded. Plaintiff's Motion for Class Certification includes six exhibits and two URLs which were not included in his |

| | | |
|---|---|---|
| | | initial Motion for Class Certification. The Seventh Circuit directed this Court to reassess class certification on "the existing record" and to conduct further proceedings "consistent with this opinion." Under the mandate rule, the Court "is required to comply with the express or implied rulings of the appellate court." In re A.F. Moore & Associates, Inc., 974 F.3d 836, 840 (7th Cir. 2020). Therefore, Defendant's Motion to Strike 86 is GRANTED. The Clerk is directed to strike Exhibits 11 and 17–21 from Plaintiff's Motion for Class Certification 83 . (BMG) (Entered: 09/30/2024) |
| 11/17/2024 | | TEXT ORDER entered by Chief Judge Sara Darrow on 11/17/2024. Due to Judge Jonathan E. Hawley's confirmation as a District Judge, this case is no longer referred to Judge Jonathan E. Hawley. Any previously scheduled hearings are reset before the presiding judge. (Entered: 11/17/2024) |
| 03/03/2025 | 98 | MOTION for Leave to File *Notice of Supplemental Authority in Support of Defendant's Opposition to Class Certification and Defendant's Motion for Summary Judgment* by Defendant Bradley University. Responses due by 3/17/2025 (Attachments: # 1 Exhibit 1 – Notice of Supplemental Authority In Support of Defendant's Opposition to Class Certification and Defendant's Motion for Summary Judgment)(Angeletti, Kara) (Entered: 03/03/2025) |
| 03/17/2025 | 99 | RESPONSE to Motion re 98 MOTION for Leave to File *Notice of Supplemental Authority in Support of Defendant's Opposition to Class Certification and Defendant's Motion for Summary Judgment* filed by Plaintiff ORION EDDLEMON. (Attachments: # 1 Exhibit A – Univ. Chicago filings, # 2 Exhibit B – American Univ. filings, # 3 Exhibit C – Penn State filings)(Warwick, Brian) (Entered: 03/17/2025) |
| 03/18/2025 | | TEXT ORDER entered by Judge Colleen R. Lawless on 3/18/2025: Before this Court is Defendant's Motion for Leave to File Notice of Supplemental Authority 98 , to which Plaintiff has responded. For the reasons stated therein, Defendant's Motion for Leave to File Notice of Supplemental Authority 98 GRANTED. The Clerk is directed to file the Notice of Supplemental Authority [98–1] along with its exhibits. (BMG) (Entered: 03/18/2025) |
| 03/18/2025 | 100 | NOTICE of Supplemental Authority in Support of Defendant's Opposition to Class Certification 84 and Defendant's Motion for Summary Judgment 43 by defendant Bradley University. (Attachments: # 1 Exhibits)(BMG) (Entered: 03/18/2025) |
| 03/31/2025 | 101 | OPINION entered by Colleen R. Lawless, United States District Judge on 3/31/2025. Bradley University's Motion for Summary Judgment 43 is GRANTED. Plaintiff's Motion to Certify Class 83 is DISMISSED as moot. The Clerk is DIRECTED to enter judgment in favor of Defendant and against Plaintiff. SEE WRITTEN OPINION. (MJC) (Entered: 03/31/2025) |
| 04/01/2025 | 102 | JUDGMENT entered. (BMG) (Entered: 04/01/2025) |
| 04/25/2025 | 103 | NOTICE OF APPEAL as to 101 Order on Motion for Summary Judgment,, Order on Motion to Certify Class, by ORION EDDLEMON. Filing fee $ 605, receipt number AILCDC–4725039. (Warwick, Brian) (Entered: 04/25/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ORION EDDLEMON, individually )
and on behalf of all others similarly )
situated, )
      Plaintiff, )
        )
v. )         Case No. 20-cv-1264
        )
BRADLEY UNIVERSITY, an )
Illinois not-for-profit corporation, )
      Defendant. )

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before this Court is Defendant Bradley University's Motion for Summary Judgment (Doc. 43).

## I.    PROCEDURAL BACKGROUND

On November 19, 2021, Eddlemon filed his Second Amended Complaint on behalf of himself and others similarly situated, alleging breach of contract and unjust enrichment claims against Bradley University. (Doc. 14). Eddlemon argues the University breached an implied contract to provide 15 weeks of classes in exchange for $17,100 in tuition, on-campus activities in exchange for an $85 activity fee, and on-campus access to a laboratory and laboratory supplies in exchange for a $25 course surcharge. (*Id.* at 30). He argues that he is entitled to a refund for part of his tuition, activity fees, and course surcharge after the University extended its spring break and then moved campus activities to an online-only format in response to the COVID-19 pandemic. (*Id.* at 31).

## II.    UNDISPUTED FACTS[1]

Bradley University, located in Peoria, Illinois, provides educational instruction on a semester basis. (Doc. 43 at ¶¶1-2). The University's Course Catalog states, "This is the official catalog for the 2019-2020 academic year. This catalog serves as a contract between a student and Bradley University." (Doc. 57 at ¶1). The Catalog contains a section titled "Academic Calendar," which set out a 15-week semester schedule for Spring 2020. (Doc. 43 at ¶¶2-3). That section contains a notice stating, "The academic calendars are subject to revision. Students should refer to the most recent Schedule of Classes (http://www.bradley.edu/classes/) for important dates each semester." (*Id.* at ¶3). The Academic Calendar indicated that the Spring 2020 semester would start on January 22, 2020, and continue until May 13, 2020. (*Id.* at ¶4). Spring break was scheduled from March 14, 2020, to March 22, 2020. (*Id.*). Classes could be canceled at the professor's discretion for each course. (*Id.* at ¶33).

Full-time students—those who take 12-16 credit hours—were all charged $17,100 in tuition. (*Id.* at ¶6). Additionally, the University charged an $85 activity fee for the Spring 2020 semester to all undergraduate students taking nine credit hours or more. (*Id.* at ¶9). The Student Activities Budget Review Committee ("SABRC") is responsible for deciding how to use the activity fees. (*Id.* at ¶10). In the past, there have been several semesters in which the activity fees have not been fully exhausted. (*Id.* at ¶13). Unused

---

[1] Unless otherwise noted, the factual background of this case is drawn from the undisputed facts as conceded to in Defendants' statement of material facts; Plaintiff's response to Defendants' statement of material facts and additional material facts; Defendants' reply to Plaintiff's additional material facts; and exhibits to the filings. Exhibit citations are used for facts that the Court finds are undisputed from the summary judgment record.

funds in the Special Events Reserve Fund ("SERF") roll over to the next academic year. (*Id.* at ¶37).

Certain courses also require students to pay a course surcharge, which varies depending on the course. (*Id.* at ¶14). The surcharge fees are used for the maintenance and replacement of equipment, laboratory infrastructure, specialized computers and related software, technology needs, and expenditures outside the scope of regular college operating funds. (*Id.* at ¶16). The surcharge fees are not always used in a particular semester, and instead may be accumulated for use in future semesters. (*Id.*).

Due to the COVID-19 pandemic, during the spring 2020 semester, the University closed its campus, canceled in-person activities for the remainder of the semester, and canceled one week of classes while it migrated to a remote learning format. (*Id.* at ¶¶17-19). The University informed the students of these decisions on March 12, 2020. (*Id.* at ¶22). It never rescheduled those canceled classes. (*Id.* at ¶19). For the remainder of the semester, all classroom instruction was conducted remotely, and the University offered some virtual activities and events. (*Id.* at ¶¶22-23).

During the Spring 2020 semester, Eddlemon was enrolled in 15 credit-hours and paid $17,100 in tuition. (*Id.* at ¶28). He was a member of Alpha Epsilon Delta, which held weekly meetings—both in-person and remote. (*Id.* at ¶34). He was also enrolled in two classes with a surcharge fee. (*Id.* at ¶38). He paid a $50 fee for his BIO 250 course, and a $150 fee for his BIO 484 course. (*Id.*). Both courses had a laboratory component. (Doc. 57 at ¶13). Initially, Eddlemon participated in BIO 250 and BIO 484's laboratory components,

where he completed numerous hands-on activities, but he did not conduct any experiments in the laboratory after the transition to online learning. (*Id.* at ¶18).

## III.   DISCUSSION

### A.  Legal Standard

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A factual dispute is only material if its resolution might change the suit's outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Woodruff v. Mason*, 542 F.3d 545, 550 (7th Cir. 2008). Summary judgment is not appropriate if a reasonable jury could just as easily return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. "At summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (internal quotations omitted).

### B.  Analysis

The University argues Eddlemon cannot establish valid and enforceable contract terms, a breach of any contract terms, or prove any damages as a result of an alleged breach. The University also argues Eddlemon's unjust enrichment claim fails because the

Page 4 of 15

contractual relationship between him and the University precludes such a claim, it is not an independent cause of action, and there is no evidence to support the claim.

To bring a breach of contract claim under Illinois law, a plaintiff must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiffs; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs.*, LLC, 931 F.3d 610, 614 (7th Cir. 2019) (internal quotations omitted). The contract may be either express or implied. *See Williams v. Wendler*, 530 F.3d 584, 589 (7th Cir. 2008). If a plaintiff alleges the breach of an implied contract, he must still "be specific about the source of this implied contract, the exact promises the university made to the student, and the promises the student made in return." *Charleston v. Bd. of Trustees of Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013).

Under Illinois law, the relationship between students and universities is a contractual one, and it is typically an implied contract. *See Gociman v. Loyola University of Chicago*, 41 F.4th 873, 883 (7th Cir. 2022); *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666–67 (7th Cir. 2023). For a student to make out a valid breach-of-contract claim against their university, they must "point to an identifiable contractual promise," as opposed to an implied promise of educational quality, "that the [university] failed to honor." *Gociman*, 41 F.4th at 882.

Recently, in *Delisle v. McKendree Univ.*, 73 F.4th 523, 525 (7th Cir. 2023), the Seventh Circuit addressed the evidentiary requirements for a breach of contract claim related to COVID-19 university campus closures. Specifically, the Court stated "students can establish the existence of an implied contract for in-person instruction and access to

campus facilities and services by pointing to four primary sources of evidence:" (1) a university's statements in its official publications, such as course catalogs; (2) its class registration system and related policies; (3) its pre-pandemic practice; and (4) any cost differential between in-person and online programs. *Delisle,* 73 F.4th at 525.

To state such a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Hernandez,* 63 F.4th at 671, *citing HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.,* 545 N.E.2d 672, 679 (Ill. 1989). However, a plaintiff may not recover under an unjust enrichment theory if there is an enforceable contract that governs the relevant subject matter. *Id., citing Gociman,* 41 F.4th at 886.

### 1. Cancellation of Classes

Eddlemon argues the course catalog language and dates listed in the academic catalog promised him 15 weeks of instruction. He also argues that his course syllabi corroborate the promise of the 15-week schedule. The University argues that the academic calendar sets forth anticipated dates and does not contain a specific promise for class schedules. Additionally, the University argues that the academic calendar is expressly "subject to revision." Eddlemon argues that the word "revision" indicates that the classes should have been rescheduled, not canceled. Finally, he argues the University never revised the calendar, as it never changed its calendar on its website to reflect the additional week of spring break.

The course catalog "serves as a contract between a student and Bradley University. (*See* Doc. 39, Ex. 1). While the catalog does not specifically identify the number of weeks, it does indicate that classes would resume on March 23. (*Id.* at 14). Therefore, a trier of fact could reasonably find that this was a term of the contract between the University and the students. However, the University expressly reserved its right to amend the academic calendar and cancel classes for one week as the course catalog specifically states, "The academic calendars are subject to revision. Students should refer to the most recent Schedule of Classes (http://www.bradley.edu/classes/) for important dates each semester."

Under Illinois law, contractual terms are given their "plain, ordinary, and popular meaning," which can be determined by looking at the dictionary definition. *In re Motorola Sec. Litig.*, 644 F.3d 511, 518 (7th Cir. 2011), *citing Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90 (1993). The Oxford English Dictionary defines the term "revise" as "to examine or re-examine (something, esp. a law, code, plan, or the like) for the purpose of improvement or amendment." *Revise*, Oxford English Dictionary (2010). The definition indicates that when the calendar is revised, things may be added, changed, or removed from it.

In a similar case, the Eleventh Circuit held that the University of Miami did not breach its contract with its students when it temporarily closed its campuses in response to the COVID-19 pandemic. *Dixon v. Univ. of Miami*, 75 F.4th 1204, 1209 (11th Cir. 2023). In that case, the student handbook indicated that the university may amend or alter its procedures and policies. *Id.* The Eleventh Circuit held that because the university

expressly reserved its right to alter its procedures, it did not breach any agreement when it temporarily closed its campus. *Id.*

Just as in *Dixon*, Bradley University included an express reservation of its right to modify its schedule when it included the disclaimer that the calendar was "subject to revision." Because of this express reservation of its the right to change its academic calendar, the University cannot be held liable for exercising its right.

Eddlemon further argues that a reasonable jury could find that the University's custom of providing a 15-week semester schedule forms the basis for an implied contract. But as the Second Circuit noted in *Bergeron v. Rochester Institute of Technology*, 2024 WL 5054841, at *2 (2d Cir. 2024), a university's prior "academic and administrative prerogatives cannot be impliedly limited by custom." The Court agrees with the well-reasoned analysis in *Dixon* and *Bergeron* and finds there was no breach of contract when the University added an extra week of spring break or canceled a week of classes.

Eddlemon also argues that the University did not properly revise the calendar because it did not amend the Schedule of Classes. However, at the bottom of the course catalog, the University states that "[s]hould changes in a program of study become necessary prior to the next academic year every effort will be made to keep students advised of such changes via the Dean of the College or Chair of the Department concerned, the Registrar's Office, u.Achieve degree audit system, and the schedule of classes." (Doc. 39, Ex. 1 at 20). Based on that notice, the University was not required to amend the Schedule of Classes. Instead, it was required to make "every effort" to keep students advised of changes. In this case, Eddlemon learned about the change to the

schedule when the University communicated the change to its students via email. Therefore, there was no breach of contract based on an improper revision to the schedule. Defendant's Motion for Summary Judgment is granted as to Eddlemon's breach of contract claim based on the canceled classes. Because there is a contract that governs this subject matter, Eddlemon's unjust enrichment claim also fails. *See Hernandez*, 63 F.4th at 671.

### 2.  Activity Fee

Eddlemon's activity fee claims revolve around the issue of whether the University breached its contract when it significantly reduced or canceled its on-campus activities. To support his theory that he was entitled to 15 weeks of on-campus events in exchange for the $85 activity fee, Eddlemon relies on the course catalog, the University's online bulletin/circular, and the SABRC's Articles.

The course catalog indicates that each undergraduate student taking nine or more credit hours must pay an $85 activity fee but does not specify what that fee will be used for. (*See* Doc. 39, Ex. 1). The bulletin indicates that "[i]ntramurals, club sports and fitness classes are available throughout the year" at the Markin Family Student Recreation Center. (Doc. 57 at ¶17). The SABRC Articles state that the activity fees are split among six different funds. (Doc. 39, Ex. 2 at 4). The SABRC budget is "zero-based," which means that "each budgeted dollar shall be justified anew each year." (*Id.* at 1). The purpose of the SABRC is to "fund those student organizations recognized and approved by Bradley University which provide activities for Bradley University students through education,

entertainment, or service." (*Id.*). The goals of the organization include providing funds for campus-wide events. (*Id.*).

In *Burt v. Board of Trustees of University of Rhode Island*, the First Circuit found that there was a genuine issue of material fact as to whether there was a breach of an implied contract based. 84 F.4th 42, 57-58 (1st Cir. 2023). The court noted that the students could have had reasonable expectations that they would receive in-person access to recreational facilities and on-campus transportation in exchange for their payment of student service fees based on marketing materials. *Id.* However, despite the finding that there was a genuine issue of material fact as to whether there was a breach of an implied contract, the court held that "it is abundantly clear that [the university] was discharged from any such contractual duty due to frustration." *Id.* Neither party could have anticipated either the onset of the pandemic or the governor's emergency orders, and those orders constituted the "event the non-occurrence of which was a basic assumption on which the contract was made." *Id.* at 58, *citing* Restatement (Second) of Contracts § 264 (1981). The court concluded, "[b]ecause it is luminously clear that the contracts were substantially frustrated, there remains no genuine issue of material fact for adjudication: any reasonable factfinder would be compelled to find that [the university] was discharged from its obligations due to frustration." *Id.* Additionally, the Court concluded that the unjust enrichment claims must be dismissed because the students only offered a conclusory statement to support the theory that the university unjustly benefitted from the funds. *Id.* at 59.

In comparison, in *Choi v. Brown University*, 594 F.Supp.3d 452, 460 (D. R.I. Mar. 22, 2022), the court granted summary judgment after finding that the students were not entitled to a refund of their activity fees for three reasons. First, the district court found that there was no indication that the funds were used differently than how they had been in the past. *Id.* For instance, after the pandemic began, if a student organization requested funds, the university disbursed those funds to the organization as necessary. *Id.* Second, the funds were still used to support student organizations, regardless of whether they took place online or in person. *Id.* Third, the funds were rolled over through the following academic year and students did not have to pay the activity fee for the following year. *Id.* For these reasons, the court found that the university did not breach its contract, nor was it unjustly enriched. *Id.*

When looking at the documents in the instant case, there is no express promise as to the number of events that must be held each semester. Although the SABRC's "goal" was to provide in-person, on-campus activities, this language does not constitute a promise to fund events and does not promise any specific number of events throughout the semester. *See Bosch v. NorthShore Univ. Health Sys.*, 2019 IL App (1st) 190070, ¶70 ("We have been clear that provisions in school materials must be sufficiently definite in character to constitute a binding promise, as opposed to a general provision discussing a policy, goal, expectation, or guideline."); *Oyoque v. DePaul University*, 520 F.Supp.3d 1058, 1064 (N.D. Ill. Feb. 21, 2021) (nothing that aspirational statements in a student handbook are not evidence of a contract). Moreover, there was no express promise that these events were to take place in-person.

Page 11 of 15

Additionally, there was no breach of an implied contract. Just like the activity fee in *Choi*, the funds were used similarly to how they were used before the pandemic. Student groups were still able to obtain funding for events, even if the number of events were reduced. In this way, the funds were still used to support student organizations. The materials relied on by Eddlemon do not support his theory that he was entitled to in-person events only. Although the University described examples of in-person activities in the past in its marketing materials—such as concerts, lectures, and other special events—it did not guarantee that similar events would happen each semester. It also did not guarantee that all events would happen in-person. Further, the funds in the SERF Account were rolled over to the following year. Eddlemon points out that the funds in the five other SABRC accounts were not rolled over to the following year, which he argues demonstrates that the University was unjustly enriched. However, there is no provision in the SABRC which requires the funds to be completely spent at the end of the semester. There is also no evidence that the University retained a benefit from its cancellation of student activities.

Even if the University had retained a benefit, any reasonable jury would find that the University was discharged from its obligations due to frustration. Governor Pritzker's Executive orders prohibited any gathering of more than 10 people and closed all public places of amusement. (Doc. 43, Ex. 18). It also instructed that all non-essential business and operations must cease. (*Id.*). Because of the executive orders, the purported contract's purpose was frustrated and Eddlemon is not entitled to relief. *See Burt*, 84 F.4th at 58.

Therefore, Defendant's Motion for Summary Judgment is granted as to the claims relating to the activity fees.

### 3. Course Surcharge

Finally, Eddlemon alleged that the University breached its contract as it relates to the course surcharge fee when it did not provide him access to the on-campus lab instruction, facilities, resources, or materials. The University argues that the course surcharge fees were expended in accordance with their historical use, and it does not require the fees to be exhausted during the semester in which they were charged.

The district court in *Omori v. Brandeis University*, 635 F.Supp.3d 47, 57 (D. Mass. Oct. 18, 2022), came to two different results when determining whether summary judgment was appropriate for certain fees. It held that mandatory fees described in general terms could not be recovered under plaintiffs' breach of contract claims, because there were no specific factual allegations in support of their subjective expectations that those fees were paid in consideration for in-person services or access to campus facilities. *Id.* To support this conclusion, the court relied on the holding of the D.C. Circuit Court that fees not tied "to the provision of on-campus services, activities, and programs" could not be recovered in plaintiffs' breach of contract claim. *Id., citing Shaffer v. George Washington University*, 27 F.4th 754, 767 (D.C. Cir. 2022). In contrast, the *Omori* court also held held that studio fees, which were paid in connection with a studio arts class, survived summary judgment. *Id.* This was because it was undisputed that the fee was specifically paid so that the students would have access to the studio, and it was

"reasonable to infer that students who paid a Studio Fee for a particular course would have expected to receive in-person services in return." *Id.*

The parties agree that there is no express language in the course catalog or elsewhere as to the course surcharge fees. To support the existence of an implied contract, Eddlemon relies on the course descriptions, the schedule of classes, and his pre-pandemic activities in his classes. The schedule of classes for BIO 250 indicates that there is a $50 course surcharge, but, unlike other courses, it does not require students to enroll in a lab section. (Doc. 57, Ex. R). However, the class description indicates that it does have a laboratory. (Doc. 57, Ex. S). BIO 484 has a $150 course surcharge, and the laboratory component is optional according to both the schedule of classes and the course description. (Doc. 57, Exs. R, S). Based on this information, there is no indication that the course surcharge was relevant to Eddlemon's use of the laboratory. For example, a student could sign up for BIO 484 and forgo the laboratory option but would still be required to pay the same course surcharge. Based on these facts, the course surcharge fee is more akin to the general fees paid in *Omori* because there are no factual allegations to support Eddlemon's belief that his payment of the course surcharge fees permitted him to access the laboratory. Therefore, the University's Motion for Summary Judgment is granted as to the claims relating to the course surcharge fees.

## IV.    CONCLUSION

Accordingly, Bradley University's Motion for Summary Judgment (Doc. 43) is GRANTED. Plaintiff's Motion to Certify Class [83] is DISMISSED as moot. The Clerk is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.

ENTER: March 31, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT
### for the
### Central District of Illinois

| | | |
|---|---|---|
| Orion Eddlemon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: 20-CV-1264 |
| | ) | |
| Bradley University, | ) | |
| | ) | |
| Defendant. | ) | |

### JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT**.   This action came before the Court for a trial by jury.   The issues have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT**.   This action came before the Court, and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** Judgment is entered in favor of Defendant and against Plaintiff.

Dated: 4/1/2025

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court

32

E-FILED
Friday, 25 April, 2025  05:45:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
_____PEORIA_____ DIVISION

ORION EDDLEMON, individually and
on behalf of all others similarly situated,
_____
                Plaintiff

            V                                 Case number  1:20-cv-01264-CRL-JEH

BRADLEY UNIVERSITY
_____
                Defendant

## NOTICE OF APPEAL

I, ____ORION EDDLEMON_____ (plaintiff/defendant) do hereby appeal the decision of this

Court entered on ____March 31, 2025_____ .

            Signed   _/s/ Brian W. Warwick_____

            Address  _400 N. Ashley Drive, Suite 1900_____

                     _Tampa, FL 33602_____

---

Peoria Division
100 N.E. Monroe St.
Room 305
Peoria, IL 61602
309.671.7117

Urbana Division
201 S. Vine St.
Room 218
Urbana, IL 61802
217.373.5830

Springfield Division
600 E. Monroe St.
Room 151
Springfield, IL 62701
217.492.4020

Rock Island Division
(Temporarily located for
mail and hearings to:
131 E. 4th St. Rm 250
Davenport, IA 52801
309-793-5878

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Brian W. Warwick</u>
Brian W. Warwick