## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| **ORION EDDLEMON**, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| **Plaintiff**, | ) Case No. 1:20-cv-01264-MMM-JEH<br>) |
| v. | ) Hon. Colleen R. Lawless<br>) Hon. Mag. Jonathan E. Hawley |
| **BRADLEY UNIVERSITY**, an Illinois not-for-profit corporation, | )<br>)<br>) |
| **Defendant**. | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

Defendant Bradley University (the "University"), pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and Central District of Illinois Local Rule 54.1, submits its Memorandum in Support of its Bill of Costs. Filed contemporaneously with this Memorandum is the University's Bill of Costs, a declaration in support of the costs incurred, and the supporting documentation detailing the amount sought of $4,843.95. *See* Bill of Costs; Kara E. Angeletti Declaration in Support of Bill of Costs.[1] In support, the University states:

### INTRODUCTION

On March 31, 2025, this Court entered summary judgment in favor of the University against Plaintiff Orion Eddlemon ("Eddlemon") on all claims. Doc. 101. Judgment was entered in the University's favor the following day. Doc. 102. The University now seeks from Eddlemon recoverable costs expended on depositions, hearing transcripts, photocopies, printing, mailing, messenger delivery, and electronic discovery.

---

[1] Although the amount of money that the University expended on these items is far greater than the amount it seeks to recover, the University endeavored to narrowly tailor this Memorandum and related Bill of Costs to request only those costs that are recoverable consistent with applicable law.

1

**ARGUMENT**

**I.    Standard for Award Costs**

"[The Seventh Circuit has] made it clear that Rule 54(d) creates a presumption that the prevailing party will recover costs[.]" *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991) (citations omitted). This presumption is "difficult to overcome" and may be refuted only if the losing party can establish good cause to deny costs. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) ("[M]isconduct by the prevailing party worthy of a penalty" is one of the few circumstances that "will suffice to justify denying costs.") (citations omitted); *see also Maremont v. Susan Fredman Design Grp., Ltd.*, No. 10-C-7811, 2015 U.S. Dist. LEXIS 17749, *4 (N.D. Ill. Feb. 13, 2015) (noting strong presumption of awarding costs to prevailing party); *Garza v. Wexford Health Sources, Inc.*, No. 19-2321, 2022 U.S. Dist. LEXIS 254351, at *1-2 (C.D. Ill. Oct. 28, 2022) (same).

"An award of costs requires two inquiries: '(1) whether the cost imposed on the losing party is recoverable[;] and (2) if so, whether the amount assessed for that item was reasonable.'" *United States ex rel. Yannacopoulos v. Gen. Dynamics*, No. 03-C-3012, 2012 U.S. Dist. LEXIS 68071, at *2 (N.D. Ill. May 15, 2012) (quoting *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000)). Under 28 U.S.C. § 1920, the prevailing party may recover the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920. The University seeks recovery of costs under 28 U.S.C. § 1920(1) – (4).

## II.  Deposition Costs and Fees

The University seeks to recover $1,954.72 in deposition costs. *See* Angeletti Decl. at ¶ 5. Depositions need not be indispensable to justify cost recovery; they need only be reasonably necessary to the case. *Mason v. Smithkline Beecham Corp.*, No. 05-1252, 2008 U.S. Dist. LEXIS 105900, at *3-4 (C.D. Ill. Oct. 7, 2008). Costs for the deposition transcripts, as well as the court reporters' attendance at the depositions, are recoverable. 28 U.S.C. § 1920(2); *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("Since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript.") (citations omitted).

To assess whether deposition-related costs are reasonable, the court generally reviews the hours spent by the court reporter and the reporter's hourly rates. *See Alexander v. CIT Tech. Fin. Servs.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002). In any event, the cost of a transcript is limited to the rate set by the Judicial Conference of the United States. The standard transcript rate for ordinary delivery is $4.40 per page for original transcripts. *See* "Transcript Rates," U.S. Dist. N.D. Ill., https://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates (providing updated transcript rates for Judicial Conference). The costs incurred for the transcripts at issue here were equal to, or lesser than, this rate. *See* Angeletti Decl. at ¶ 6.

Courts will also permit recovery of incidental fees connected to taking depositions. *Manson v. City of Chi.*, 825 F. Supp. 2d 952, 958 (N.D. Ill. Nov. 10, 2011) (citations omitted). For the only deposition noticed by the University, the court reporting company imposed certain processing and

litigation support fees to facilitate creating the transcripts and accommodating virtual attendance, making them a necessary expense.

The University took one deposition in this case of the named plaintiff, which was necessary for the University to defend itself against these claims. The University repeatedly relied on Eddlemon's testimony in both its Motion for Summary Judgment and its Opposition to Class Certification.

The University is also permitted to recover costs associated with the depositions noticed by Eddlemon. Because Eddlemon, as the losing party, had control over deciding which depositions to take and the costs incurred in taking those depositions, Eddlemon bears the burden of the costs associated with the depositions he decided to notice. *Ismail v. Potter*, No. 05-C-409, 2006 U.S. Dist. LEXIS 92158, *8-9 (N.D. Ill. Dec. 20, 2006). Consequently, the University is entitled to recover costs associated with the three depositions noticed by Eddlemon.

Therefore, the deposition-related costs for which the University seeks to recover were all necessary to the litigation and are recoverable under 28 U.S.C. § 1920.

### III.   Court Hearing Transcripts Costs and Fees

The University seeks $447.45 in transcript costs for two court hearings. Each of these transcripts pertained to the Court's class certification ruling and subsequent appeal, for which the transcripts were necessary. *See* Doc. 60, 62, 77. *See* Angeletti Decl. at ¶¶ 7-8. Hearing transcript costs are recoverable under 28 U.S.C. § 1920(2), even if they are not indispensable to the case but otherwise are reasonably necessary. *See Thayer v. Chiczewski*, No. 07-CV-1406, 2010 U.S. Dist. LEXIS 80752, *14, *16-20 (N.D. Ill. Aug. 4, 2010) (awarding hearing transcript costs where transcripts related to motion to compel were necessary to ensure compliance with judge's ruling and to facilitate counsel's preparation of arguments regarding discovery); *see also Am. Safety Cas.*

4

*Ins. Co. v. City of Waukegan*, No. 07-C-1990, 2011 U.S. Dist. LEXIS 145994, *17-18 (N.D. Ill. Dec. 2, 2011) (awarding hearing transcript costs where transcripts were used to comply with court order and address discovery issues). Moreover, the prevailing party may recover for the cost to expedite the transcript where the expedited order was reasonably necessary. *Oleksy v. GE*, No. 06-CV-1245, 2016 U.S. Dist. LEXIS 171505, *12-16 (N.D. Ill. Dec. 12, 2016) (citations omitted). Because the University needed these class certification-related transcripts to timely appeal the class certification decision (the University prevailed on this appeal), both transcripts were reasonably necessary to the litigation, and the University should be awarded the associated costs.

### IV. Filing Costs and Fees

The University seeks to recover $505.00 in filing fees. *See* Angeletti Decl. at ¶ 10. Section 1920(1) explicitly permits the recovery of "fees of the clerk," which amount to the filing fees the University incurred. *See Han Lin v. Hong Zhang*, No. 20-cv-03186, 2023 U.S. Dist. LEXIS 195031, at *23 (C.D. Ill. Oct. 31, 2023) (approving filing fees in bill of costs).

### V. Document Costs and Fees

The University seeks several types of costs related to photocopying, printing, and delivering documents. *See* Angeletti Decl. at ¶¶ 11-17. Under 28 U.S.C. § 1920(3) and (4), a prevailing party may recover fees for printing, exemplification, and copies of papers obtained for use in the case. 28 U.S.C. § 1920(3-4).

#### A. Photocopying and Printing Costs

The University seeks $680.10 in costs associated with copying and printing documents necessary for use in this case. *See* Angeletti Decl. at ¶ 11. Costs may be awarded for all necessary documents that were printed and/or photocopied but were not created merely for the convenience of the attorneys. *Rogers v. City of Chi.*, No. 00-C-2227, 2002 U.S. Dist. LEXIS 4431, *11 (N.D.

5

Ill. Mar. 15, 2002). "Printing a paper copy of each docket entry in an age of electronic filing is necessarily obtained for use in the case, and is not merely for the convenience of counsel." *Dishman v. Cleary*, 279 F.R.D. 460, 469 (N.D. Ill. 2012) (citation omitted). Courts in the Seventh Circuit have routinely held that photocopying and printing rates of up to $0.20 cents per page are reasonable. *E.g.*, *Teague v. Miehle*, No. 14-C-6950, 2019 U.S. Dist. LEXIS 44597, *6 (N.D. Ill. Mar. 19, 2019); *see also Williams v. Schwarz*, No. 15-C-1691, 2018 U.S. Dist. LEXIS 169002, *11 n. 8 (N.D. Ill. Oct. 1, 2018) (noting $0.10 cents per page for in-house print and copy costs is reasonable rate). The University seeks only a rate of $0.15 cents. *See* Angeletti Decl. at ¶ 12.

To justify printing and copying costs, the "[prevailing party's] burden is only to provide 'the best breakdown obtainable from retained records' to establish that the costs related to 'copies made for this case for its attorneys and billed in the normal course.'" *United States Fid. & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 920, 924 (N.D. Ill. 2011) (citing *Northbrook Excess and Surplus Ins. Co. v. Procter and Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)). As such, where a party's supporting records identify only the number of pages printed or copied, the price per page, and the total cost, the party has provided sufficient documentation. *Id.* (finding number of pages, price per page, and total cost information sufficient to award in-house printing and copying costs of $2,520.30).

The University conducted all of its printing and copying for this case in house, and its in-house records retain information related to the date of the service, the client and matter number for which it was requested, the number of pages, and the billed amount. *See* Angeletti Decl. at ¶ 12. Under *Shorenstein*, this degree of detail is adequate to support an award of costs for printing and copying costs incurred in-house. *Id.*; *see also Barton v. Zimmer, Inc.*, No. 1:06-CV-208-TS, 2010 U.S. Dist. LEXIS 81523, *6 (N.D. Ind. Aug. 10, 2010) ("[I]t would be impracticable to

require . . . law firm employees to record the precise description of every document printed or a reason why the copy is necessary before the costs will be considered taxable."). The University has provided a sufficient level of detail in its supporting documents and is entitled to its copying and printing costs.

B. PACER Costs

The University seeks $33.10 in costs from PACER. Rule 54 allows a prevailing party to recover costs incurred from PACER. *One Way Apostolic Church v. Extra Space Storage, Inc.*, No. 16-C-1132, 2019 U.S. Dist. LEXIS 234098, at *6-7 (N.D. Ill. Mar. 25, 2019) (permitting recovery of over $60 in PACER costs, deeming costs "reasonable and necessary for use in the case and thus fully taxable"). The University has submitted documentation supporting these costs, which were incurred to obtain official documents. *See* Angeletti Decl. at ¶ 13.

C. Mailing and Messenger Costs

The University further seeks $288.78 in mailing and messenger costs incurred to transmit documents necessary to this case. Angeletti Decl. at ¶¶ 14-15. A prevailing party may recover for reasonably necessary messenger and delivery costs. *Chung Chui Wan v. Debolt*, No. 3:20-CV-3233, 2021 U.S. Dist. LEXIS 149865, *41-42 (C.D. Ill. Aug. 10, 2021) (noting messenger costs compensable for services necessarily obtained for use in case). The majority of the individual mailing costs took place in 2021, when remote activity was either mandated or otherwise encouraged in light of the COVID-19 pandemic. The remaining mailing costs incurred after 2021 were largely representative of transmitting courtesy copies to the Seventh Circuit, as required by applicable rules, in furtherance of the University's class certification appeal, as well as to this Court. These costs are similarly recoverable. *Id.* at 40-41 (holding FedEx fees recoverable) (citing *Tchemkou v. Mukasey*, 517 F.3d 506, 512-13 (7th Cir. 2008)).

### D. Electronic Discovery Costs

Finally, the University seeks $934.80 in costs required to format the University's electronically-stored information ("ESI") discovery into a searchable and production-friendly format. Angeletti Decl. at ¶¶ 16-17. While 28 U.S.C. § 1920 does not contemplate recovery for general data hosting and electronic discovery management fees, courts do extend the statute to cover the costs of rendering ESI into a readable, searchable, and producible format. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 901-03 (N.D. Ill. 2014); *Johnson v. Allstate Ins. Co.*, No. 07-CV-0781-SCW, 2012 U.S. Dist. LEXIS 148282, *18 (S.D. Ill. Oct. 16, 2012).

The University incurred substantial fees related to the processing, maintenance, and production of ESI. However, it seeks recovery only for those costs associated with converting the ESI into a format that could be reviewed and produced to Plaintiff and his counsel. This process was required to allow the University to effectively review the content of the ESI and produce documents in a useable format for opposing counsel. *See* Angeletti Decl. at ¶ 17. As such, the expenses the University seeks in connection with its electronic discovery were reasonably necessary and may be recovered.

### CONCLUSION

In light of this Court granting summary judgment for the University, the University is entitled to certain fees and costs it expended to defend this litigation. The University seeks a total of $4,843.95, which represents the reasonable amount of those fees necessarily incurred in the University's defense of this matter.

WHEREFORE, the University requests this Court approve the Bill of Costs submitted in connection with this memorandum, award the University $4,843.95 as recovery of its fees and costs, and grant any other relief this Court deems equitable and just.

Dated: May 1, 2025                                    Respectfully submitted,

                                                       **BRADLEY UNIVERSITY**

By: /s/ *Kara E. Angeletti*
Gregory E. Ostfeld (Attorney No. 6257163)
ostfeldg@gtlaw.com
Tiffany S. Fordyce (Attorney No. 6295008)
fordycet@gtlaw.com
Kara E. Angeletti (Attorney No. 6329388)
angelettik@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

*Attorneys for Bradley University*

## CERTIFICATE OF SERVICE

I, Kara E. Angeletti, certify that on May 1, 2025, a true and correct copy of **Defendant's Memorandum in Support of Its Bill of Costs** was served electronically through the Central District of Illinois CM/ECF electronic filing on all counsel of record.

/s/ *Kara E. Angeletti*

One of Defendant's Attorneys