IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **ORION EDDLEMON,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**BRADLEY UNIVERSITY,** an Illinois not-for-profit corporation,<br><br>**Defendant.** | Case No.: 1:20-cv-01264-CRL<br><br>CLASS ACTION |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Plaintiff Orion Eddlemon ("Eddlemon") provides this Objection to Defendant Bradley University's ("Bradley") Bill of Costs [D.E. 106] and Memorandum in Support [D.E. 107].

Eddlemon objects to Bradley's Bill of Costs for 4,843.95. Under Seventh Circuit precedent, much of the Bill of Costs should be rejected because Bradley provides inadequate supporting documentation for its requested costs, making it impossible to verify that its requested costs are bona fide expenditures or to assess the reasonableness of these purported expenditures. Simply put, Bradley fails to provide much detail or explanation for most of the categories of costs that it seeks.

## ARGUMENT

Federal Rule of Civil Procedure 54(d)(1) authorizes district courts to award costs to the prevailing party. In turn, 28 U.S.C. § 1920 governs the categories of taxable costs. The

final award of costs rests within the discretion of the Court, but the Court has no discretion to award costs not contemplated by § 1920. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Recoverable costs under 28 U.SC. §1920 include (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920. Bradley seeks recovery of costs under 28 U.S.C. § 1920(1) – (4). *See* Bradley Memo in Support of Motion for Costs, p.3.

A number of Bradley's requested costs should be denied because Bradley fails to adequately document the costs it seeks. Courts in the Seventh Circuit require more than what Bradley offers. *Hecny Transp., Inc. v. Chu*, 2005 WL 2347228, at *2 (N.D. Ill. Sept. 23, 2005) (rejecting costs, stating that "Hecny has not attached even one invoice from a court reporter to Hecny's bill of costs. In regards to photocopying costs, Hecny merely provides dollar amounts and a corresponding date in its chart prepared for the bill of costs. Hecny has not provided any documentation for photocopying costs").

Set forth below are the costs Bradley requests and Eddlemon's specific objections.

<u>Deposition costs</u>: Bradley requests $1,954.72.

Bradley took one deposition of one named plaintiff and "repeatedly relied on testimony in both summary judgment and opposition to class certification." From that one deposition, Bradley seeks reimbursement for Veritext - $910.80 for transcript; $337.50 for attendance; $68.25 for exhibits; $295 for Veritext virtual primary participants; $48 for Litigation Package; Discount of $129.63 for preferred client – Total Veritext bill: $1529.92. Bradley also claims to be entitled to recover costs associated with three depositions noticed by Eddlemon. Charges include transcripts for Dennis Koch ($110), Jobie Skaggs ($130), and Nathan Thomas ($184). Bradley cites a standard transcript rate allowed of $4.40 per page but Bradley's sources are for the Northern District of Illinois. In the Central District of Illinois, the rate per page is capped at $3.65. Bradley has calculated the rate with the $4.40 charge (or Veritext has). That brings the Veritext charge of $910.80 down to $755.55 for the transcript. Moreover, Bradley has not identified the number of pages for the other three transcripts. However, based on Plaintiff's review of those transcripts, if reimbursed at all, the transcripts should cost the following: Koch: 22 pages – cost should be no more than $80.30 (instead of Bradley's $110); Skaggs: 23 pages – cost should be no more than $83.95; copy - $20.70 (instead of Bradley's $130); Thomas: –7 pages - cost should be no more than $171.55 (instead of Bradley's $184). Accordingly, the maximum total reimbursable costs to Bradley should be no more than: $1731.17

Court Hearing Transcripts: Bradley requests $447.45.

Bradley has included costs based on charging for a three-day turnaround on these transcripts for a hearing on July 6, 2022 – a rate of $5.45 per page instead of $3.65 per page. The transcript was ordered on July 13, 2022. The total is $386.95 instead of what it

3

should have been at a standard rate - $259.15. The second hearing was before Judge Mihm on May 25, 2023. The transcript was not ordered until June 26, 2023, and it was ordered on the one-day turnaround of $6.05 per page. For 10 pages the cost was $60.50. The cost should have been $36.50. There is no explanation for why Bradley needed either a three-day turnaround or a one-day turnaround - in Bradley's memorandum or in its affidavit – only that "The University ordered these two transcripts on an expedited basis to support their appeal." This is insufficient and should be rejected. Accordingly, the total reimbursable costs to Bradley should be no more than: $295.65

<u>Filing Fees and Costs</u>: Bradley requests $505

Bradley seeks reimbursement of $505 for its appellate filing fees. Bradley's cited case is inapposite – there the court awarded filing fees for attorney admissions. Fed. R. App. P. 39 provides in subsection (d) Bill of Costs: Objections; Insertion in Mandate: (1) A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk and serve an itemized and verified bill of costs. (2) Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time. (3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must—upon the court clerk's request—add the statement of costs, or any amendment of it, to the mandate; (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to

4

determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. The appeal in this matter was decided on April 12, 2023, so under the appellate rules Bradley needed to file an itemized and verified bill of costs within 14 days of that. As Bradley did not submit any record of such an itemized and verified bill, this filing fee should be considered waived. Accordingly, the total reimbursable costs to Bradley should be no more than: $0

Total reimbursable: $0

> Document Costs and Fees: Bradley requests $713.20

>> *Photocopying and Printing Costs*: Bradley requests $680.10

Bradley submits the flimsiest of documentation here – claiming that it only has to submit the number of pages printed or copied, the price per page and the total cost. Bradley claims to be charging $.15 per page for all in-house photocopying and printing expenses but then says that was the amount that was incurred and that the University's internal records capture this rate. It is entirely unclear whether the in-house nomenclature refers to the lawyers doing in-house copying and charging Bradley or if Bradley is somehow doing the copying and charging for it. This is contradictory and unclear. The memo and affidavit clearly say in-house like the University was doing it. The exhibit is labeled "B&W Copier Chargeback" and simply lists dates, requested by, client number (presumably the Bradley case but Plaintiffs have no way of knowing) and total copies. The total number of pages included: 4,534. It is unclear why Bradley needed to print so many pages. ESI was a part of the case and it cannot be determined from Bradley's submission whether these were "[f]ees for exemplification and the costs of making copies of any materials where the copies

are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  The 7th Circuit has held that "for use in the case" refers to materials actually prepared for use in presenting evidence to the court…" *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (quoting *E.E.O.C. v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227–28 (7th Cir.1980)). As Bradley is also charging ESI costs, if Bradley were making copies in order to scan hard copies that they could be produced in electronic format, Bradley would be double-charging.

The bottom line is that there is no way to tell if this $680.10 was for copies needed "for use in the case" actually prepared for presenting evidence to the Court.  Therefore, the court should use its discretion to deny the request as to copying – and such denial would not amount to an abuse of discretion given the uncertainty of the "in house" nomenclature, precedent, and the lack of substantiating information provided. Accordingly, the total reimbursable costs to Bradley should be no more than: $0

    *PACER Costs*: Bradley requests $33.10

  Bradley cites a case that permitted PACER cost recovery, but in that case, the opposing party did not object to the PACER fees. *One Way Apostolic Church v. Extra Space Storage, Inc.*, 2019 U.S. Dist. LEXIS 234098, at *6-7 (N.D. Ill. Mar. 25, 2019). Bradley asserts that the costs were incurred "to obtain official documents" but the documentation is simply a list of PACER charges with no information about the use of the documents.  Therefore, the court should deny the request as to PACER – it is not clear from Bradley's submission that these documents were used to present evidence to the Court. Accordingly, the total reimbursable costs to Bradley should be no more than: $0

Mailing and Messenger Costs: Bradley requests $288.78

It is unclear for what purpose Bradley incurred messenger costs – although Bradley points to the remote work issues surrounding Covid, Plaintiff should not have to pay for that – particularly when litigating his rights regarding the loss of access to classes and facilities due to Covid issues. And in fact, the 7th Circuit has said that such mailing and messenger costs are recoverable under attorneys' fees and not costs such as §1920(4) statutory costs. *See Johnson v. Allstate Ins. Co*., 2012 WL 4936598, at *9 (S.D. Ill. Oct. 16, 2012) (no statutory or common law authority to justify compensation for shipping costs… §1920 does not allow taxation of such costs.) The *Johnson* court cited *Downes v. Volkswagen of Am., Inc*., 41 F.3d 1132, 1144 (7th Cir.1994) ("expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in hourly billing rates—expenses for things such as postage, long distance phone calls, xeroxing, travel, paralegals and expert witnesses—are part of" reasonable attorney's fees, not costs) (emphasis added); *Heiar v. Crawford Cnty*., 746 F.2d 1190, 1203 (7th Cir.1984). *See also Branham v. Snow*, 2006 WL 1750443, *12 (S.D. Ind. 2006) (certain out-of-pocket expenses, including postage, are recoverable not as costs but as part of reasonable attorney's fees) (citing *Heiar and Downes*); *Moore v. Univ. of Notre Dame*, 22 F.Supp.2d 896, 915 (N.D.Ind.1998) (Section 1920 does not provide for taxing postage and courier costs). The court noted that "s]ince the Court's power under Rule 54(d)(1) is circumscribed by § 1920, which does not permit taxation for [ ] shipping costs, the Court declines to tax those costs." *Johnson, supra* Because there is no documentation that these messenger and mailing costs were related to providing materials to the court, the Court should use its discretion to deny

7

these costs. Accordingly, the total reimbursable costs to Bradley should be no more than: $0

Electronic Discovery Costs: Bradley requests $934.80

Bradley seeks costs required to format ESI into a searchable and production-friendly format. The case it cites, *Life Plans Inc., v. Sec. Life of Denver Ins. Co*., 52 F. Supp. 3d 893, 901-03 (N.D. Ill. 2014) did not approve costs to make ESI searchable - only readable. The *Life Plans* court points out that "readable" does not mean "searchable" and courts refusing to grant costs for OCR reasoned that the process of making a file searchable is akin to the work an attorney or paralegal would perform in reviewing documents for relevant information—an activity for which costs are not recoverable under § 1920. *Id*. (citing *Allen v. City of Chicago,* 2013 WL 1966363 at *5–6 (N.D. Ill. May 10, 2013). The court was able to award costs for converting ESI into a readable format, which is the equivalent of "making copies" under §1920(4), while denying costs for making that document searchable, which is the equivalent of work counsel would perform in the absence of OCR. *See Allen*, 2013 WL 1966363 at *5–6; *Windy City*, 2006 WL 2224057 at *3. Because the prevailing party had not shown why OCR was necessary to the production of documents in this case, its request for $11,602.53 in costs for OCR processing was denied. *Id*. Bradley's Affidavit does not break out the cost of formatting the ESI to be readable from additional work to make it searchable. The invoices include a variety of items, including "volume mastering" and bates stamping. One invoice includes something for "native review" with a cost of $437.50. These types of charges are subject to a good faith argument that they should not be covered as costs and are not recoverable under

8

§1920. At the very least, the items for native review and volume mastering should be subtracted. Accordingly, the total reimbursable costs to Bradley should be no more than: $197.30 (leaving in bates stamping charge and "produced images").

## CONCLUSION

Based on the foregoing reasons, the Court should deny Bradley's Bill of Costs [D.E. 106] and apply its discretion to allow no more than $2,224.12 in costs.

Respectfully submitted,

Dated: May 15, 2025                                  **VARNELL & WARWICK, P.A.**

/s/ Brian W. Warwick
Brian W. Warwick; Florida Bar: 0605573
Matthew T. Peterson, ARDC: 6321290
Janet R. Varnell, Florida Bar: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
bwarwick@vandwlaw.com
*mpeterson@vandwlaw.com*
*jvarnell@vandwlaw.com*
*ckoerner@vandwlaw.com*

***Counsel for Plaintiff and the Proposed Class***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brian W. Warwick
Brian W. Warwick
